C. D. Michel – SBN 144258
cmichel@michellawyers.com
Sean A. Brady – SBN 262007
sbrady@michellawyers.com
Matthew D. Cubeiro – SBN 291519
mcubeiro@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 East Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: 562-216-4444
Facsimile: 562-216-4445

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| STEVEN RUPP, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> XAVIER BECERRA, in his official capacity as Attorney General of the State of California, <br><br> Defendants. | Case No.: 8:17-cv-00746-JLS-JDE <br><br> **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION OF DENNIS MARTIN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT** <br><br> Hearing Date: March 9, 2018 <br> Hearing Time: 2:30 p.m. <br> Judge: Josephine L. Staton <br> Courtroom: 10A |

1
MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION

# NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 9, 2018 at 2:30 p.m. in courtroom 10A of the above-captioned court, located at 411 West Fourth Street, Santa Ana, California 92701, unless the Court selects a different day or finds a hearing on this motion is unnecessary, Plaintiffs will move this Court for an order granting Plaintiffs leave to file a supplemental declaration by Plaintiff Dennis Martin in support of Plaintiffs' Motion for Preliminary Injunction, a true and correct copy of which is attached as Exhibit A. Plaintiffs' proposed supplemental filing seeks to bring to the Court's attention relevant facts that have arisen after briefing and hearing of Plaintiffs' Motion for Preliminary Injunction and which may impact the Court's analysis in deciding whether to grant preliminary relief.

Plaintiffs' counsel sent a true and correct copy of Martin's proposed supplemental declaration to Defendant's counsel, Mr. Peter Chang, on January 31, 2018, via electronic mail, along with an inquiry as to whether Defendant would oppose this motion. Decl. Sean A. Brady Supp. Mot. Leave File ("Brady Decl.") ¶ 2. On February 2, 2018, Mr. Chang responded that Defendant was reconsidering whether to oppose and requested a copy of the motion, which Plaintiffs' counsel provided to him on February 5, 2018. Brady Decl. ¶¶ 3, 4. Defendant's counsel, Mr. Chang, confirmed on February 6, 2018 that Defendant will oppose this motion. Brady Decl. ¶ 5.

Dated: February 6, 2018            **MICHEL & ASSOCIATES, P.C.**

/s/Sean A. Brady
Sean A. Brady
Attorneys for Plaintiffs

## MEMORANDUM OF POINTS & AUTHORITIES

## BACKGROUND

On September 11, 2017, Plaintiffs filed their First Amended Complaint for Declaratory and Injunctive Relief, asserting claims under the Second Amendment, the Takings Clause, and the Due Process Clause.

On October 5, 2017, Defendant California Attorney General Xavier Becerra filed a Partial Motion to Dismiss Plaintiffs' Due Process Clause and Takings Clause Claims. Plaintiffs filed their memorandum opposing that motion on November 9, 2017.

On November 14, 2017, Plaintiffs filed their Motion for Preliminary Injunction and supporting papers ("MPI"), seeking the very limited relief of enjoining California Penal Code section 30900(b)(3)'s requirement that an "assault weapon" registration application include the date the firearm was acquired and the name and address of the person or entity from whom the firearm was acquired (the "date and source"). Plaintiffs allege that provision violates the Second Amendment, the Takings Clause, and the Due Process Clause because some "assault weapon" owners, including Plaintiff Dennis Martin, neither possess nor are able to procure such information and thus cannot register by the mandatory July 1, 2018 deadline to do so. Mem. P. & A. Supp. Pls.' Mot. Prelim. Inj. at 19-20. In support of the MPI, Plaintiffs also filed, among others, a sworn declaration from Martin, stating he does not have and cannot procure the date and source information. See Decl. Dennis Martin Supp. Pls.' Mot. Prelim. Inj. ("Martin Decl.") ¶¶ 5-7.

On November 22, 2017, Defendant filed his opposition to Plaintiffs' MPI, arguing that Plaintiff Martin did not have standing to challenge the date and source requirement because Martin had "not even attempt[ed] to register his weapon and provided no details regarding what efforts, if any, he made to ascertain the date and source information." Def.'s Opp'n Mot. Prelim. Inj. at 7. In response, Plaintiffs argued that binding authority holding that one cannot be denied standing for failure

to take a futile action—such as applying for a permit that would not have been granted—relieves Plaintiff Martin of any duty to attempt registration without having the required date and source requirement in order to have standing. Pls.' Reply Def.'s Opp'n Mot. Prelim. Inj. at 8. Plaintiffs also provided rebuttal argument to Defendant's claim that Martin could acquire the date and source information for his firearms from third parties. Id. at 9-12.

Both Defendant's Partial Motion to Dismiss and Plaintiffs' MPI came before this Court for a hearing on December 22, 2017. The Court took both matters under submission. However, during the hearing, this Court expressed concerns about Plaintiff Martin's standing based on the reasons Defendant raised. Mr. Martin has since the hearing attempted to register two firearms that qualify as "assault weapons" in which registrations he describes his situation of being unable to acquire the date and source information. Martin now wishes to supplement his previous declaration in support of the MPI with his account of what transpired with those registration attempts, as they potentially address the Court's concerns raised at the hearing. That account is found in paragraphs 7-10 of Martin's proposed supplemental declaration, attached as Exhibit A; all other paragraphs remain unchanged from Martin's original declaration, but may be renumbered. Brady Decl. ¶ 7.

## ARGUMENT

Allowing Plaintiffs leave to file Plaintiff Martin's supplemental declaration is equitable and will conserve not only judicial resources but those of all parties too, while causing Defendant no undue prejudice. For these reasons, explained in more detail below, the Court should grant Plaintiffs' motion for such leave.

Because Mr. Martin had a good faith belief that his registration would necessarily be denied—for not possessing the date and source information required to register—and he, therefore, did not need to attempt to register in order to have standing, his failure to do so prior to learning this Court's concerns at the hearing should not preclude admission of his experience in doing so after the hearing. What's

more, there is a fast-approaching registration deadline of July 1, 2018, that will make the relief Plaintiffs' seek in the MPI moot. As such, waiting to bring these new facts to the Court's attention in a subsequent motion may not be an option, which would mean Plaintiffs have no options for obtaining relief.

Even if time allowed for Plaintiffs to submit the new facts about Martin's experience attempting to register in a subsequent filing, the Court would benefit from allowing it into the record now. If the new facts contained in the proposed supplemental declaration alter the legal analysis of whether the MPI should be granted, the Court can address those impacts now, instead of writing an opinion based on an obsolete set of facts and having to conduct its analysis all over again (assuming time permits) when Plaintiffs refile their MPI with, or file a motion for reconsideration based on, the updated declaration. Such a duplication of work for the Court would be a waste of its resources, as well as of those of the parties.

Defendant will not be prejudiced by the Court's acceptance of this supplemental declaration, as it only reports Martin's experience in attempting to register with the California Department of Justice, which Defendant oversees. There are no surprises here because Defendant had full control over how Martin's registration was processed. Moreover, Plaintiffs do not object to Defendant being permitted to file a response to Martin's proposed declaration.

For these reasons, Plaintiffs hereby respectfully request that this Court grant them leave to file the Supplemental Declaration of Dennis Martin, attached hereto as Exhibit A.

Dated: February 6, 2018　　　　　　　　　　**MICHEL & ASSOCIATES, P.C.**

　　　　　　　　　　　　　　　　　　　　　/s/Sean A. Brady
　　　　　　　　　　　　　　　　　　　　　Sean A. Brady
　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

# EXHIBIT A

C.D. Michel – SBN 144258
Sean A. Brady – SBN 262007
Anna M. Barvir – SBN 268728
Matthew D. Cubeiro – SBN 291519
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| STEVEN RUPP, et al.,<br><br>                    Plaintiffs,<br><br>         v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California,<br><br>                    Defendant. | Case No: 8:17-cv-00746-JLS-JDE<br><br>**SUPPLEMENTAL DECLARATION OF DENNIS MARTIN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date:   December 22, 2017<br>Hearing Time:   2:30 p.m.<br>Courtroom:      10A<br>Judge:          Hon. Josephine L. Staton |

1

# DECLARATION OF DENNIS MARTIN

1. I, DENNIS MARTIN, am a plaintiff in the above-entitled action. I make this declaration of my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2. I am a current resident of Kern County, California.

3. I am a law-abiding citizen of the United States who is not prohibited from owning firearms under the laws of the United States or the state of California. I have never been found by any law enforcement agency, any court, or any other government agency to be irresponsible, unsafe, or negligent with firearms in any manner.

4. I own a semi-automatic, center-fire rifle that does not have a fixed magazine, but does have a pistol grip, flash suppressor, and adjustable stock, making it an "assault weapon" under California Penal Code section 30515, subdivision (a)(1). I own this firearm for lawful purposes, including self-defense.

5. I do not know, and have no readily available source to discover: (1) the exact date I acquired my "assault weapon"; or (2) the name or address of the individual or business from whom I acquired it.

6. At the time I acquired my "assault weapon," I was not legally required to maintain a record of information concerning the date of acquisition or the name or address of the individual or business from whom I acquired it. I am unable to locate any record of my purchase of the "assault weapon" containing such information.

7. Despite, after reviewing my files and electronic correspondence, being unable to locate any records concerning the acquisition of my "assault weapons," I attempted to register one of my firearms as an "assault weapon" using the California Department of Justice's ("DOJ") California Firearms Application Reporting System ("CFARS"), on January 9, 2018. The CFARS application required me to provide the date I acquired the firearm and the name and address of the person or business from whom I acquired it. I supplied an approximate date for acquisition of "2012" in the "Date Acquired" field on the "assault weapon" registration form. And, because I do not know from whom or where

2
SUPPLEMENTAL DECLARATION OF DENNIS MARTIN

I acquired this firearm, I did not select an option from the "Acquired From" field. In the "Comments" field, I noted that I "[d]o not recall nor have receipts from where this firearm was purchased." A true and correct copy of the information I provided in my application is attached as Exhibit A.

8. After completing all other required fields in the "assault weapon" application form, I attempted to submit the registration application using the above described descriptions. DOJ's CFARS rejected my submission, stating the "Date Acquired" was "incorrectly formatted" and should be formatted as "mm/dd/yyyy." The rejection also stated that the "Acquired From" field is "required." See Exhibit A.

9. I also attempted to register another firearm as an "assault weapon" on January 14, 2018, using CFARS. Once again, I was required to provide the date I acquired the firearm and the name and address of the person or business from whom I acquired it. For this particular firearm, I know that it was acquired via a private party transaction, which transfer a California licensed firearms dealer processed, but I do not know when that transaction occurred, the name of the seller, or the California licensed firearms dealer who processed the transaction, nor can I find such information after reviewing my records and electronic correspondence. Because I lacked this information, I entered "unknown" for the "Date Acquired," "Private Party Name," "Street Address," and "Zip Code" fields. I also stated that the "[f]irearm was purchased from a private party a number of years ago" and "[t]ransfer information no longer available" in the "Comments" field of the application. A true and correct copy of the information I provided in my application is attached as Exhibit B.

10. After completing all other required fields in the "assault weapon" application form, I attempted to submit the registration application using the above descriptions. DOJ's CFARS rejected my submission, once again stating the "Date Acquired" was "incorrectly formatted" and should be formatted as "mm/dd/yyyy." The rejection also stated that the "Zip Code" field for the private party seller information "must be 5 numbers." See Exhibit B.

11.  Because I do not know the exact date I acquired my "assault weapons" or the address of the individual or business from whom I acquired it, I cannot meet the requirement to provide such information in order to register it under California Penal Code section 30900, subdivision (b)(3). To avoid risking criminal prosecution for possession of an unregistered "assault weapon," I will dispossess myself of any "assault weapon" prior to July 1, 2018.

12.  But for being unable to meet California Penal Code section 30900, subdivision (b)(3)'s requirements to provide the exact date I acquired my "assault weapon" and the address of the individual or business from whom I acquired it, I would register my "assault weapon" and continue to possess it.

I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States on January 31, 2018.

Dennis Martin
Declarant

**EXHIBIT A**

CFARS Home > CRIS Home

Logged in user: Dennis Martin 01/09/2018

### Assault Weapon Registration Form (Assembly Bill 1135/Senate Bill 880)

▶ **FORM INSTRUCTIONS AND FEE INFORMATION - REVIEW BEFORE CONTINUING (touch or click this banner to view)**

\* Indicates Required Field

**Form submission failed due to issues requiring correction:**

'Date Acquired' is incorrectly formatted. Correct format is mm/dd/yyyy.

'Acquired From' is required

\*Date Acquired: 2012
\*Acquired From: Select

Comments:
Do not recall nor have receipts from where this firearm was purchased.

500 character limit. Characters remaining: 430

**EXHIBIT B**

CFARS Home > CRIS Home

Logged in user: Dennis Martin  01/14/2018

## Assault Weapon Registration Form (Assembly Bill 1135/Senate Bill 880)

▸ **FORM INSTRUCTIONS AND FEE INFORMATION - REVIEW BEFORE CONTINUING (touch or click this banner to view)**

\* Indicates Required Field

**Form submission failed due to issues requiring correction:**

'Date Acquired' is incorrectly formatted. Correct format is mm/dd/yyyy.

'Zip Code' must be 5 numbers.

**\*Date Acquired**  **\*Acquired From**
[unknown]   [PRIVATE PARTY ▼]

**\*Private Party Name**
[unknown]

**\*Street Address**                **\*Zip Code**
[unknown]                           [unkno]   Invalid Zip Code

**Comments**
Firearm was purchased from private party a number of years ago. Transfer information no longer available.

500 character limit. Characters remaining: [394]

# CERTIFICATE OF SERVICE

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

Case Name: *Rupp, et al. v. Becerra*
Case No.: 8:17-cv-00746-JLS-JDE

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION OF DENNIS MARTIN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Xavier Becerra
Attorney General of California
Peter H. Chang
Deputy Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
E-mail: peter.chang@doj.ca.gov

I declare under penalty of perjury that the foregoing is true and correct.

Executed February 6, 2018.

_____
Laura Palmerin

CERTIFICATE OF SERVICE