XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
PETER H. CHANG
Deputy Attorney General
State Bar No. 241467
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3776
Fax: (415) 703-1234
E-mail: Peter.Chang@doj.ca.gov
*Attorneys for Defendant Xavier Becerra*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **STEVEN RUPP; et al.,**<br>Plaintiffs,<br>**v.**<br>**XAVIER BECERRA, in his official capacity as Attorney General of the State of California.,**<br>Defendant. | 8:17-cv-00746-JLS-JDE<br>**ANSWER TO THIRD AMENDED COMPLAINT** |

Defendant Xavier Becerra, in his official capacity as Attorney General of the State of California, submits this Answer in response to Plaintiffs' Third Amended Complaint for Declaratory and Injunctive Relief ("Complaint") (Dkt. 56-1). Defendant answers, in paragraphs that correspond to the Complaint's paragraphs, as follows:

1. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 1, and on that basis denies them. The second sentence of paragraph 1 is Plaintiffs' characterization of their case and conclusions of law, and no

answer is required; to the extent they may be deemed allegations of fact, they are denied. Defendant denies the remaining allegations in paragraph 1.

2. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 2, and on that basis denies them. The second and last sentences of paragraph 2 are Plaintiffs' characterization of their case and conclusions of law, and no answer is required; to the extent they may be deemed allegations of fact, they are denied. Defendant denies the remaining allegations in paragraph 2.

3. The first sentence of paragraph 3 is Plaintiffs' characterization of their case and conclusions of law, and no answer is required; to the extent they may be deemed allegations of fact, they are denied. Defendant denies the remaining allegations in paragraph 3.

4. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first clause of paragraph 4, and on that basis denies them. The remainder of paragraph 4 constitute Plaintiffs' request for relief and no answer is required; to the extent they may be deemed allegations of fact, they are denied. Defendant denies that Plaintiffs are entitled to any relief. Except as specifically admitted, Defendant denies the allegations in paragraph 4.

5. Defendant admits that the terms "semiautomatic," "centerfire," "rimfire," and "detachable magazine" mean as they are defined in California Code of Regulation title 11, section 5471(hh), (j), (ff), and (m), respectively. Defendant further admits that the term "ammunition" means as it is defined in California Penal Code section 16150(a). Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the last sentence of footnote 4, and on that basis denies them. Except as specifically admitted, Defendant denies the allegations in paragraph 5.

6. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6, and on that basis denies them.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7, and on that basis denies them.

8. Defendant admits that California Code of Regulation title 11, section 5471(z) provides a definition for a "[p]istol grip that protrudes conspicuously beneath the action of the weapon."

Defendant denies that California Code of Regulation title 11, section 5469(d) provides a definition for "pistol grip." Defendant admits that California Code of Regulation title 11, section 5471(t) provides a definition for a "forward pistol grip." Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second and last sentences of paragraph 8, and on that basis denies them. Defendant admits that the quotation in paragraph 8 taken from case law speaks for itself. Except as specifically admitted, Defendant denies the allegations in paragraph 8.

9. Defendant admits that term "thumbhole stock" means as it is defined in California Code of Regulation title 11, section 5471(qq). Defendant denies that California Code of Regulation title 11, section 5469(e) provides a definition for "thumbhole stock." Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the last sentence of paragraph 9, and on that basis denies them. Except as specifically admitted, Defendant denies the allegations in paragraph 9.

10. Defendant admits that term "flash suppressor" means as it is defined in California Code of Regulation title 11, section 5471(r). Defendant denies that California Code of Regulation title 11, section 5469(b) provides a definition for "flash suppressor." Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the remaining allegations of paragraph 10, and on that basis denies them. Except as specifically admitted, Defendant denies the allegations in paragraph 10.

11. Defendant admits that term "telescoping stock" (or "stock, telescoping") means as it is defined in California Code of Regulation title 11, section 5471(oo). Defendant admits that the quoted excerpt from a case decision speaks for itself. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in second sentence of paragraph 11, and on that basis denies them. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the last sentence of paragraph 11, and it is unintelligible, and on those bases, denies them. Defendant admits that a "fixed stock" is defined in California Code of Regulation title 11, section 5471(mm). Except as specifically admitted, Defendant denies the allegations in paragraph 11.

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12, and on that basis denies them.

13. Defendant admits that the quoted excerpts from a case decision and from the cited statute speak for themselves. Defendant denies the remaining allegations of paragraph 13.

14. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14, and on that basis denies them.

15. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15, and on that basis denies them.

16. Defendant denies the allegations in the first sentence of paragraph 16. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 16, and on that basis denies them.

17. Defendant admits that Plaintiffs' contend that this case concerns the Assault Weapons Control Act of 1989 (Act), but does not concern .50 Caliber BMG rifles. Defendant denies the remaining allegations of paragraph 17.

18. Defendant admits that the Act speaks for itself. To the extent that the allegations contained in paragraph 18 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied. Except as specifically admitted, Defendant denies the allegations in paragraph 18.

19. Defendant admits that the Act speaks for itself. To the extent that the allegations contained in paragraph 19 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied. Except as specifically admitted, Defendant denies the allegations in paragraph 19.

20. Defendant admits that the Act speaks for itself. To the extent that the allegations contained in paragraph 20 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied. Except as specifically admitted, Defendant denies the allegations in paragraph 20.

21. Defendant admits that the Act speaks for itself. To the extent that the allegations contained in paragraph 21 are Plaintiffs' characterization of their case and conclusions of law, no

answer is required; to the extent they may be deemed allegations of fact, they are denied. Except as specifically admitted, Defendant denies the allegations in paragraph 21.

22. Defendant admits that the Act speaks for itself. Defendant further admits that the Act has been amended since it was first enacted in 1989. Except as specifically admitted, Defendant denies the allegations in paragraph 22.

23. Defendant admits that the Act speaks for itself. To the extent that the allegations contained in paragraph 23 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied. Except as specifically admitted, Defendant denies the allegations in paragraph 23.

24. Defendant admits that the Act speaks for itself. To the extent that the allegations contained in paragraph 24 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied. Defendant admits that firearms specified in California Penal Code sections 30510(a), (b) and (c) are sometimes referred to as Category One assault weapons. Except as specifically admitted, Defendant denies the allegations in paragraph 24.

25. Defendant admits that the Act speaks for itself, and California Penal Code, Part 5, Title 4, Division 10, Chapter 2, Article 5 addresses the registration of assault weapons. To the extent that the allegations contained in paragraph 25 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied. Except as specifically admitted, Defendant denies the allegations in paragraph 25.

26. Defendant admits that the Act speaks for itself. To the extent that the allegations contained in paragraph 26 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied. Defendant admits that firearms specified in California Penal Code section 30510(e) and (f) are sometimes referred to as Category Two assault weapons. Except as specifically admitted, Defendant denies the allegations in paragraph 26.

27. Defendant admits that the Act and its implementing regulations speak for themselves. To the extent that the allegations contained in paragraph 27 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. Defendant admits that the Act speaks for itself, and California Penal Code, Part 5, Title 4, Division 10, Chapter 2, Article 5 addresses the registration of assault weapons. To the extent that the allegations contained in paragraph 28 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied. Except as specifically admitted, Defendant denies the allegations in paragraph 28.

29. Defendant admits that the Act speaks for itself. To the extent that the allegations contained in paragraph 29 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied. Defendant admits that firearms specified in Penal Code section 30515 are sometimes referred to as Category Three assault weapons. Except as specifically admitted, Defendant denies the allegations in paragraph 29.

30. Defendant admits that the Act speaks for itself. Except as specifically admitted, Defendant denies the allegations in paragraph 30.

31. Defendant admits that the cited regulation speaks for itself. Except as specifically admitted, Defendant denies the allegations in paragraph 31.

32. Defendant admits that the Act speaks for itself, and Penal Code, Part 5, Title 4, Division 10, Chapter 2, Article 5 addresses the registration of assault weapons. To the extent that the allegations contained in paragraph 32 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied. Except as specifically admitted, Defendant denies the allegations in paragraph 32.

33. Defendant admits that Penal Code section 30505 speaks for itself. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 33, and on that basis denies them.

34. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 34, and on that basis denies them. To the extent that the allegations contained in paragraph 34 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied. Except as specifically admitted, Defendant denies the allegations in paragraph 34.

35. Defendant admits that the Act speaks for itself. To the extent that the allegations contained in paragraph 35 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied. Except as specifically admitted, Defendant denies the allegations in paragraph 35.

36. Defendant admits that the Act speaks for itself. To the extent that the allegations contained in paragraph 36 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied. Except as specifically admitted, Defendant denies the allegations in paragraph 36.

37. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 37, and on that basis denies them. To the extent that the allegations contained in paragraph 37 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied. Defendant denies the allegations in the last sentence of paragraph 37. Except as specifically admitted, Defendant denies the allegations in paragraph 37.

38. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 38, and on that basis denies them. To the extent that the allegations contained in paragraph 38 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied. Except as specifically admitted, Defendant denies the allegations in paragraph 38.

39. Defendant denies the allegations in the first sentence of paragraph 39. Defendant admits that a rifle deemed an "assault weapon" under Penal Code section 30515 may be modified or reconfigured so that it no longer meets that definition. Defendant admits that Penal Code section 30515 speaks for itself. Except as specifically admitted, Defendant denies the allegations in paragraph 39.

40. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40, and on that basis denies them.

41. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41, and on that basis denies them.

42. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 42, and on that basis denies them.

43. Defendant admits that California Penal Code section 30515 and California Code of Regulations section 5471 speak for themselves. Except as specifically admitted, Defendant denies the allegations in paragraph 43.

44. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 44, and on that basis denies them.

45. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 45, and on that basis denies them.

46. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46, and on that basis denies them.

47. Defendant admits that an "assault weapon" includes rifles defined in California Penal Code section 30515, which speaks for itself. Except as specifically admitted, Defendant denies the allegations in paragraph 47.

48. Defendant admits that an "assault weapon" includes rifles defined in California Penal Code section 30515, which speaks for itself. Defendant admits that a rifle deemed an "assault weapon" under Penal Code section 30515 may be modified or reconfigured so that it no longer meets that definition. Defendant admits that a firearm that is not an "assault weapon" under California law need not be registered under California Penal Code section 30900. Defendant

lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the last sentence of paragraph 48, and on that basis denies them. Except as specifically admitted, Defendant denies the allegations in paragraph 48.

49. Defendant admits that an "assault weapon" under California Penal Code section 30510 and California Code of Regulations, title 1, section 5400 are not defined by their features. To the extent that the remaining allegations contained in paragraph 49 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied. Except as specifically admitted, Defendant denies the allegations in paragraph 49.

50. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 50, and on that basis denies them. To the extent that the allegations contained in paragraph 50 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied.

51. Defendant denies the allegations in the first sentence of paragraph 51. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 51, and on that basis denies them. Except as specifically admitted, Defendant denies the allegations in paragraph 51.

52. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 52, and on that basis denies them.

53. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 53, and on that basis denies them.

54. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 54, and on that basis denies them.

55. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 55, and on that basis denies them.

56. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 56, and on that basis denies them.

57. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 57, and on that basis denies them.

58. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 58, and on that basis denies them.

59. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 59, and on that basis denies them.

60. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 60, and on that basis denies them.

61. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 61, and on that basis denies them.

62. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 62, and on that basis denies them.

63. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 63, and on that basis denies them.

64. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 64, and on that basis denies them.

65. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 65, and on that basis denies them.

66. Defendant admits that he is the Attorney General of California. Defendant admits that he is sued in his official capacity in this action. Defendant admits that article V, section 13 of the California Constitution sets forth certain of his constitutional powers and duties. To the extent that the remaining allegations contained in paragraph 66 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied. Except as specifically admitted, Defendant denies the allegations in paragraph 66.

67. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 67, and on that basis denies them.

68. Defendant admits that he has certain statutory obligations relating to assault weapons as set forth in California Penal Code sections 30500-31115. To the extent that the remaining allegations contained in paragraph 68 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied.

69. Defendant admits that he has certain statutory obligations relating to assault weapons as set forth in California Penal Code sections 30500-31115. To the extent that the remaining allegations contained in paragraph 69 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied.

70. The allegations contained in paragraph 70 are conclusions of law and no answer is required; to the extent they may be deemed allegations of fact, they are denied.

71. The allegations contained in paragraph 71 are conclusions of law and no answer is required; to the extent they may be deemed allegations of fact, they are denied.

72. Defendant admits that venue is proper in this judicial district. The allegations contained in paragraph 72 are conclusions of law and no answer is required; to the extent they may be deemed allegations of fact, they are denied.

73. Defendant admits that the U.S. Constitution speaks for itself.

74. The allegations contained in paragraph 74 are conclusions of law and no answer is required; to the extent they may be deemed allegations of fact, they are denied.

75. The allegations contained in paragraph 75 are conclusions of law and no answer is required; to the extent they may be deemed allegations of fact, they are denied.

76. The allegations contained in paragraph 76 are conclusions of law and no answer is required; to the extent they may be deemed allegations of fact, they are denied.

77. The allegations contained in paragraph 77 are conclusions of law and no answer is required; to the extent they may be deemed allegations of fact, they are denied.

78. The allegations contained in paragraph 78 are conclusions of law and no answer is required; to the extent they may be deemed allegations of fact, they are denied.

79. The allegations contained in paragraph 79 are conclusions of law and no answer is required; to the extent they may be deemed allegations of fact, they are denied.

80. The allegations contained in paragraph 80 are conclusions of law and no answer is required; to the extent they may be deemed allegations of fact, they are denied.

81. The allegations contained in paragraph 81 are conclusions of law and no answer is required; to the extent they may be deemed allegations of fact, they are denied.

82. The allegations contained in paragraph 82 are conclusions of law and no answer is required; to the extent they may be deemed allegations of fact, they are denied.

83. The allegations contained in paragraph 83 are conclusions of law and no answer is required; to the extent they may be deemed allegations of fact, they are denied.

84. The allegations contained in paragraph 84 are conclusions of law and no answer is required; to the extent they may be deemed allegations of fact, Defendant lacks sufficient knowledge or information to form a belief as to their truth, and on that basis denies them.

85. The allegations contained in paragraph 85 are conclusions of law and no answer is required; to the extent they may be deemed allegations of fact, Defendant lacks sufficient knowledge or information to form a belief as to their truth, and on that basis denies them.

86. Defendant denies the allegations of paragraph 86.

87. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first and last sentences of paragraph 87, and on that basis denies them. The allegations contained in the remainder of paragraph 87 are conclusions of law and no answer is required; to the extent they may be deemed allegations of fact, they are denied. Except as specifically admitted, Defendant denies the allegations in paragraph 87.

88. Defendant denies the allegations of paragraph 88.

89. Defendant denies the allegations of paragraph 89.

90. The allegations contained in the second sentence of paragraph 90 are conclusions of law and no answer is required; to the extent they may be deemed allegations of fact, they are denied. Defendant denies the remaining allegations of paragraph 90.

91. Defendant denies there is a justiciable controversy between the parties as to Plaintiffs' as-applied challenge under the asserted claims. To the extent that the allegations contained in paragraph 91 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied. Defendant admits that he contends Plaintiffs' claims are without merit. Defendant denies the remaining allegations of paragraph 91.

92. Defendant denies the allegations of paragraph 92.

93. Defendant denies the allegations of paragraph 93.

94. Defendant re-alleges his answers to the paragraphs above and incorporates them by reference herein.

95. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 95, and on that basis denies them. Defendant admits the Act speaks for itself. To the extent that the allegations contained in paragraph 95 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied. Except as specifically admitted, Defendant denies the allegations in paragraph 95.

96. Defendant admits the Act speaks for itself. Defendant denies that the Act violates the Second Amendment. Except as specifically admitted, Defendant denies the allegations in paragraph 96.

97. Defendant admits the Act speaks for itself. Defendant denies that the Act violates the Second Amendment. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the last clause of the last sentence of paragraph 97, and on that basis denies them. Except as specifically admitted, Defendant denies the allegations in paragraph 97.

98. Defendant admits the Act speaks for itself. Defendant denies that the Act violates the Second Amendment. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the last clause of the last sentence of paragraph 98, and on that basis denies them. Except as specifically admitted, Defendant denies the allegations in paragraph 98.

99. Defendant admits the Act speaks for itself. Defendant denies that the Act violates the Second Amendment. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the last clause of the last sentence of paragraph 99, and on that basis denies them. Except as specifically admitted, Defendant denies the allegations in paragraph 99.

100. Defendant admits the Act speaks for itself. Defendant denies that the Act violates the Second Amendment. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the last clause of the last sentence of paragraph 100, and on that basis denies them. Except as specifically admitted, Defendant denies the allegations in paragraph 100.

101. Defendant admits the Act speaks for itself. Defendant denies that the Act violates the Second Amendment. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the last clause of the last sentence of paragraph 101, and on that basis denies them. Except as specifically admitted, Defendant denies the allegations in paragraph 101.

102. Defendant admits the Act speaks for itself. Defendant denies that the Act violates the Second Amendment. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the last clause of the first sentence of paragraph 102, and on that basis denies them. Except as specifically admitted, Defendant denies the allegations in paragraph 102.

103. Defendant admits the Act speaks for itself. Defendant denies that the Act violates the Second Amendment. The remaining allegations contained in paragraph 103 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied.

104. Defendant denies the allegations of paragraph 104

105. Defendant re-alleges his answers to the paragraphs above and incorporates them by reference herein.

106. Defendant denies the allegations of paragraph 106.

107. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 107, and on that basis denies them. To the extent that the allegations contained in paragraph 107 are Plaintiffs' characterization of their case and conclusions of law, no answer is required; to the extent they may be deemed allegations of fact, they are denied. Except as specifically admitted, Defendant denies the allegations in paragraph 107.

108. Defendant denies the allegations of paragraph 108

109. Defendant denies the allegations of paragraph 109.

110. Defendant re-alleges his answers to the paragraphs above and incorporates them by reference herein.

111. Defendant denies the allegations of paragraph 111.

112. Defendant denies the allegations of paragraph 112.

Defendant denies that Plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 112, or to any relief whatsoever.

## DEFENSES

## AFFIRMATIVE DEFENSES

In addition, without admitting any allegations contained in the Second Amended Complaint, Defendant asserts the following defenses based on information and belief:

### FIRST AFFIRMATIVE DEFENSE

The Third Amended Complaint, and the claims for relief alleged therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

The Third Amended Complaint, and any cause of action alleged therein, is barred because the action is premature and is not ripe, and no actual controversy exists.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims in this action are barred in that they do not have standing to bring them.

### FOURTH AFFIRMATIVE DEFENSE

The Takings Clause cause of action is improper as Plaintiffs have an adequate remedy at law.

## FIFTH AFFIRMATIVE DEFENSE

Defendant has not knowingly or intentionally waived any applicable affirmative defense. Defendant reserves the right to assert and rely upon other such defenses as may become available or apparent during discovery proceedings or as may be raised or asserted by others in this case, and to amend their answer and/or affirmative defenses accordingly. Defendant further reserves the right to amend their answer to delete affirmative defenses that they determine are not applicable after subsequent discovery.

WHEREFORE, Defendant prays that:

1. Plaintiffs take nothing by reason of the Second Amended Complaint;
2. Judgment be entered in favor of Defendant;
3. Defendant be awarded his costs incurred in defending this action; and
4. Defendant be awarded such further relief that the Court may deem just and proper.

Dated: July 5, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

/s/ Peter H. Chang

PETER H. CHANG
Deputy Attorney General
*Attorneys for Defendant Xavier Becerra*

SA2015103542
42016716.docx