C. D. Michel – SBN 144258
cmichel@michellawyers.com
Sean A. Brady – SBN 262007
sbrady@michellawyers.com
Matthew D. Cubeiro – SBN 291519
mcubeiro@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 East Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: 562-216-4444
Facsimile: 562-216-4445

Attorneys for Plaintiffs

*[Additional Counsel on Following Page.]*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| STEVEN RUPP, et al., | Case No.: 8:17-cv-00746-JLS-JDE |
| Plaintiffs, | **REVISED JOINT RULE 26(f) REPORT** |
| vs. | |
| XAVIER BECERRA, in his official capacity as Attorney General of the State of California,[1] | |
| Defendant. | |

---

[1] Rob Bonta has succeeded former Attorney General Xavier Becerra as the Attorney General of the State of California and is substituted as defendant pursuant to Federal Rule of Civil Procedure 25(d).

ROB BONTA
Attorney General of California
P. PATTY LI
Supervising Deputy Attorney General
JOHN D. ECHEVERRIA
Deputy Attorney General
ANNA FERRARI
Deputy Attorney General
State Bar No. 261579
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 510-3779
 Fax: (415) 703-1234
 E-mail: Anna.Ferrari@doj.ca.gov

Attorneys for Defendant

### a. Statement of the Case:

On June 28, 2022, the Court of Appeals for the Ninth Circuit issued an order vacating and remanding this action to this Court "for further proceedings consistent with the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. \_\_\_\_ (2022)." *Rupp v. Bonta*, No. 19-56004, 2022 U.S. App. LEXIS 18769 (9th Cir. June 28, 2022). In response to that order, on September 8, 2022, this Court ordered "the Parties to file a revised Rule 26(f) Report and a new Proposed Schedule" within 21 days of that orders' issuance. Dkt. No. 129. The parties hereby submit this revised Rule 26(f) Report.

Plaintiffs

Plaintiffs are California residents who filed suit alleging that California's Assault Weapon Control Act ("AWCA") violates their Second Amendment right to bear arms for self-defense because it prohibits the possession of arms that they contend fall squarely within the Second Amendment's text, being arms typically possessed by law-abiding citizens for lawful purposes and are thus protected under the Second Amendment, and there is no relevant historical tradition that would justify the AWCA's banning of such arms.

Defendant

Plaintiffs assert a facial challenge to certain provisions of the AWCA that restrict the manufacture, distribution, transportation, importation, keeping for sale, offering for sale, giving or lending, and possession of rifles designated as "assault weapons," as that term is defined by either make and model or feature. Plaintiffs claim that the AWCA violates the Second Amendment.[2] Plaintiffs seek declaratory and injunctive relief.

---

[2] Plaintiffs' Third Amended Complaint also asserts claims under the Takings and Due Process Clauses. The Court previously disposed of those claims. *See* Dkt. 49 at 28 (granting Defendant's motion to dismiss the takings and due process claims under Federal Rule of Civil Procedure 12(b)(6) and permitting leave to amend only to allege facts relevant to ripeness and standing as an as-applied challenge); Dkt. 108 (granting Defendant's motion for summary judgment and noting that the "Third

1   Defendant Rob Bonta, in his official capacity as the California Attorney
2   General, contends that the AWCA does not violate the Second Amendment. Under
3   *Bruen*'s text-and-history standard, the AWCA does not burden conduct protected by
4   the plain text of the Second Amendment, because the firearms and features regulated
5   under the AWCA are not protected "Arms," and the AWCA's restrictions are
6   historically justified.

   **b.   Legal Issues:**

   <u>Plaintiffs</u>

   This case raises the question of whether California's AWCA violates the
Second Amendment by prohibiting the acquisition or possession of certain firearms.
Plaintiffs contend that because the firearms prohibited under the AWCA are
typically possessed by law-abiding citizens for lawful purposes and there is no
relevant historical tradition that would justify their prohibition, the AWCA violates
the Second Amendment.

   Plaintiffs seek a declaratory judgement that the AWCA, and applicable
California Code of regulations, are unconstitutional facially and to the extent that
they apply to "assault weapons," or, alternatively, to the extent they prohibit any
semi-automatic, centerfire rifle with a detachable magazine having a "pistol grip,"
"flash suppressor," "thumbhole stock," or "telescoping stock," or any semi-
automatic, centerfire rifle that is over 26 inches in overall length. Plaintiffs also seek
an injunction prohibiting Defendant and his officers, agents, and employees from
enforcing any of the challenged provisions, or, alternatively, to the extent they
prohibit the acquisition, possession, or transfer of any semi-automatic, centerfire
rifle with a detachable magazine having a "pistol grip," "flash suppressor,"
"thumbhole stock," or "telescoping stock," or any semi-automatic, centerfire rifle
that is over 26 inches in overall length. Plaintiffs have no plain, speedy, and

---

Amended Complaint fails to plead any new facts to support the due process and takings claims). Only the Second Amendment claim remains at issue in this case.

1  adequate remedy at law, and will continue to suffer violations of their constitutional
2  rights if not enjoined by this Court.
3      Defendant moved to dismiss Plaintiffs' Due Process Clause claims on the
4  grounds that the challenged provisions are rationally related to the government's
5  purported interest. Defendant also moved to dismiss plaintiffs' Takings Clause
6  claims on the grounds that the AWCA does not effect a physical or regulatory taking
7  requiring compensation. This Court issued a ruling granting Defendant's motion and
8  dismissing those two claims.
9      After the appeal of this matter had been submitted, the Ninth Circuit issued an
10 order holding its decision in abeyance pending the Supreme Court's decision in
11 *Bruen*. *Bruen* abolished the Ninth Circuit's two-step framework for analyzing
12 Second Amendment claims. *Bruen*, 142 S. Ct. at 2129.  It confirmed and clarified
13 *Heller*'s historical approach to analyzing the Second Amendment's scope:

> We reiterate that the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command".

18 *Bruen*, 142 S. Ct. at 2126.
19     Plaintiffs believe that Defendant has already been afforded sufficient
20 opportunity to litigate the question of whether text, history, and tradition supports
21 Defendant's position that the AWCA falls outside of the Second Amendment's
22 protections because that analysis was already part of this Circuit's precedent see
23 *Fyock v. City of Sunnyvale*, 779 F.3d 991, 997 (9th Cir. 2015), and that there is no
24 need for any further discovery on that point.
25     <u>Defendant</u>
26     The challenged provisions of the AWCA do not violate the Second
27 Amendment.  First, the AWCA does not burden conduct protected by the "plain
28 text" of the Second Amendment, because the firearms and features regulated under

1  the AWCA are not protected "Arms." *Bruen*, 142 S. Ct. at 2126; *see also id.* at
2  2134.  Second, the AWCA's restrictions are historically justified because they are
3  "relevantly similar" to a range of weapons restrictions enacted during the periods in
4  which the Second and Fourteenth Amendments were ratified.  *Id.* at 2133.

5        This Court previously granted Defendant's motion for summary judgment,
6  holding that the challenged provisions of the AWCA do not violate the Second
7  Amendment under the Ninth Circuit's prior two-step framework for adjudicating
8  Second Amendment claims.  Dkt. 108.  First, the Court held that the AWCA does
9  not burden conduct protected by the Second Amendment because rifles regulated
10 under the AWCA are "essentially indistinguishable from M-16s," which may "be
11 banned pursuant to longstanding prohibitions on dangerous and unusual weapons."
12 *Id.* at 10-14.  Second, the Court held that intermediate scrutiny applies to Plaintiffs'
13 challenge to the AWCA because it does not severely burden the core Second
14 Amendment right to armed defense, *id.* at 14-16, and that it satisfies that standard
15 because it is reasonably fitted to an important government interest, *id.* at 18.

16       While this case was pending appeal before the Ninth Circuit, the Supreme
17 Court issued its decision in *Bruen*, which replaced the two-step framework with a
18 new text-and-history standard for adjudicating Second Amendment claims.  Under
19 this standard, courts must first assess whether the "Second Amendment's plain text
20 covers an individual's conduct," *Bruen*, 142 S. Ct. at 2126—*i.e.*, whether the
21 regulation at issue prevents any "people" from "keep[ing]" or "bear[ing]" "Arms"
22 for lawful purposes, U.S. Const. amend. II.  If it does, the burden then shifts to the
23 government to justify its regulation by showing that the law is "consistent with this
24 Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2126.  In
25 evaluating the history of firearm regulation, *Bruen* directs the courts to follow
26 "various evidentiary principles and default rules," including "the principle of party
27 presentation."  *Id.* at 2130 n.6 (majority opinion).  And as *Bruen* recognizes, this
28 historical analysis "can be difficult," and sometimes requires judges to "resolv[e]

threshold questions" and "mak[e] nuanced judgments about which evidence to consult and how to interpret it." *Id.* at 2130 (quoting *McDonald*, 561 U.S. at 803–04 (Scalia, J., concurring)); *see also id.* at 2134 ("[W]e acknowledge that 'applying constitutional principles to novel modern conditions can be difficult and leave close questions at the margins.'" (quoting *Heller v. District of Columbia*, 670 U.S. 1244, 1275 (D.C. Cir. 2011) (Kavanaugh, J., dissenting))). As the Third Circuit has observed in remanding a challenge to New Jersey's restrictions on large-capacity magazines, *Bruen* "provided lower courts with new and significant guidance on the scope of the Second Amendment and the particular historical inquiry that courts must undertake when deciding Second Amendment claims." Order at 1 n.1, *Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. N.J.*, No. 19-3142 (3d Cir. Aug. 25, 2022) (Dkt. 147-1).

After the issuance of *Bruen*, the Ninth Circuit sua sponte vacated this Court's judgment and remanded this action "for further proceedings consistent with" *Bruen*. Although *Bruen* eliminated the two-step framework under which this Court previously evaluated the AWCA's constitutionality, much of the Court's prior analysis and the evidence previously adduced by the parties remains relevant under the new text-and-history standard. However, Defendant contends that supplemental expert discovery is warranted to develop a record responsive to *Bruen*, including whether the AWCA is "relevantly similar" to historical analogues—*i.e.*, "whether [the AWCA] and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified." *Bruen*, 142 S. Ct. at 2133. Defendant proposes that, after the close of this supplemental expert discovery period, the parties would brief motions for summary judgment on the Second Amendment claim, relying on evidence in the record from the prior proceedings in addition to any new evidence obtained in supplemental expert discovery.

///

**c.     Damages:**

Plaintiffs' current complaint does not seek damages.

**d.     Insurance:**

No party is invoking insurance coverage.

**e.     Motions:**

The parties do not anticipate motions seeking to add other parties or claims, file amended pleadings, or transfer venue. Upon completion of the discovery described above, each side anticipates filing a motion for summary judgment or motion for partial summary adjudication.

**f.     Complexity:**

 The parties do not believe the Manual for Complex Litigation is appropriate for this case.

**g.     Status of Discovery:**

The parties have already engaged in extensive fact and expert discovery.

**h.     Discovery Plan:**

The parties have already exchanged initial disclosures on January 5, 2018, and do not believe another exchange is necessary.

The parties agree that fact discovery does not need to be reopened but that all parties should be permitted to submit supplemental expert reports, and rebuttal reports, to address the historical analysis articulated by the Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. ____ (2022).  With respect to any rebuttal report, the parties respectfully request that the Court allow the opposing party to submit a sur-rebuttal report responding to any new evidence included in the rebuttal report before the deadline proposed in the parties' joint proposed case schedule attached at Exhibit A.  This would obviate the need for last-minute motion practice that may disrupt the parties' proposed case schedule.

/ / /

/ / /

### i. Expert Discovery:

To the extent the Court agrees with Defendant that additional expert discovery is warranted, the parties agree to additional expert discovery as described above and in accordance with the schedule set forth in Exhibit A.

### j. Dispositive Motions:

The parties intend to file simultaneous motions for summary judgment addressing the legal claims outlined above (*supra* pp. 4–6) following the close of supplemental expert discovery.

In the parties' proposed case schedule at Exhibit A, the parties deviate from the Court's presumptive deadline for motions (other than *Daubert* and in limine motions) to ensure that the parties' anticipated motions for summary judgment are filed after completion of expert discovery. The parties believe that this case is well-suited for resolution by summary judgment, and that those motions would benefit from the supplemental expert reports that the parties anticipate submitting.

### k. Alternative Dispute Resolution ("ADR") Procedure Selection:

On February 3, 2018, this Court issued an order exempting this Case from the ADR Program. Dkt. No. 45.

### l. Settlement Efforts:

The parties have met and conferred on the possibility of settlement but do not believe this case has any potential of settling. Plaintiffs believe that Defendant's policies violate their constitutional rights, and Defendant believes that the AWCA is constitutional. Furthermore, Defendant takes the position that it is prohibited by Article III, section 3.5 of the California Constitution from refusing to enforce the AWCA unless enjoined by the Court or unless an appellate court determines that the AWCA is unconstitutional.

///

///

///

**m.   Trial Estimate:**

Plaintiffs' constitutional claims raise largely legal issues that the parties believe are suitable for resolution on motions for summary judgment and/or motions for judgment on the pleadings and will not require trial. The parties jointly propose to the Court that if dispositive motions are filed, the trial date proposed in Exhibit A would be automatically continued until resolution of those motions, at which time, if the matter is not resolved wholly on those motions, a status conference be calendared for the purpose of setting a new trial date and related dates for deadline to file motions in limine, pre-trial conference, and exhibit conference.

In the event this case proceeds to trial, the parties estimate a bench trial of up to 7 days. In the event of trial, the parties would each anticipate calling 1 to 5 party witnesses and 3 to 8 expert witnesses each.

In the parties' proposed case schedule at Exhibit A, the parties deviate from the Court's presumptive deadlines for motions in limine so that it will follow the proposed March 24, 2023 deadline to file dispositive motions. This would help to preserve Court and party resources while the parties' anticipated summary judgment motions are pending.

**n.   Trial Counsel:**

Plaintiffs

Joshua R. Dale; Sean A. Brady.

Defendant

John D. Echeverria; Anna Ferrari

**o.   Independent Expert or Master:**

The parties do not request appointment of an independent expert or master.

**p.   Other Issues:**

The parties do not anticipate any other issues at this time. The parties would like to note, however, that Defendant agrees that, in the event he prevails in this matter, he will not seek fees or costs as a prevailing party pursuant to California

Code of Civil Procedure section 1021.11 in connection with this action.

Dated: September 29, 2022          **MICHEL & ASSOCIATES, P.C.**

                                   */s/ Sean A. Brady*
                                   Sean A. Brady
                                   Attorneys for Plaintiffs

Dated: September 29, 2022          ROB BONTA
                                   Attorney General of California
                                   P. PATTY LI
                                   Supervising Deputy Attorney General
                                   JOHN D. ECHEVERRIA
                                   Deputy Attorney General

                                   */s/ Anna Ferrari*
                                   ANNA FERRARI
                                   Deputy Attorney General
                                   Attorney for Defendant

## ATTESTATION OF E-FILED SIGNATURES

I, Sean A. Brady, am the ECF User whose ID and password are being used to file this Revised Joint Rule 26(f) Report. In compliance with Central District Local Rule 5-4.3.4 (a)(2)(i), I attest that Defendant's counsel, Anna Ferrari, has concurred in this filing.

Dated: September 29, 2022          *s/ Sean A. Brady*
                                   Sean A. Brady

# EXHIBIT A

EXHIBIT A
PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME: *Rupp, et al. v. Becerra*
CASE NO: 8:17-cv-00746-JLS-JDE

| Matter | Deadline | Parties' Joint Request |
|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus 60 Days | TBD |
| Fact Discovery Cut-Off | 21 weeks before trial | Closed |
| Last Day to Serve Supplemental Opening Expert Reports | 19 weeks before trial | 1/6/23 |
| Last Day to File Motions (except *Daubert* and all other Motions in Limine)[1] | 8 weeks before trial | 3/24/23 |
| Last Day to Serve Supplemental Rebuttal Expert Reports | 15 weeks before trial | 2/3/23 |
| Last Day to Serve Supplemental Sur-Rebuttal Expert Reports | 12 weeks before trial | 2/24/23 |
| Last Day to Conduct Settlement Proceedings | 12 weeks before trial | 2/24/23 |
| Expert Discovery Cut-Off | 11 weeks before trial | 3/3/23 |
| Last Day to File *Daubert* Motions | Expert Discovery Cut-Off Date plus 7 days | 3/10/23 |

---

[1] The parties propose deviating from the Court's presumptive deadline for motions (other than *Daubert* and in limine motions) to ensure that the parties' anticipated motions for summary judgment are filed after completion of expert discovery. The parties believe that this case is well-suited for resolution by summary judgment, and that those motions would benefit from the supplemental expert reports that the parties anticipate submitting.

13

| Last Day to File Motions in Limine (other than *Daubert* Motions)[2] | 6 weeks before trial, unless automatically continued pending resolution of dispositive motions | 4/7/23 |
|---|---|---|
| Final Pre-Trial Conference (Friday at 1:30 p.m.) | 3 weeks before trial, unless automatically continued pending resolution of dispositive motions | 4/28/23 |
| Exhibit Conference (Friday at 3:30 p.m.) | Friday before trial, unless automatically continued pending resolution of dispositive motions | 5/12/23 |
| Trial: Jury or Court (Tuesday at 9:00 a.m.) |  | 5/16/23 |

---

[2] The parties propose deviating from the Court's presumptive deadlines for motions in limine so that it will follow the proposed March 24, 2023 deadline to file dispositive motions. This would help to preserve Court and party resources while the parties' anticipated summary judgment motions are pending.

# CERTIFICATE OF SERVICE

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

Case Name: *Rupp, et al. v. Becerra*
Case No.: 8:17-cv-00746-JLS-JDE

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**REVISED JOINT RULE 26(f) REPORT**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Rob Bonta
Attorney General of California
Anna Ferrari
Deputy Attorney General
Email: anna.ferrari@doj.ca.gov
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct.

Executed September 29, 2022.

*[signature]*
Laura Palmerin

CERTIFICATE OF SERVICE