C. D. Michel – SBN 144258
cmichel@michellawyers.com
Sean A. Brady – SBN 262007
sbrady@michellawyers.com
Matthew D. Cubeiro – SBN 291519
mcubeiro@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 East Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: 562-216-4444
Facsimile: 562-216-4445

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| STEVEN RUPP, et al.,<br><br>              Plaintiffs,<br><br>vs.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California,<br><br>              Defendant. | Case No.: 8:17-cv-00746-JLS-JDE<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE PORTIONS OF THE TESTIMONY OF DEFENDANT'S EXPERT WITNESS SAUL CORNELL UNDER FEDERAL RULE OF EVIDENCE 702**<br><br>Hearing Date:   April 28, 2023<br>Hearing Time:   10:30 a.m.<br>Courtroom:      8A<br>Judge:            Hon. Josephine L. Staton |

# INTRODUCTION

The purpose of expert witness testimony is to assist the fact finder with understanding complicated, technical issues that are beyond the ordinary fact finder's ability to understand. To be admissible, an expert witness's opinion must be based in something more than mere speculation and have a foundation in genuine knowledge about a complex factual issue that is material to the case. What experts absolutely cannot do is opine about questions of law, which intrudes upon the domain of the Court.

Throughout his expert report, Dr. Cornell includes extensive commentary about the application of *Bruen*'s historical test to that historical context, which exceeds his role as a purported expert historian. He also opines on modern "assault weapon" bans and mass shootings, areas in which he clearly has no expertise. As a result, Plaintiffs respectfully ask this Court to exclude certain portions of Dr. Cornell's testimony, or alternatively, to strike them from his expert report.

## I.     LEGAL STANDARD UNDER FEDERAL RULE OF EVIDENCE 702

An expert witness must be "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-91 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), courts must act as "gatekeepers" to exclude unreliable expert testimony. This requires courts to consider whether:

> (a) [t]he expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) [t]he testimony is based on sufficient facts or data; (c) [t]he testimony is the product of reliable principles and methods; and (d) [t]he expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. This list is not exhaustive. *Daubert*, 509 U.S. at 594-95; *Kumho*, 526 U.S. at 150-51. And no single factor is necessarily determinative. *Kumho*, 526 U.S. at 150-51; *see also* Fed. R. Evid. 702, advisory committee's note to 2000 amendment.

What's more, not all opinions of an expert are necessarily "expert opinions." *See United States v. Benson*, 941 F.2d 598, 604 (7th Cir. 1991). The expert must have sufficient specialized knowledge to assist the trier of fact in deciding the specific issues in the case. *See Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 162-163 (4th Cir. 2012). Opinions outside the expert's expertise are inadmissible. *See Watkins v. Schriver*, 52 F.3d 769, 711 (8th Cir. 1995) (affirming exclusion of neurologist's testimony "that the [plaintiff's neck] injury was more consistent with being thrown into a wall than with a stumble into the corner"); *see, e.g.*, *Religious Tech. Ctr. v. Netcom On-Line Commun. Servs.*, No. C-95-20091, 1997 U.S. Dist. LEXIS 23572 (N.D. Cal. Jan. 3, 1997) (striking expert testimony beyond the scope of the expert's knowledge). And an expert's suitability for testimony depends on the facts of the case; being qualified to opine on one subject has no bearing on that person's qualification to opine on another unrelated subject. *See Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 723 (7th Cir. 1999); *see, e.g.*, *Burke v. Pitney Bowes Inc. Long Term Disability Plan*, 640 F. Supp. 2d 1160 (N.D. Cal. 2009). In short, an impressive resume is not enough to qualify someone to serve as an expert in any given matter. *United States v. Hermanek*, 289 F.3d 1076, 1093 (9th Cir. 2002). ("It is well settled that bare qualifications alone cannot establish the admissibility of . . . expert testimony.").

Additionally, it's well established that expert opinions may not address issues of law. *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 61, 66 (S.D.N.Y. 2001); *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1239, 1246 (N.D. Ca. 2000) (striking from the record "three declarations from law professors opining on the ethical propriety of the various solicitation tactics that the firm employed, a purely legal question"); *Pokorny v. Quixtar, Inc.*, No. 07-00201 SC, 2007 U.S. Dist. LEXIS 49875, at *5 (N.D. Cal. June 29, 2007) ("The Court need not address Quixtar's concerns about Professor Hayford's qualifications or his purported failure to disclose his affiliation with JAMS, because his declaration offers an opinion on

the exact legal question that the Court itself will decide. For that reason alone, the Court will strike the Hayford Declaration."). In this sort of circumstance where just portions of expert testimony are inappropriate, the correct resolution is to exclude "those portions of the Report that go beyond [the expert's] established area of expertise and cross into the realm of purely legal questions." *Wyatt B. v. Brown*, No. 6:19-cv-00556-AA, 2022 U.S. Dist. LEXIS 147091, at *30 (D. Or. Aug. 17, 2022).[1]

## II. ARGUMENT

### A. Dr. Cornell's expert report contains his opinions on legal questions, which are not appropriate expert witness testimony.

Plaintiffs request that the following portions of Dr. Cornell's testimony be excluded or stricken because they consist of him opining on ultimate legal questions, which is the role of this Court, not any supposed expert:

1. All of paragraph 9, as it consists of Dr. Cornell discussing a concurring opinion in *Bruen*;
2. All of paragraphs 12 through 16, in which Dr. Cornell discusses the Supreme Court's decisions in *Heller*, *McDonald*, and *Bruen*, and discusses what he considers is the proper application of *Bruen*'s test.
3. All of paragraph 24, as it again consists of Dr. Cornell opining on what he considers to be the correct way to apply *Bruen*;
4. The entirety of Section VI titled "BRUEN'S FRAMEWORK AND MODERN ASSAULT WEAPONS BANS" (paragraphs 60-61). As stated ad nauseam, it is not appropriate for Dr. Cornell to offer legal conclusions.

---

[1] Alternatively, this Court may simply strike out the offending portions of Dr. Cornell's expert report. Under Federal Rule of Civil Procedure 12(f), a court may strike all or part of a pleading for insufficiency, redundancy, immateriality, impertinence, or scandalousness. Under this Rule, "pleading" encompasses expert reports. *Barnes v. District of Columbia*, No. 06-cv-315 (RCL), 2012 U.S. Dist. LEXIS 133764, at *11 (D.D.C. Sep. 19, 2012). As Plaintiffs contend that Dr. Cornell's opinions on legal questions are immaterial, they may be stricken.

### B. Dr. Cornell's expert report contains testimony in an area in which he is not a qualified expert.

Plaintiffs request that the entirety of Section V of Dr. Cornell's report, titled "ASSAULT WEAPONS BANS, THE POLICE POWER, AND THE LATEST FACE OF TERROR" (paragraphs 52-59), be excluded or stricken because it enters areas in which Dr. Cornell has no expertise. Dr. Cornell is not an expert in criminology, yet in Section V of his report he opines on issues with mass shootings. Supplemental Expert Report and Declaration of Saul Cornell, Declaration of Sean A. Brady ("Brady Decl.") Ex. 1. Nor is he an expert on marketing strategies, but that does not stop him from commenting on marketing practices in paragraph 58. Dr. Cornell also nakedly engages in activism, arguing in paragraph 52 that "Proposals to ban assault weapons are part of a larger national movement to deal with the carnage caused by high capacity, high velocity weapons." Because a nothing in Section V of his report relates to history, Dr. Cornell's purported expertise, it should be deemed inadmissible/stricken.

## CONCLUSION

Plaintiffs respectfully request that the portions of Dr. Cornell's expert report cited in this motion be excluded under Federal Rule of Evidence 702, or alternatively, that they be stricken from his expert report.

Dated: March 24, 2023                         **MICHEL & ASSOCIATES, P.C.**

                                              */s/ Sean A. Brady*
                                              Sean Brady
                                              Email: sbrady@michellawyers.com
                                              Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE
## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

Case Name: *Rupp, et al. v. Bonta*
Case No.: 8:17-cv-00746-JLS-JDE

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE PORTIONS OF THE TESTIMONY OF DEFENDANT'S EXPERT WITNESS SAUL CORNELL UNDER FEDERAL RULE OF EVIDENCE 702**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Xavier Becerra
Attorney General of California
Anna Ferrari
Deputy Attorney General
Email: anna.ferrari@doj.ca.gov
Christina R.B. Lopez
Email: christina.lopez@doj.ca.gov
John D. Echeverria
Email: john.echeverria@doj.ca.gov
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct.

Executed March 24, 2023.

_____
Laura Palmerin