C. D. Michel – SBN 144258
cmichel@michellawyers.com
Sean A. Brady – SBN 262007
sbrady@michellawyers.com
Matthew D. Cubeiro – SBN 291519
mcubeiro@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 East Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: 562-216-4444
Facsimile: 562-216-4445

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| STEVEN RUPP, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California,<br><br>　　　　　　　　Defendant. | Case No.: 8:17-cv-00746-JLS-JDE<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE THE TESTIMONY OF DEFENDANT'S EXPERT WITNESS JOHN J. DONOHUE UNDER FEDERAL RULE OF EVIDENCE 702**<br><br>Hearing Date:　April 28, 2023<br>Hearing Time:　10:30 a.m.<br>Courtroom:　　8A<br>Judge:　　　　Hon. Josephine L. Staton |

1

MEMO. OF POINTS & AUTHORITIES ISO MOT. TO EXCLUDE TESTIMONY

# INTRODUCTION

The purpose of expert witness testimony is to assist the fact finder with understanding complicated, technical issues that are beyond the ordinary fact finder's ability to understand. To be admissible, an expert witness's opinion must be based in something more than mere speculation and have a foundation in genuine knowledge about a complex factual issue that is material to the case.

John Donohue's declaration supporting the State's supplemental briefing meets none of these standards. To the extent that Donohue offers any discernable opinion(s) specifically about the banned firearms at issue in this litigation, his bases for such opinion(s) are neither data, experience, nor specialized knowledge, but rather an unabashed distaste for the Second Amendment and a fervent skepticism of armed self-defense. Rarely do expert witnesses assert their opinions with the degree of blatant hostility that Donohue does here. Regardless of his personal hostility towards firearm rights, the opinions he expresses in his declaration have nothing to do with the only questions that this Court was instructed to resolve on remand in light of *New York State Rifle & Pistol Assn. v. Bruen*, -- U.S. --, 142 S. Ct. 2111 (2022) ("*Bruen*"): (1) whether the banned firearms are protected "arms" under the Second Amendment; and (2) whether the State can prove that there has existed an enduring tradition in American history of state regulation that is sufficiently analogous to California's law challenged here. Because Donohue's opinions do nothing to inform either of those questions, they are irrelevant and thus not helpful to this Court.

Even if it were relevant, Donohue's testimony is not the product of reliable principles or methods. His report amounts to essentially his ruminations on gun violence with lazy references to others' purported scholarly investigations of gun violence—nothing original to him. And, of course, none does anything to assist this Court with applying *Bruen*, and assist the Court with the only question before it. Nor are his previous opinions in this matter, offered in support of the State's oppositions

to Plaintiffs' motions for preliminary injunction and for summary judgment, of any value to this Court at this stage of the case. Plaintiffs thus request that the Court find Donohue's testimony inadmissible under Federal Rule of Evidence 702.

## I.   LEGAL STANDARD UNDER FEDERAL RULE OF EVIDENCE 702

An expert witness must be "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-91 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), courts must act as "gatekeepers" to exclude unreliable expert testimony. This requires courts to consider whether:

> (a) [t]he expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) [t]he testimony is based on sufficient facts or data; (c) [t]he testimony is the product of reliable principles and methods; and (d) [t]he expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. This list is not exhaustive. *Daubert*, 509 U.S. at 594-95; *Kumho*, 526 U.S. at 150-51. And no single factor is necessarily determinative. *Kumho*, 526 U.S. at 150-51; *see also* Fed. R. Evid. 702, advisory committee's note to 2000 amendment.

What's more, not all opinions of an expert are necessarily "expert opinions." *See United States v. Benson*, 941 F.2d 598, 604 (7th Cir. 1991). The expert must have sufficient specialized knowledge to assist the trier of fact in deciding the specific issues in the case. *See Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 162-163 (4th Cir. 2012). Opinions outside the expert's expertise are inadmissible. *See Watkins v. Schriver*, 52 F.3d 769, 711 (8th Cir. 1995) (affirming exclusion of neurologist's testimony "that the [plaintiff's neck] injury was more consistent with being thrown into a wall than with a stumble into the corner"); *see, e.g.*, *Religious Tech. Ctr. v. Netcom On-Line Commun. Servs.*, No. C-95-20091, 1997 U.S. Dist. LEXIS 23572 (N.D. Cal. Jan. 3, 1997) (striking expert testimony beyond the scope of the expert's knowledge). And an expert's suitability for testimony depends on the

facts of the case; being qualified to opine on one subject has no bearing on that person's qualification to opine on another unrelated subject. *See Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 723 (7th Cir. 1999); *see, e.g.*, *Burke v. Pitney Bowes Inc. Long Term Disability Plan*, 640 F. Supp. 2d 1160 (N.D. Cal. 2009). In short, an impressive resume is not enough to qualify someone to serve as an expert in any given matter. *United States v. Hermanek*, 289 F.3d 1076, 1093 (9th Cir. 2002). ("It is well settled that bare qualifications alone cannot establish the admissibility of . . . expert testimony.").

  Relevant to Donohue's report, the Supreme Court has explained that while "judicial deference to legislative interest balancing is understandable—and, elsewhere, appropriate—it is not deference that the Constitution demands here." *Bruen*, 142 S. Ct. at 2131. Because all of Donohue's report is about interest balancing arguments – specifically the problem of mass shootings, January 6 (which didn't actually involve any of the banned firearms), and other political concerns – it is not appropriate testimony under *Bruen*.

## II. ARGUMENT

### A. Donohue's Testimony Does Not Help the Court Apply *Bruen*

  Under the standards for admissibility of expert witness testimony set forth in Rule 702 and explained in *Daubert* and its progeny, Donohue's testimony is not admissible. He does not offer any specialized knowledge relevant to the subject matter at issue. *Daubert*, 509 U.S. at 591. ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful."). He has not reliably applied any principles or methods to the facts of the case. His opinions are thus neither the product of reliable principles and methods nor are they based on sufficient facts or data. *See* Fed. R. Evid. 702. This Court should thus exercise its broad discretion to reject his testimony entirely. As thoroughly explained in Plaintiffs' supplemental briefing, *Bruen* reiterated that *District of Columbia v. Heller*, 554 U.S. 570 (2008) rejected the public-safety-interest-balancing approach to

analyzing Second Amendment challenges that wrongly proliferated in lower courts post-*Heller*. *Bruen*, 142 S. Ct. at 2127. *Bruen* directs courts to determine only whether a challenged law implicates the Second Amendment's text and, if it does, to find the law unconstitutional if the government cannot prove that there is an enduring tradition in American history of state regulation that is sufficiently analogous to the challenged law at issue. *Bruen*, 142 S. Ct. at 2118.

  Apparently, no one explained this to Mr. Donohue. His expert report does not say a word about *Bruen*, except that he was the author of an amicus curiae brief submitted in it. Nor does his opinion say a word about whether there is a historical cannon of firearms laws that are sufficiently analogous to the rifle ban that Plaintiffs challenge here.

  While surprising, it is not entirely shocking. Afterall, Donohue is not a legal historian, or a Second Amendment or firearms historian, nor an expert on the laws of the early Republic. He is a law professor whose work intersects with economics. Indeed, his opinion is so far off the main issue before the Court that it cannot survive Rule 702 scrutiny. A supposed "expert" witness report that does not even talk about the key issue obviously cannot help the court understand the key issue.

  While application of the *Bruen* test may depend on facts about what laws were in place during the relevant time periods, whether there exists a historical canon of sufficiently analogous laws to the one being challenged is essentially a legal determination for courts to decide. The "admissibility of expert opinion generally turns on preliminary questions of law determined by the trial judge, including inter alia, whether the testimony is relevant and reliable, and whether its probative value is substantially outweighed by risk of unfair prejudice, confusion of issues, or undue consumption of time." *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000). Regardless of whether it is a legal or factual question, Donohue's expert opinions do not assist with the Court's resolution of the issue because the issues his report covers are not relevant to the historical inquiry question. Indeed, he does not

discuss historical regulations at all. "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful," and should therefore be excluded. *Daubert*, 509 U.S. 591.

### B. Donohue's 2022 Report Opinion Offers No Discernable Opinion on the Firearms at Issue

Donohue explains that, with respect to his report, "I have been asked by the California Department of Justice to update the opinions expressed in my 2019 Report with currently available information. I continue to stand by the opinions and conclusions expressed in my 2019 Report." Supplemental Expert Report and Declaration of John J. Donohue, Declaration of Sean A. Brady ("Brady Decl.") Ex. 1 at ¶ 13. As with those previous opinions, Donohue's 2022 report is more of a screed against gun rights than a data intensive investigation of the rifles that California bans. Donahue clearly conflates "assault weapons" with magazines over ten rounds and active shooter incidents. He views them as inextricable parts of one big gun violence problem. Donohue Report, passim.

For example, he says that the 2018 mass killing at Parkland High School and the May 2022 mass killing in Uvalde "vividly underscored how police responses to violence are impaired when the officers are confronted by a shooter armed with an assault rifle and high-capacity magazines." *Id*. at ¶ 18. Donohue offers no predicate explanation for that conclusion; he just asserts it as if it were an obvious fact. And if it is, then the Court does not need his expert testimony to understand it.

Similarly, Donohue asserts that "[o]ne of the unfortunate consequences of the continuing advances in the lethality and power of modern firearms is that without appropriate government action the dangers posed by civilian weaponry will continue to outpace any legitimate crime-reducing benefit that firearms might provide." *Id*. at ¶ 26. This exemplifies the sort of bold assertion for which Donohue provides zero explanation or predicate factual-foundation to support.

Much of Donohue's report is simply quoting others' studies and reports without providing any original commentary on them based on his expertise. *See*, e.g., *Id.* at ¶¶ 19, 22.  That does not qualify as expert opinion. Anyone can simply provide quotes from other materials they agree with.

Donohue concludes his 2022 report with references to how laudable gun control in Canada, New Zealand, and Australia is, and then bizarrely asserts that "assault weapons" and magazines over ten rounds threaten American democracy because a fairly significant number of Americans have expressed their belief that violence against the government could be justified. *Id.* at ¶¶ 31-33. None of this is relevant to the issues before this Court: the presence of absence of a historical tradition of regulating the rifles that California bans.

This Court should thus disqualify Donohue from providing any expert opinion in this matter. It would not be the first time a court found Donohue's credentials and content wanting. *See In re Walt Disney Co. Deriv. Litig.,* 907 A.2d 693, 742 (Del. Ch. Aug. 9, 2005) (noting that Donohue's testimony was "simply not supported by a fair and neutral evaluation of the record," and that in "his zeal" to make his opinions, he had provided a report and testimony "of little value to the Court.").

## CONCLUSION

Donohue's Ivy league education and academic background do not make him an expert witness on firearms issues. None of his opinions are derived from the application of specialized knowledge, or processes, or evaluation of hard, unbiased data. He has not applied any original insights or evaluation to works of others that he references, he ignores the key issue under *Bruen*, and clearly has a strong bias against firearms and self-defense. None of the opinions he has offered in this

/ / /

/ / /

/ / /

1  litigation help this Court with the task before it on remand since *Bruen*, and should
2  therefore be excluded under Federal Rule of Evidence 702.

4  Dated: March 24, 2023                     **MICHEL & ASSOCIATES, P.C.**

   */s/ Sean A. Brady*
   Sean A. Brady
   Email: sbrady@michellawyers.com
   Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE
### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

Case Name: *Rupp, et al. v. Bonta*
Case No.: 8:17-cv-00746-JLS-JDE

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE THE TESTIMONY OF DEFENDANT'S EXPERT WITNESS JOHN J. DONOHUE UNDER FEDERAL RULE OF EVIDENCE 702**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Xavier Becerra
Attorney General of California
Anna Ferrari
Deputy Attorney General
Email: anna.ferrari@doj.ca.gov
Christina R.B. Lopez
Email: christina.lopez@doj.ca.gov
John D. Echeverria
Email: john.echeverria@doj.ca.gov
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct.

Executed March 24, 2023.

_____
Laura Palmerin