UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-00746-JLS-JDE                              Date: April 26, 2023
Title:  Steven Rupp et al v. Rob Bonta

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V. R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:**   **(IN CHAMBERS)  ORDER DENYING PLAINTIFFS'
MOTIONS TO EXCLUDE THE TESTIMONY OF
DEFENDANT'S EXPERT WITNESSES (Docs. 137, 138, 139,
140, 141)**

Before the Court are five Motions filed by Plaintiffs Steven Rupp, Steven Dember, Cheryl Johnson, Michael Jones, Christopher Seifert, Alfonso Valencia, Troy Willis, Dennis Martin, and the California Rifle & Pistol Association, Incorporated, (collectively, "Plaintiffs"): (1) a Motion to Exclude the Testimony of Defendant's Expert Witness Ryan Busse Under Federal Rule of Evidence 702 (Busse Mot., Doc. 137; Busse Mem., Doc. 137-1); (2) a Motion to Exclude Portions of the Testimony of Defendant's Expert Witness Saul Cornell Under Federal Rule of Evidence 702 (Cornell Mot., Doc. 138; Cornell Mem., Doc. 138-1); (3) a Motion to Exclude the Testimony of Defendant's Expert Witness John J. Donohue Under Federal Rule of Evidence 702 (Donohue Mot., Doc. 139; Donohue Mem., Doc. 139-1); (4) a Motion to Exclude the Testimony of Defendant's Expert Witness Louis Klarevas Under Federal Rule of Evidence 702 (Klarevas Mot., Doc. 140; Klarevas Mem., Doc. 140-1); and (5) a Motion to Exclude the Testimony of Defendant's Expert Witness Lucy Allen Under Federal Rule of Evidence 702 (Allen Mot., Doc. 141; Allen Mem., Doc. 141-1).  Defendant Rob Bonta, Attorney

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:17-cv-00746-JLS-JDE                               Date: April 26, 2023
Title:  Steven Rupp et al v. Rob Bonta

General of the State of California ("Attorney General Bonta"),[1] filed a combined Opposition to all five Motions.  (Opp., Doc. 144.)  Plaintiffs filed a combined Reply. (Reply, Doc. 145.)

        The Court finds this matter appropriate for decision without oral argument, and the hearing set for April 28, 2023, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the Court DENIES Plaintiffs' Motions.

I.      **BACKGROUND**

        Because the facts are familiar to the parties, the Court will not recite them in detail here.  Plaintiffs initiated this action on April 24, 2017.  (*See* Complaint, Doc. 1.) Plaintiffs are California residents who allege that California's Assault Weapon Control Act ("AWCA") violates their Second Amendment right to bear arms, as it prohibits the possession of arms that they contend are typically possessed by law-abiding citizens for lawful purposes.  (*See, e.g.*, Revised Joint Rule 26(f) Report ("Rule 26(f) Rep.) at 3–5, Doc. 130.)  Plaintiffs' Third Amended Complaint, the operative complaint here, seeks declaratory and injunctive relief.  (*See generally* Third Amended Complaint, Doc. 60; *see also* 26(f) Rep. at 4–5.)

        On July 22, 2019, this Court granted the Attorney General's motion for summary judgment and upheld the challenged provisions of the AWCA under binding Ninth Circuit precedent.  (*See* MSJ Order, Doc. 108.)  Plaintiffs appealed and, while the appeal of the Court's judgment was pending, the Supreme Court issued its decision in in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).  Following *Bruen*, in June 2022 the Ninth Circuit vacated this Court's prior judgment and remanded

---

[1] Attorney General Bonta succeeded former Attorney General Xavier Becerra. Pursuant to Federal Rule of Civil Procedure 25(d), Attorney General Bonta, in his official capacity, is substituted as Defendant in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:17-cv-00746-JLS-JDE                              Date: April 26, 2023
Title:  Steven Rupp et al v. Rob Bonta

the case "for further proceedings consistent with" *Bruen*.  *Rupp v. Bonta*, No. 19-56004, 2022 WL 2382319, at *1 (9th Cir. June 28, 2022).

On September 8, 2022, the Court ordered the parties to file a revised Rule 26(f) report and a new proposed schedule for the case in light of the Ninth Circuit's vacatur and remand.  (Doc. 129.)  The parties filed their revised report on September 19, 2022, and the Court issued a new Scheduling Order on October 19, 2022, providing for supplemental expert discovery.  (Docs. 130, 131.)  Expert discovery closed on March 17, 2023.

The parties agree that the issues here are suitable for resolution on motions for summary judgment and likely will not require a trial.  (*See* 26(f) Rep. at 10.)  If a trial is necessary to resolve Plaintiffs' claims, it will be, as the parties acknowledge, a bench trial.  (*See id.*)

Plaintiffs now move to exclude in whole or in part the testimony of five of Attorney General Bonta's eleven expert witnesses: Lucy Allen, Ryan Busse, Saul Cornell, John J. Donohue, and Louis Klarevas.  (*See generally* Docs. 137, 138, 139, 140, 141.)  Plaintiffs contend that the testimony offered by Allen, Busse, Donohue, and Klarevas is irrelevant under *Bruen*.  (*See* Allen Mem, Busse Mem., Klarevas Mem., Donohue Mem.)  As to Cornell, they contend that portions of his report exceed his expertise as a historian and impermissibly seek to instruct the Court on how to interpret and apply the Supreme Court's Second Amendment jurisprudence.  (*See* Cornell Mem.)

## II.     LEGAL STANDARD

Rule 702 provides that expert opinion is admissible if (1) the witness is sufficiently "qualified as an expert by knowledge, skill, experience, training, or education"; (2) the "scientific, technical, or other specialized knowledge will help the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-00746-JLS-JDE                          Date: April 26, 2023
Title:  Steven Rupp et al v. Rob Bonta

trier of fact to understand the evidence or to determine a fact in issue"; (3) "the testimony is based on sufficient facts or data"; (4) "the testimony is the product of reliable principles and methods"; and (5) "the expert has reliably applied the principles and methods to the facts of the case."  Fed. R. Evid. 702.

In addition to the express requirements of Rule 702, a trial court "must assure that the expert testimony 'both rests on a reliable foundation and is relevant to the task at hand.'"  *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043–44 (9th Cir. 2014) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993)).  Testimony rests on a "reliable foundation" if it is rooted "in the knowledge and experience of the relevant discipline."  *Id.* at 1044.  In turn, testimony is "relevant" if the knowledge underlying it has a "valid connection to the pertinent inquiry."  *Id.* at 1044.

The proponent of the expert carries the burden of proving admissibility.  *Lust By & Through Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).  Expert testimony is admissible if the aforementioned requirements are met by a preponderance of the evidence.  *Daubert*, 509 U.S. at 593, n.10 (discussing applicability of Federal Rule of Evidence 104(a) to expert testimony and citing *Bourjaily v. United States*, 483 U.S. 171, 175-176 (1987), for preponderance standard).  The law is clear that this Court possesses "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable."  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).  Furthermore, the exclusion of expert testimony is "the exception rather than the rule."  *See* Fed. R. Evid. 702 advisory committee note to 2000 amendment.

Last, the district court's gatekeeping role is diminished in the context of bench trials, because "*Daubert* is meant to protect *juries* from being swayed by dubious scientific testimony."  *United States v. Flores*, 901 F.3d 1150, 1165 (9th Cir. 2018) (cleaned up); *see also Deal v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840, 852 (6th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-00746-JLS-JDE                           Date: April 26, 2023
Title:  Steven Rupp et al v. Rob Bonta

2004) ("The 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial.").  "When the district court sits as the finder of fact, there is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for [her]self." *Flores*, 901 F.3d at 1165 (quoting *David E. Watson, P.C. v. United States*, 668 F.3d 1008, 1015 (8th Cir. 2012)); *see also FTC v. BurnLounge, Inc.*, 753.F.3d 878, 888 (9th Cir. 2014) ("When we consider the admissibility of expert testimony, we are mindful that there is less danger that a trial court will be unduly impressed by the expert's testimony or opinion in a bench trial.").  In sum: in a bench trial, gatekeeper and factfinder are one and the same, so courts do "not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702." *Flores*, 901 F.3d at 1165.

III.   **DISCUSSION**

Plaintiffs move to exclude in whole or in part the testimony of five experts retained by Attorney General Bonta in this case primarily on the grounds that the testimony is irrelevant and unhelpful or invasive of the Court's role in construing and applying the law.

To decide whether the experts' challenged testimony is relevant or helpful, the Court must first decide how to interpret and apply the standard that the Supreme Court set forth in *Bruen*.  More specifically, the Court must decide whether—and, if so, how—*Bruen* modifies the inquiry as to whether the Second Amendment's protection of the right to bear arms covers the conduct at issue here: the manufacture, distribution, transportation, importation, sale, and possession of rifles designated as "assault weapons." *See* Cal. Penal Code §§ 30600, 30605.  The parties' briefs here display a sharp dispute as to how this Court should interpret and apply *Bruen*, inviting the Court to decide the scope of the *Bruen* test before the parties submit their anticipated substantive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-00746-JLS-JDE                           Date: April 26, 2023
Title:  Steven Rupp et al v. Rob Bonta

briefs seeking summary judgment.  Thus, a dispute about expert testimony has become a dispute about the applicable law.

The Court will not venture ahead and resolve this key issue without the benefit of complete substantive briefing from the parties.  The Court, that is, will interpret and apply *Bruen* when it disposes of the parties' expected motions for summary judgment.  In that context, the Court will be able to determine whether the five experts' challenged testimony is relevant and helpful and how much weight, if any, to give that testimony.

**IV.      CONCLUSION**

Accordingly, the Court DENIES Plaintiffs' Motions to Exclude.  However, the Court will take Plaintiffs' arguments into account when it rules on summary judgment.

Initials of Deputy Clerk: vrv