*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE

**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|---------------------------|----------------------|
| 1 | 1383 | England | 7 Rich. 2, ch. 13 (1383) | Prohibited possession of launcegays. Punished by forfeiture of the weapon. | <u>Objection to inclusion.</u><br><br>"Historical evidence that long predates [the founding] may not illuminate the scope of the right if linguistic or legal conventions changed in the intervening years." *Bruen*, 142 S.Ct. at 2136.<br><br>And English history is ambiguous at best, and the Court saw "little reason to think that the Framers would have thought it applicable in the New World." *Id.* at 2139.<br><br>As this chart shows, bans on simply possessing weapons did not continue into the 18th and 19th centuries.<br><br>Finally, the State has not provided the current status of this law indicating whether the law was ever repealed or reviewed by a court.[1] |
| 2 | 1396 | England | 20 Rich. 2, ch. 1 (1396) | Prohibited possession of launcegays. Punished by forfeiture of the weapon. | <u>Objection to inclusion.</u><br><br>"Historical evidence that long predates [the founding] may not illuminate the scope of the right if linguistic or legal conventions changed in the intervening years." *Bruen*, 142 S.Ct. at 2136.<br><br>And English history is ambiguous at best, and the Court saw "little reason to think that the Framers would have thought it applicable in the New World." *Id.* at 2139.<br><br>As this chart shows, bans on simply possessing weapons did not continue into the 18th and 19th centuries. |

---

[1] Plaintiffs will not repeat this for each entry in the chart in which the State did not provide the current status of the law, because it applies to the vast majority of the entries in this survey. It is likely that many of the laws the State cites here have been repealed or replaced or are otherwise no longer enforced.

***Rupp v. Bonta***, No. 8:17-cv-00746-JLS-JDE

**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 3 | 1541 | England | 33 Hen. 8, ch. 6 §§ 1, 18 (1541) | Prohibited possession of any crossbow, handgun, hagbutt, or demy hake. Exempted subjects living within 12 miles of the Scottish border. Punishable by forfeiture or payment of 10 pounds. | Objection to inclusion. "Historical evidence that long predates [the founding] may not illuminate the scope of the right if linguistic or legal conventions changed in the intervening years." *Bruen*, 142 S.Ct. at 2136. And English history is ambiguous at best, and the Court saw "little reason to think that the Framers would have thought it applicable in the New World." *Id.* at 2139. As this chart shows, bans on simply possessing weapons did not continue into the 18th and 19th centuries. |
| 4 | 1606 | England | 4 Jac. I, ch. 1 (1606) | Repealed exemption for subjects living with 12 miles of the Scottish border for the keeping of crossbows, handguns, and demy hakes. | Objection to inclusion. "Historical evidence that long predates [the founding] may not illuminate the scope of the right if linguistic or legal conventions changed in the intervening years." *Bruen*, 142 S.Ct. at 2136. And English history is ambiguous at best, and the Court saw "little reason to think that the Framers would have thought it applicable in the New World." *Id.* at 2139. As this chart shows, bans on simply possessing weapons did not continue into the 18th and 19th centuries in America. |
| 5 | 1686 | New Jersey | Grants, Concessions, and Original Constitutions of The Province of New Jersey 289–90 (1881) | Prohibited the carrying "privately" of any pocket pistol, skeines, stilettoes, daggers or dirks, or other unusual or unlawful weapons. Punishable by fine of 5 pounds for first conviction, and punishable by imprisonment for 6 months and a fine of 10 pounds. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. "Historical evidence that long predates [the founding] |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | may not illuminate the scope of the right if linguistic or legal conventions changed in the intervening years." *Bruen*, 142 S.Ct. at 2136. |
| 6 | 1689 | England | English Bill of Rights of 1689, 1 Wm. & Mary ch. 2, § 7 | Provided a right for Protestants to have "Arms for their Defense . . . as allowed by law." | <u>No objection to inclusion.</u><br><br>Though it is an English law that predates the founding by nearly 100 years, it evidences a general right to arms for self-defense that carried into the New World. *See Bruen*, 142 S.Ct. at 2136.<br><br>To the extent, however, the law limited its scope to "Protestant" subjects, it includes a restriction on the rights of disfavored populations (e.g., Catholics) that would not survive in America past the ratification of the 14th Amendment.<br><br>Further, such a restriction is not "relevantly similar" to CA's assault weapon ban because it restricts *who* (i.e., only disfavored groups) may use and possess arms, not *what* arms anyone may possess. *Id.* at 2133.<br><br>Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms. |
| 7 | 1730 | New York | William Livingston (Editor), *The Laws of New York* 199 (1752), ch. 560, § 20 | Prohibited a slave from possessing or using a gun, pistol, sword, club, or other kind of weapon unless in the presence and at the direction of their Master or Mistress. | <u>Objection to inclusion.</u><br><br>This law is not "relevantly similar" to CA's assault weapon ban. The law presents a flat ban on possession of multiple commonly-owned weapons by slaves, not individuals who would have been considered "the People."<br><br>This law predates the founding by more than a half-century, shedding little light on the understanding of the second amendment. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|-------------|----------|--------------------------|----------------------|
| | | | | | The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries. |
| | | | | | Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms. |
| 8 | 1750 | Massachusetts | 1750 Mass. Acts 544, ch. 17, § 1 | Prohibited the carrying of a club or other weapon while unlawfully, riotously, or tumultuously assembling. Punishable by seizing the weapon and a hearing before the court. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, only applies when one is engaged in unlawful, riotous, or tumultuous assembly. *Bruen*, 142 S.Ct. at 2133. |
| 9 | 1765 | England | 1 William Blackstone, *Commentaries* 139, ch. 1 (1765) | Recognized the "fifth and last auxiliary right," which provided that Protestant subjects had the right to "arms for their defence" "such as are allowed by law." | No objection to inclusion. Though it is an English law that predates the founding by nearly 100 years, it evidences a general right to arms for self-defense that carried into the New World. *See Bruen*, 142 S.Ct. at 2136. |
| | | | | | To the extent, however, the law limited its scope to "Protestant" subjects, it includes a restriction on the rights of disfavored populations (e.g., Catholics) that would not survive in America past the ratification of the 14th Amendment. |
| | | | | | Further, such a restriction is not "relevantly similar" to CA's assault weapon ban because it restricts *who* (i.e., only disfavored groups) may use and possess arms, not *what* arms anyone may possess. *Id.* at 2133. |
| | | | | | Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE

**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms. |
| 10 | 1771 | New Jersey | 1763–1775 N.J. Laws 346, ch. 539, § 10 | Prohibited the setting of any trap gun intended to discharge by any string, rope, or other contrivance. Punishable by forfeiture of the firearm and fine of 6 pounds. | Objection to inclusion. The law is not "relevantly similar" to CA's assault weapon ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "trap guns"). And it regulates for completely different reasons than CA's assault weapon ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133. |
| 11 | 1771 | New Hampshire | *Acts and Laws of His Majesty's Province of New Hampshire* 9–10 (1771), ch. 6, § 2 | Prohibited any persons numbering twelve or more being armed with "clubs or other weapons," or any group numbering thirty or more, from unlawfully, routously, riotously, or tumultuously assembling. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in illegal activity (i.e., rioting). *Bruen*, 142 S.Ct. at 2133. |
| 12 | 1786 | Massachusetts | 1786 Mass. Acts 87, ch. 38 | Prohibited being armed with a club or other weapon while rioting. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in illegal activity (i.e., rioting). *Bruen*, 142 S.Ct. at 2133. |
| 13 | 1788 | Ohio [Territory] | 1788–1801 Ohio Laws 20, ch. 6 | Prohibited the carrying of any "dangerous weapon" that indicates a violent intention while committing a burglary. Punishable by imprisonment for up to 40 years. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., burglary w/ intent to commit violence). *Bruen*, 142 S.Ct. at 2133. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 14 | 1792 | Virginia | *Collection of All Such Acts of the General Assembly of Virginia, of a Public and Permanent Nature, as are Now in Force* 187 (1803), ch. 103, §§ 8–9 | Prohibited any "negro or mulatto" from possessing or carrying a gun, powder, shot, club, or other weapon. | Objection to inclusion.<br><br>The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries.<br><br>The law is not "relevantly similar" to CA's assault weapon ban because it restricted *who* (i.e., only disfavored groups) may use and possess arms, not *what* arms anyone may possess. *Id.* at 2133.<br><br>Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms. |
| 15 | 1797 | Delaware | 1 Del. Laws 104 (1797), ch. 43, § 6 | Prohibited "any Negro or Mulatto slave" from carrying guns, swords, pistols, fowling pieces, clubs, or other arms and weapons without the master's special license. | Objection to inclusion.<br><br>The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries.<br><br>The law is not "relevantly similar" to CA's assault weapon ban because it restricted *who* (i.e., only disfavored groups) may use and possess arms, not *what* arms anyone may possess. *Id.* at 2133.<br><br>Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms.<br><br>Plaintiffs cannot also help but note that the State has changed this citation from its appendix in *Duncan*, to exclude the embarrassing title "An Act for the Trial of Negroes." |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 16 | 1798 | Kentucky | 1798 Ky. Acts 106, ch. 54, § 5 | Prohibited "negro, mulatto, or Indian" from possessing or carrying a gun, powder, shot, club, or other weapon or ammunition. | Objection to inclusion.<br><br>The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries.<br><br>The law is not "relevantly similar" to CA's assault weapon ban because it restricted *who* may use and possess arms, not *what* arms they may possess. *Id.* at 2133.<br><br>Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms. |
| 17 | 1799 | Mississippi [Territory] | 1799 Miss. Laws 113, A Law For The Regulation Of Slaves | Prohibited any "Negro or mulatto" from carrying gun, powder, shot, club, or other weapon. Also prohibits a "negro or mulatto" from possessing a gun, weapon, or ammunition. | Objection to inclusion.<br><br>The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries.<br><br>The law is not "relevantly similar" to CA's assault weapon ban because it restricted *who* (i.e., only disfavored groups) may use and possess arms, not *what* arms anyone may possess. *Id.* at 2133.<br><br>Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms. |
| 18 | 1799 | New Jersey | Charles Nettleton, *Laws of the State of New-Jersey*, at 474 (1821), [An Act to Describe, Apprehend and | Prohibited the carrying of any pistol, hanger, cutlass, bludgeon, or other offensive weapon, with intent to assault any person." | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | Punish Disorderly Persons (1799)], § 2 | | certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133. |
| 19 | 1801 | Tennessee | 1801 Tenn. Laws 259–60, ch. 22, § 6 | Prohibited the private carrying of "any dirk, large knife, pistol, or any other dangerous weapon, to the fear or terror of any person," unless a surety is posted. Punishable as for "breach of the peace, or riot at common law." | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133. This law presents a different "how." <br><br> The law also only limits carrying of these arms "to the terror of the people" or privately carrying, presenting a different "why." Violators were not banned from carrying entirely, and were only required to post a bond to ensure good behavior. |
| 20 | 1804 | Arkansas [Territory] | J. Steele (Editor), *Laws of the Arkansas Territory* 521 (1835), § 3 [Slaves] | Prohibited any "slave or mulatto" from keeping or carrying a gun, powder, shot, club, or other weapon | Objection to inclusion. <br><br> The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries. <br><br> The law is not "relevantly similar" to CA's assault weapon ban because it restricted *who* (i.e., only disfavored groups) may use and possess arms, not *what* arms anyone may possess. *Id.* at 2133. <br><br> Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms. This law specified that violators punished to lashes not exceeding thirty-nine for any "slave or mulatto". <br><br> Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | significance of the Second Amendment.'" *Id.* at 2154. |
| 21 | 1804 | Indiana [Territory] | 1804 Ind. Acts 108, § 4 | Prohibited a "slave or mulatto" from carrying or possessing a gun, powder, shot, club or other weapon and ammunition. | Objection to inclusion. |
| | | | | | The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries. |
| | | | | | The law is not "relevantly similar" to CA's assault weapon ban because it restricted *who* (i.e., only disfavored groups) may use and possess arms, not *what* arms anyone may possess. *Id.* at 2133. |
| | | | | | Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms. |
| | | | | | Further, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Id.* at 2154. |
| | | | | | Finally, plaintiffs cannot also help but note that the State has changed this citation from its appendix in *Duncan*, excluding the unflattering title "A Law Entitled a Law Respecting Slaves." |
| 22 | 1804 | Mississippi [Territory] | 1804 Miss. Laws 90, § 4 | Prohibited a "Slave" from keeping or carrying a gun, powder, shot, club, or other weapon. | Objection to inclusion. |
| | | | | | The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries. |
| | | | | | The law is not "relevantly similar" to CA's assault weapon ban because it restricted *who* may use and possess arms, not *what* arms anyone may possess. *Bruen*, 142 S.Ct. at 2133. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms. |
| | | | | | Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Id.* at 2154. |
| | | | | | Plaintiffs cannot also help but note that the State has changed this citation from its appendix in *Duncan*, excluding the unflattering title "An Act Respecting Slaves." |
| 23 | 1805 | Massachusetts | 1805 Mass. Acts 111–13, ch. 81 | Authorized the appointment of firearm provers to ensure that musket components were safe and to stamp the barrels confirming the proof. Prohibited the sale of any firearm that was not proved and stamped. Punishable by a fine of $10. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacturer of any arm. It only authorized the appointment of officials to test the quality of barrels before sale. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 24 | 1809 | Maryland | Virgil Maxcy (Editor), *Laws of Maryland, with the Charter, the Bill Of Rights, the Constitution of the State, and Its Alterations, the Declaration of Independence, and the Constitution of the United States, and Its Amendments* 465 (Vol 3, 1811), § 4 | Prohibited the carrying of any pistol, hanger, cutlass, bludgeon, or other offensive weapon with the intent to assault a person. Punishable by imprisonment for 3 months to 2 years. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or attempting to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 25 | 1812 | Kentucky | William Littell (Editor), *Statute Law of Kentucky; with Notes, Praelections, and Observations on the Public Acts* 64 (1812–1816), ch. 89 | Prohibited the wearing of "a pocket pistol, dirk, large knife, or sword in a cane, concealed as a weapon, unless when traveling on a journey." Punishable by a fine of not less than $100. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 26 | 1813 | Louisiana | 1813 La. Acts 172, An Act Against Carrying Concealed Weapons, and Going Armed in Public Places in an Unnecessary Manner, § 1 | Prohibited the carrying of any concealed weapon, including a dirk, dagger, knife, pistol, or any other deadly weapon. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 27 | 1814 | Massachusetts | 1814 Mass. Acts. 464, ch. 192, §§ 1–2 | Required all musket and pistol barrels manufactured in Massachusetts to be proved by an appointed person and properly marked and stamped. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacturer of any arm. It only required the quality of barrels to be tested and marked with a seal of quality approval before sale. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 28 | 1816 | Georgia | Lucius Q.C. Lamar (Editor), *A Compilation of the Laws of the State of Georgia, Passed by the Legislature since the Year 1810 to the Year 1819, Inclusive. Comprising all the Laws Passed within those Periods, Arranged under Appropriate Heads, with Notes of Reference to those Laws, or Parts of Laws, which are Amended or Repealed to which are Added such Concurred and Approved Resolutions, as are Either of General, Local, or Private Moment. Concluding with a Copious Index to the Laws, a Separate one to the Resolutions* 599 (1821), div. 10, § 19 | Prohibited the carrying of any pistol, hanger, cutlass, bludgeon, or other offensive weapon with the intent to assault a person. Punishable by imprisonment with hard labor for a period of time to be determined by a jury. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 29 | 1818 | Missouri [Territory] | Henry S. Geyer (Editor), *A Digest of the Laws of Missouri Territory* 374 (1818) § 3 [Slaves] | Prohibited "slave or mulatto" from carrying a gun, powder, shot, club or other weapon and from possessing a gun or ammunition. | Objection to inclusion. <br><br> The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries. <br><br> The law is not "relevantly similar" to CA's assault weapon ban because it restricted *who* (i.e., only |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|--------------------------|----------------------|
| | | | | | disfavored groups) may use and possess arms, not *what* arms anyone may possess. *Id.* at 2133.<br><br>Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms.<br><br>Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Id.* at 2154. |
| 30 | 1820 | Indiana | 1820 Ind. Acts 39, ch. 23, § 1 | Prohibited any person, "not being a traveler," from wearing or carrying "any dirk, pistol, sword in a cane, or other dangerous weapon." Punishable by a fine of no more than $100. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 31 | 1821 | Maine | *Revised Statutes of the State of Maine* 683 (1840), tit. 12, ch. 159, § 5 | Prohibited any persons numbering twelve or more being armed with "clubs or other weapons," or any group numbering thirty or more, from unlawfully, routously, riotously, or tumultuously assembling. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, only applies when one is engaged in unlawful, riotous, or tumultuous assembly. *Bruen*, 142 S.Ct. at 2133.<br><br>But if it were relevant, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 32 | 1821 | Maine | *Revised Statutes of the State of Maine* 709 (1840), tit. 12, ch. 169, § 16 | Prohibited the carrying of a dirk, dagger, sword, pistol, or other offensive and dangerous weapon without reasonable cause to fear an assault. Upon complaint of any person, the person intending to carry such weapons may be required to find sureties for keeping the peace for up to six months. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. And it includes an exception for self-defense. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 33 | 1831 | Indiana | 1831 Ind. Rev. Stat. 192, ch. 26, § 58 | Prohibited the concealed carrying of "any dirk, pistol, bowie knife, dagger, sword in cane or any other dangerous or deadly weapon," unless "being a traveler." Punishable by fine of up to $100. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. And it includes an exception for travelers. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 34 | 1835 | Florida [Territory] | John P. Duval (Editor), *Compilation of the Public Acts of the Legislative Council of the Territory of Florida, Passed Prior to 1840* 423 (1839), ch. 860 | Prohibited concealed carry of "arms of any kind whatsoever" including "dirk, pistol, or other arm, or weapon, except a common pocket-knife." Punishable by fine from $50–100 and/or 1 to 6 months imprisonment. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. And it includes an exception for pocket knives. *Bruen*, 142 S.Ct. at 2133. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| | | | | | Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Id.* at 2154. |
| 35 | 1835 | Massachusetts | Theron Metcalf (Editor), *Revised Statutes of the Commonwealth of Massachusetts Passed November 4, 1835 to which are Subjoined, as Act in Amendment Thereof, and an Act Expressly to Repeal the Acts Which are Consolidated Therein, both Passed in February 1836* 750 (1836) ch. 134, § 16 | Prohibited the carrying of a dirk, dagger, sword, pistol, or other offensive and dangerous weapon without reasonable cause to fear an assault. Punishable by finding sureties for keeping the peace for a term up to 6 months. | Objection to inclusion. |
| | | | | | This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| | | | | | Objection to Description. |
| | | | | | The law does not even ban carry. It only required the posting of a surety and, even then, only if someone complained of a reasonable fear of the person carrying. |
| | | | | | The relevant text is as follows: "If any person shall go armed with a dirk, dagger, sword, pistol, or other offensive and dangerous weapon, without reasonable cause to fear an assault or other injury, or violence to his person, or to his family or property, he may, on complaint of any person **having reasonable cause to fear an injury**, **or breach of the peace**, be required **to find sureties for keeping the peace**, for a term not |

***Rupp v. Bonta***, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | exceeding six months, **with the right of appealing as before provided**."[2] |
| 36 | 1837 | Alabama | 1837 Ala. Laws 7, No. 11, §§ 1, 2 | Imposed tax of $100 on any person selling, giving, or disposing of any Bowie knife or Arkansas toothpick. Failure to pay the tax was subject to penalty of perjury. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on transferring certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 37 | 1837 | Arkansas | William McK. Ball (Editor), *Revised Statutes of the State of Arkansas, Adopted at the October Session of the General Assembly of Said State*, A.O.1837 280 (1838), ch. 44, div. 8, art. 1, § 13 | Prohibited the concealed carrying of any pistol, dirk, butcher or large knife, sword cane, unless "upon a journey." | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* one may carry. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 38 | 1837 | Georgia | *Acts of the General Assembly of the State of Georgia Passed in Milledgeville at an Annual Session in November and* | Prohibited any merchant, or "any other person or persons whatsoever," to sell, offer to sell, keep, or have on their person or elsewhere any Bowie knife or "any other kind of knives, manufactured | No objection to inclusion.<br><br>The law was held to be unconstitutional under the 2nd Amendment. *Nunn v. State*, 1 Ga. 243 (1846). To the extent that it bans the transfer or possession of common arms, like CA's assault weapon ban does, judicial |

---

[2] https://firearmslaw.duke.edu/laws/theron-metcalf-the-revised-statutes-of-the-commonwealth-of-massachusetts-passed-november-4-1835-to-which-are-subjoined-an-act-in-amendment-thereof-and-an-act-expressly-to-repeal-the-acts-which-a/

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
|  |  |  | *December 1837*, at 90-91 (1838) | and sold for the purpose of wearing, or carrying the same as arms of offence or defence," pistols, swords, sword canes, or spears. Exempted "such pistols as are known as horseman's pistols" from these restrictions. Punishable by a fine of up to $100-500 for the first offense and $500-1,000 for subsequent offenses. | review of the law tends to show that CA's assault ban is also unconstitutional. |
| 39 | 1837 | Mississippi | 1837 Miss. Laws 290–92, § 6 | Prohibited the use of any rifle, shotgun, sword cane, pistol, dirk, dirk knife, Bowie knife, or any other deadly weapon in a fight in which one of the combatants was killed, and the exhibition of any dirk, dirk knife, Bowie knife, sword, sword cane, or other deadly weapon in a rude or threatening manner that was not in necessary self-defense. Punishable by liability to decedent and a fine of up to $500 and imprisonment for up to 3 months. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It bans the use of arms (including common arms) to assault and kill people. It also bans brandishing a weapon in a threatening manner necessary for self-defense. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted much too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 40 | 1837 | Mississippi – Town of Sharon | 1837 Miss. Laws 294, § 5 | Authorized the town of Sharon to enact "the total inhibition of the odious and savage practice" of carrying dirks, Bowie knives, or pistols. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession of any arm or any conduct at all. It instead purports to authorize a local jurisdiction to adopt a law. And the State does not indicate whether the town actually passed that law. *Bruen*, 142 S.Ct. at 2133. Even if the town did pass such a law, it would not be "relevantly similar" because it would regulate only carry of certain arms. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|---------------------------|----------------------|
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 41 | 1837 | Tennessee | 1837–1838 Tenn. Pub. Acts 200, ch. 137, § 1 | Prohibited any merchant from selling a Bowie knife or Arkansas tooth pick. Punishable by fine of $100-500 and imprisonment for 1-6 months. | Objection to inclusion. <br><br> If the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Bruen*, 142 S.Ct. at 2133. <br><br> But if it were relevant, the law was adopted too long after the Founding to be afforded much weight—especially because the law is not consistent with founding-era laws. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). <br><br> And this law is an outlier insufficient to establish an American tradition of such regulation. *Bruen*, 142 S.Ct. at 2133. It was the only still-standing prohibition on sales of bowie knives by the end of the 19th century. Kopel, *Bowie Knife Statutes 1837-1899*, Reason Magazine (Nov. 20, 2022). |
| 42 | 1837 | Tennessee | 1837–1838 Tenn. Pub. Acts 200–201, ch. 137, § 2 | Prohibited the carrying of a concealed Bowie knife, Arkansas tooth pick, or other knife or weapon. Punishable by fine of $200-500 and imprisonment for 3-6 months. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|--------------------------|----------------------|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 43 | 1837 | Tennessee | 1837–1838 Tenn. Pub. Acts 201, ch. 137, § 4 | Prohibited the stabbing or cutting of another person with any knife or weapon known as a "Bowie knife, Arkansas tooth pick, or any knife or weapon that shall in form, shape or size resemble a Bowie knife," regardless of whether the person dies. Punishable by imprisonment for 3-15 years. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It only bans the use of certain knives to stab or cut people. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 44 | 1838 | Florida [Territory] | 1838 Fl. Acts 36, No. 24, § 1 | Imposed tax on those selling and purchasing dirks, pocket pistols, sword canes, and bowie knives. Vendors paid a tax of $200/year, and buyers paid a tax of $10/year. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on the purchase and sale of certain knives and small pistols. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). Finally, the 19th-century laws of the Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Id.* at 2154. |
| 45 | 1838 | Virginia | 1838 Va. Acts 76–77, ch. 101, § 1 | Prohibited "habitually or generally" carrying any concealed pistol, dirk, Bowie knife, or any other weapon of like kind. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|--------------------------|----------------------|
|  |  |  |  |  | are carried. *Bruen*, 142 S.Ct. at 2133. |
|  |  |  |  |  | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.") |
| 46 | 1839 | Alabama | 1839 Ala. Acts 67, § 1 | Prohibited the concealed carrying of "any species of fire arms, or any bowie knife, Arkansas tooth-pick, or any other knife of the like kind, dirk, or any other deadly weapon." Punished by fine of $50-100 and imprisonment not to exceed 3 months. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.") |
| 47 | 1839 | Mississippi – Town of Emery | 1839 Miss. Laws 385–86, ch. 168, § 5 | Authorized the town of Emery to enact restrictions on the carrying of dirks, Bowie knives, or pistols. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession of any arm or any conduct at all. It instead purports to authorize a local jurisdiction to adopt a law. And the State does not indicate whether the town actually passed that law. *Bruen*, 142 S.Ct. at 2133. Even if the town did pass such a law, it would not be "relevantly similar" because it would regulate only carry of certain arms. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.") |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|---------------------------|----------------------|
| 48 | 1840 | Mississippi – Town of Hernando | 1840 Miss. Laws 180–81, ch. 111, § 5 | Authorized the town of Hernando to enact restrictions on the carrying of dirks, Bowie knives, or pistols. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession of any arm or any conduct at all. It instead purports to authorize a local jurisdiction to adopt a law. And the State does not indicate whether the town actually passed that law. *Bruen*, 142 S.Ct. at 2133. <br><br> Even if the town did pass such a law, it would not be "relevantly similar" because it would regulate only carry of certain arms. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 49 | 1841 | Alabama | 1841 Ala. Laws 148–49, ch. 7, § 4 | Prohibited the concealed carrying of "a bowie knife, or knife or instrument of the like kind or description, by whatever name called, dirk or any other deadly weapon, pistol or any species of firearms, or air gun," unless the person is threatened with an attack or is traveling or "setting out on a journey." Punished by a fine of $50-100. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. And it includes exceptions for self-defense and when on a "journey." *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 50 | 1841 | Mississippi | 1841 Miss. 52, ch. 1 | Imposed an annual property tax of $1 on each Bowie knife. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on a certain arm. *Bruen*, 142 S.Ct. at 2133. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 51 | 1842 | Louisiana | Henry A. Bullard & Thomas Curry (Editors), 1 *A New Digest of the Statute Laws of the State of Louisiana, from the Change of Government to the Year 1841* 252 (1842), § 59 | Prohibited the carrying of " any concealed weapon, such as a dirk, dagger, knife, pistol, or any other deadly weapon."  Punishable by fine of $20-50. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 52 | 1845 | Illinois | Mason Brayman (Editor), *Revised Statutes of the State of Illinois: Adopted by the General Assembly of Said State, at Its Regular Session, Held in the Years A.D. 1844–45*, 176 (1845), § 139 [Criminal Jurisprudence] | Prohibited the carrying of "any pistol, gun, knife, dirk, bludgeon or other offensive weapon, with intent to assault any person. Punishable by fine up to $100 or imprisonment up to 3 months. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 53 | 1847 | Maine | *The Revised Statutes of the State of Maine*, Passed October 22, 1840, 709 (1847), tit. 12, ch. 169, § 16 | Prohibited the carrying of a dirk, dagger, sword, pistol, or other offensive and dangerous weapon without reasonable cause to fear an assault. Upon complaint of any | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | person, the person intending to carry such weapons may be required to find sureties for keeping the peace for up to one year. | certain arms. And it provides an exception for self-defense *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 54 | 1847 | North Carolina | 1846–1847 N.C. Sess. Laws 107, ch. 42 | Prohibited "any slave" from receiving any sword, dirk, Bowie knife, gun, musket, firearms, or "any other deadly weapons of offense" without written permission. | Objection to inclusion. <br><br> The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries. <br><br> The law is not "relevantly similar" to CA's assault weapon ban because it restricted *who* (i.e., only disfavored groups) may use and possess arms, not *what* arms anyone may possess. *Id.* at 2133. <br><br> Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms. <br><br> Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").; *id.* at 2153-54 ("late 19th-century cannot provide much insight … when it contradicts earlier evidence") |
| 55 | 1849 | California – City of San Francisco | 1849 Cal. Stat. 245, div. 11, § 127 | Prohibited the carrying, with intent to assault any person, any pistol, gun, knife, dirk, bludgeon, or other offensive weapon with the intent to assault another person. Punished by fine of up to $100 and | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | imprisonment for up to 3 months. | or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133. Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.") |
| 56 | 1850 | California | S. Garfielde (Editor), *Compiled Laws of the State of California: Containing All the Acts of the Legislature of a Public and General Nature, Now in Force, Passed at the Sessions of 1850–51–52–53*, 643–44 (1853), ch. 125, div. 4, §§ 40–41 | Provided that a person who challenged another in a duel with a deadly weapon that could result in the death of either participant shall be punished by imprisonment for 1–3 years. Also punishable by a fine of up to $1000. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm or normal conduct at all. It merely holds a person criminally liable if they challenge another in a duel with deadly weapons which could result in death. *Bruen*, 142 S.Ct. at 2133. Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.") |
| 57 | 1850 | California | S. Garfielde (Editor), *Compiled Laws of the State of California: Containing All the Acts of the Legislature of a Public and General Nature, Now in Force, Passed at the Sessions of 1850–51–52–53*, 663–64 (1853), ch. 125, div. 11, § 127 | Prohibited carrying of pistol, gun, knife, dirk, bludgeon, or other offensive weapon with intent to assault. Punishable by fine of up to $100 or imprisonment for up to 3 months. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133. Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 58 | 1850 | Massachusetts | William A. Richardson (Editor), *General Statutes of the Commonwealth of Massachusetts: Enacted December 28, 1859, to Take Effect June 1, 1860*, 816 (1873), ch. 164, § 10 | Prohibited the possession of a dangerous weapon when arrested for committing a criminal offense. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>Objection to description.<br><br>This law does not ban possession of deadly weapons. The law only enhances the criminal sentence of those found to have carrying on their person while committing a separate criminal offense. The relevant text reads: " . . . while committing a criminal offence against the laws of this state, or a breach or disturbance of the public peace, **is armed with, or has on his person**, slung shot, metallic knuckles, billies, or other dangerous weapons, shall be punished by fine not exceeding fifty dollars, or by imprisonment in the jail not exceeding one year." |
| 59 | 1850 | Massachusetts | 1850 Mass. Gen. Law, ch. 194, § 1, as codified in Mass. Gen. Stat. 816 (1873), ch. 164, § 10 | Prohibited the carrying of a slungshot, metallic knuckles, bills, or other dangerous weapon if arrested pursuant to a warrant or while committing a crime. Punishable by fine. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | assault). *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| | | | | | <u>Objection to description.</u> |
| | | | | | This law does not ban possession of the particular weapons. The law only enhances the criminal sentence of those found to have carrying on their person while committing a separate criminal offense. The relevant text reads: " . . . while committing a criminal offence against the laws of this state, or a breach or disturbance of the public peace, **is armed with, or has on his person**, slung shot, metallic knuckles, billies, or other dangerous weapons, shall be punished by fine not exceeding fifty dollars, or by imprisonment in the jail not exceeding one year." |
| 60 | 1850 | Massachusetts | 1850 Mass. Gen. Law, ch. 194, § 2 as codified in Mass. Gen. Stat. 816 (1873), ch. 164 § 11 | Prohibited manufacturing or selling a slungshot or metallic knuckles. Punishable by fine up to $50 or imprisonment up to 6 months. | <u>Objection to inclusion.</u><br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession of any arm. It is only a prohibition on the manufacture and sale of two particular arms, which are not even firearms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 61 | 1850 | Mississippi | 1850 Miss. 43, ch. 1 | Imposed an annual property tax of 50 cents on each Bowie knife. | <u>Objection to inclusion.</u><br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE

**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | manufacture of any arm. It is only a tax on certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 62 | 1851 | Pennsylvania – City of Philadelphia | 1851 Pa. Laws 382, No. 239, § 4 | Prohibited the willful and malicious carrying of any pistol, gun, dirk, knife, slungshot, or deadly weapon. Punishable by imprisonment for 6 months to 1 year and security for future good behavior. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only "willfull and malicious" carry of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. The ordinance did not even cover the entire city of Philadelphia, but one single borough, York. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 63 | 1852 | Alabama | 1851–1852 Ala. Laws 3, ch. 1, § 1 | Tax of $2 on "every bowie knife or revolving pistol." | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 64 | 1852 | Hawaii | 1852 Haw. Sess. Laws 19, § 1 | Prohibited the unauthorized carry of any bowie knife, sword-cane, pistol, air gun, slung-shot, or deadly weapon. Punishable by fine of $10–30 or up to 2 months of hard labor. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it provides an exception to carry with cause. *Bruen*, 142 S.Ct. at 2133. Further, this was not a state law, nor even a Western Territory, but a law of the Monarchy of Hawaii. Hawaii did not become a U.S. territory until annexed in 1898, and did not achieve statehood until 1959. If laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment,'" then laws of foreign countries would be even less so. *Bruen*, 142 S.Ct. at 2154. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 65 | 1852 | New Mexico [Territory] | 1852 N.M. Laws 67, § 1 | Prohibited the concealed carrying of short arms such as pistols, daggers, knives, and other deadly weapons. Punishable by a fine up to $10 or imprisonment up to 15 days. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | weight than it can rightly bear."). Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 66 | 1854 | Kentucky | 1853 Ky. Acts 186, ch. 1020, §§ 1, 2 | Prohibited the concealed carry of "any deadly weapons, other than an ordinary pocket knife," unless (1) "the person has reasonable grounds to believe his person, or the person of some of his family, or his property, is in danger from violence or crime," (2) the person is a sheriff, constable, marshal, or policeman in discharge of official duties, or (3) the person is "required by their business or occupation to travel during the night, the carrying concealed deadly weapons during such travel," with limited exceptions | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. The law also provides multiple exceptions including the carry of pocket knives, self-defense, and requirement for travel. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 67 | 1854 | Mississippi | 1854 Miss. Laws 49–50, ch. 1, § 1 | Imposed an annual property tax of $1 on each Bowie knife, Arkansas toothpick, sword cane, and dueling or pocket pistol. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on certain arms. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

***Rupp v. Bonta***, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|---------------------------|----------------------|
| 68 | 1854 | Washington [Territory] | 1854 Wash. Sess. Law 80, ch. 2, § 30 | Prohibited exhibiting, in a rude, angry, or threatening manner, a pistol, Bowie knife, or other dangerous weapon. Punishable by imprisonment up to 1 year and a fine up to $500. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only brandishing of certain arms (including common arms) in a rude, angry, or threatening manner. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 69 | 1855 | California | 1855 Cal. Stat. 152–53, ch. 127, §§ 1–3 | Provided that a person who killed another in a duel with "a rifle, shot-gun, pistol, bowie-knife, dirk, small-sword, back-sword or other dangerous weapon" would pay the decedent's debts and be liable to the decedent's family for liquidated damages. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession of any arm or any conduct at all. It merely holds a person civilly liable if they kill another person in a duel with certain weapons (including common arms). *Bruen*, 142 S.Ct. at 2133. |
| 70 | 1855 | California | William H. R. Wood (Editor), *Digest of the Laws of California: Containing All Laws of a General Character Which were in Force on the First Day of January, 1858*, 334 (1861), art. 1904 | Prohibited the display of any dirk, dirk-knife, Bowie knife, sword, sword cane, pistol, gun, or other deadly weapon in a threatening manner, or use of such weapon in a fight. Punishable by a fine of $100–500 or imprisonment for 1–6 months. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only brandishing of certain arms (including common arms) in a rude, angry, or threatening manner toward two or more persons. The law also exempts self-defense scenarios. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 71 | 1855 | Indiana | 1855 Ind. Acts 153, ch. 79, §§ 1–2 | Prohibited the use of any gun, stone, stick, club, or any other weapon while on board, or directed at, a train; Punishable by up to 3 months' imprisonment and a fine up to $100 | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only use of certain arms, even then, only in a particular place or while participating in or intending to engage in illegal activity. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 72 | 1855 | Louisiana | 1855 La. Acts 148, ch. 120, § 115 | Prohibited the concealed carrying of "pistols, bowie knife, dirk, or any other dangerous weapon." Punishable by imprisonment up to 3 months and a fine not to exceed $1000. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 73 | 1856 | Mississippi | 1856–1857 Miss. Laws 35 – 36, § 3, art. 10 | Imposed an annual property tax of $1 on each Bowie knife, dirk knife, or sword cane. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on certain arms. *Bruen*, 142 S.Ct. at 2133. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 74 | 1856 | Tennessee | 1855–56 Tenn. Pub. Acts 92, ch. 81. §§ 1–2 | Prohibited the sale or transfer of any pistol, Bowie knife, dirk, Arkansas toothpick, or hunter's knife to a minor. Excepted the transfer of a gun for hunting. | Objection to inclusion. <br><br> The law is not "relevantly similar" to CA's assault weapon ban because it restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by *anyone*, nor did not ban transfer to adults. *Id.* at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 75 | 1856 | Texas | Tex. Penal Code ch. 14, arts. 611–12 (1857) | Provided that the use of a Bowie knife or a dagger in manslaughter is to be deemed murder. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It only enhances criminal charges/penalties for killing another person with certain knives. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, while the court in *Cockrum v. State*, 24 Tex. 394 (1859) upheld the penalty enhancement, it also held that "[t]he right to carry a bowie-knife for lawful defence is secured, and must be admitted." |
| 76 | 1858 | Nebraska [Territory] | 1858 Neb. Laws 69, ch. 1, § 135 | Prohibited the carrying of a pistol, gun, knife, dirk, bludgeon or other offensive weapon with the intent to assault a person. Punishable by fine up to $100. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | assault). *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| | | | | | Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 77 | 1859 | Indiana | 1859 Ind. Acts 129, ch. 78, § 1. | Prohibited the carrying of any dirk, pistol, Bowie knife, dagger, sword in cane, or any other dangerous or deadly weapon with the intent of injuring another person. Exempted any person who was a "traveler." Punishable by fine up to $500. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 78 | 1859 | Kentucky – Town of Harrodsburg | 1859 Ky. Acts 245, ch. 33, § 23 | Prohibited the selling, giving, or loaning of a concealed pistol, dirk, Bowie knife, brass knuckles, slungshot, colt, cane-gun, or other deadly weapon to a "minor, slave, or free negro." Punishable by fine of $50. | Objection to inclusion. <br><br> The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries. <br><br> The law is not "relevantly similar" to CA's assault weapon ban because it restricted *who* may use and possess arms, not *what* arms they may possess. *Id.* at 2133. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|--------------------------|----------------------|
| | | | | | Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms. |
| 79 | 1859 | New Mexico [Territory] | 1859 N.M. Laws 94–96, §§ 1–5 | Prohibited the carrying of a concealed pistol, Bowie knife, cuchillo de cinto (belt buckle knife), Arkansas toothpick, Spanish dagger, slungshot, or any other deadly weapon. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). <br><br> Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 80 | 1859 | Ohio | 1859 Ohio Laws 452, § 210 | Prohibited the concealed carrying of any pistol, Bowie knife, or any other "dangerous weapon." Punishable by fine of up to $200 or imprisonment of up to 30 days for the first offense, and a fine of up to $500 or imprisonment for up to 3 months for the second offense. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|---------------------------|----------------------|
| 81 | 1859 | Washington [Territory] | 1859 Wash. Sess. Laws 109, ch. 2, § 30 | Prohibited exhibiting, in a rude, angry, or threatening manner, a pistol, Bowie knife, or other dangerous weapon. Punishable by imprisonment up to 1 year and a fine up to $500. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only brandishing of certain arms (including common arms) in a rude, angry, or threatening manner. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 82 | 1860 | Georgia | 1860 Ga. Laws 56, No. 63, § 1 | Prohibited the sale or furnishing of any gun, pistol, Bowie knife, slungshot, sword cane, or other weapon to a "slave or free person of color." Punishable by fine up to $500 and imprisonment up to 6 months. | Objection to inclusion.<br><br>The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries.<br><br>The law is not "relevantly similar" to CA's assault weapon ban because it restricted *who* (i.e., only disfavored groups) may use and possess arms, not *what* arms anyone may possess. *Id.* at 2133.<br><br>Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear.").; *id.* at 2153-54 ("late 19th-century cannot provide much insight … when it contradicts earlier evidence") |
| 83 | 1861 | Nevada [Territory] | 1861 Nev. Stat. 61, § 35 | Provided that the killing of another in a duel with a rifle, shotgun, pistol, Bowie knife, dirk, small-sword, back-sword, or other "dangerous weapon" in the killing of another in a duel is to be deemed murder. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It merely provides that killing another person in a duel with certain weapons (including common arms) is murder. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 84 | 1862 | Colorado [Territory] | 1862 Colo. Sess. Laws 56, § 1 | Prohibited the concealed carrying in any city, town, or village any pistol, Bowie knife, dagger, or other deadly weapon. Punished by fine of $5-35. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 85 | 1863 | Kansas – City of Leavenworth | C. B. Pierce, *Charter and Ordinances of the City of Leavenworth, with an Appendix* 45 (1863), § 23 | Prohibited the carrying of any concealed "pistol, dirk, bowie knife, revolver, slung shot, billy, brass, lead or iron knuckles, or any other deadly weapon within this city." Punishable by a fine of $3-100. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 86 | 1863 | Tennessee – City of Memphis | William H. Bridges (Editor), *Digest of the Charters and Ordinances of the City of Memphis, Together with the Acts of the Legislature Relating to the City, with an Appendix* 190 (1863), art. 3, § 3 | Prohibited the carrying of a concealed pistol, Bowie knife, dirk, or any other deadly weapon. Punishable by fine of $10-50. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|-------------|----------|--------------------------|----------------------|
| | | | | | weight than it can rightly bear."). |
| 87 | 1864 | California | Theodore H. Hittell (Editor), *The General Laws of the State of California, from 1850 to 1864, Inclusive* 261 (1872), § 1585 [§ 1] | Prohibited the concealed carrying of any dirk, pistol, sword cane, slungshot, or "other dangerous or deadly weapon." Exempted any peace officer or officer acting under the law of the United States. Punishable by imprisonment for 30-90 days or fine of $20-200. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 88 | 1864 | Montana [Territory] | 1864 Mont. Laws 355, § 1 [Deadly weapons] | Prohibited the carrying of a concealed "any pistol, bowie-knife, dagger, or other deadly weapon" within any town or village in the territory. Punishable by fine of $25-100. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 89 | 1865 | Utah [Territory] | Henry McEwan (Editor), *Acts, Resolutions and Memorials Passed at the Several Annual Sessions of* | Prohibited the "set[ting] of any gun." Punishable by imprisonment of up to 1 year or a fine of up to $500. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|--------------------------|----------------------|
| | | | *the Legislative Assembly of the Territory of Utah* 59 (1866), ch. 22, tit. 8, § 102 | | setting of "trap guns"). And it regulates for completely different reasons than CA's assault weapon ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 90 | 1866 | New York | Montgomery H. Throop (Editor), *Revised Statutes of the State of New York*, Vol. 3, at 2512 (1882), ch. 716, §§ 1–2 | Prohibited using, attempting to use, concealing, or possessing a slungshot, billy, sandclub or metal knuckles, and any dirk or dagger, or sword cane or air-gun. Punishable by imprisonment for up to 1 year and/or a fine up to $500. | Objection to inclusion. If the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Bruen*, 142 S.Ct. at 2133. But if it were relevant, the law was adopted too long after the Founding to be afforded much weight—especially because the law is not consistent with founding-era laws. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). And this law is an outlier insufficient to establish an American tradition of such regulation. *Bruen*, 142 S.Ct. at 2133. |
| 91 | 1866 | North Carolina | 1866 N.C. Sess. Laws 30 & 33–34, ch. 21, § 1, sched. A(11) | Imposed a $1 tax on every dirk, Bowie knife, pistol, sword cane, dirk cane, and rifle cane used or | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | worn during the year. | manufacture of any arm. It is only a tax on certain arms. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 92 | 1867 | Alabama | 1866–1867 Ala. Laws 260 & 263, ch. 2, § 2(10) | Tax of $2 on pistols or revolvers in the possession of private persons, excluding dealers, and a tax of $3 on "all bowie knives, or knives of the like description."  Non-payment was punishable by seizure and, unless payment was made within 10 days with a penalty of an additional 50%, subject to sale by public auction. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on certain arms. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 93 | 1867 | Colorado [Territory] | 1867 Colo. Sess. Laws 229, § 149 | Prohibited the concealed carrying of any pistol, Bowie knife, dagger, or other deadly weapon within any city, town, or village in the territory. Punishable by fine of $5-35. Exempted sheriffs, constables, and police officers when performing their official duties. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 94 | 1867 | Tennessee – City of Memphis | William H. Bridges (Editor), *Digest of the Charters and Ordinances of the City of Memphis, from 1826 to 1867, Inclusive, Together with the Acts of the Legislature Relating to the City, with an Appendix*, 44 (1867), §§ 4746, 4747, 4753, 4757 | Prohibited the carrying of a concealed Bowie knife, Arkansas tooth pick, dirk, sword cane, Spanish stiletto, belt or pocket pistol, or other knife or weapon. Also prohibited selling such a weapon or using such a weapon to threaten people. | § 4746. Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). § 4747. No objection to inclusion. To the extent that the law restricted sales of arms in common use for lawful purposes at the time, it may be relevant to this Court's analysis. If relevant, however, the law was adopted too long after the Founding to be afforded much weight— especially because the law is not consistent with founding-era laws. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | And this law is an outlier insufficient to establish an American tradition of such regulation. *Bruen*, 142 S.Ct. at 2133. |
| | | | | | § 4753. <u>Objection to inclusion.</u> |
| | | | | | This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only applies when carrying to terrorize others. *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. |
| | | | | | Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| | | | | | § 4757. <u>Objection to inclusion.</u> |
| | | | | | This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. |
| | | | | | Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 95 | 1867 | Tennessee – City of Memphis | William H. Bridges (Editor), *Digest of the Charters and Ordinances of the City of Memphis, from 1826 to 1867, Inclusive, Together with the Acts of the Legislature Relating to the City, with an Appendix*, 50 (1867), § 4864 | Prohibited selling, loaning, or giving to a minor a pistol, Bowie knife, dirk, Arkansas tooth-pick, hunter's knife, or like dangerous weapon, except a gun for hunting or self defense in traveling. Punishable by fine of minimum $25 and imprisonment. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's assault weapon ban because it restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by anyone, nor did not ban transfer to adults. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 96 | 1868 | Alabama | Wade Keyes & Fern Wood (Editors), Code of Alabama 883 (1876), ch. 3, § 4111 | Prohibited the carrying of any rifle or "shot-gun walking cane." Punishable by fine of $500-1000 and imprisonment of no less than 2 years. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight—especially because the law is not consistent with founding-era laws. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>What's more, this law is an extreme outlier in restricting the carry of rifles; it is insufficient to establish an American tradition of such regulation. *Bruen*, 142 S.Ct. at 2133. |
| 97 | 1868 | Florida | W. A. Blountet al. (Editors), *The Revised | Prohibited the concealed carrying of slungshot, metallic knuckles, | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | *Statutes of the State of Florida* 782–83 (1892), tit. 2, art. 5, § 2423 | billies, firearms, or other dangerous weapons if arrested for committing a criminal offense or disturbance of the peace. Punishable by imprisonment up to 1 year and a fine up to $50. | weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, only when participating in illegal conduct or disturbing the peace. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 98 | 1868 | Florida | W. A. Blount et al. (Editors), *The Revised Statutes of the State of Florida* 782–83 (1892), tit. 2, art. 5, § 2425 | Prohibited the manufacture or sale of slungshots or metallic knuckles. Punishable by imprisonment for up to 6 months or a fine up to $100. | Objection to inclusion.<br><br>If the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Bruen*, 142 S.Ct. at 2133.<br><br>But if relevant, the law was adopted too long after the Founding to be afforded much weight—especially because the law is not consistent with founding-era laws. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>And this law is an outlier insufficient to establish an American tradition of such regulation. *Bruen*, 142 S.Ct. at 2133. |
| 99 | 1868 | Florida | 1868 Fla. Laws 95, ch. 7, § 10 | Prohibited the carrying of a slungshot, metallic knuckles, billies, firearms or other dangerous weapon if arrested for committing a criminal offence or disturbance of the peace. Punishable by imprisonment up to 3 months or a fine up to $100. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, only when participating in illegal conduct or disturbing the peace. *Bruen*, 142 S.Ct. at 2133. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 100 | 1868 | Florida | James F McClellan (Editor), *A Digest of the Laws of the State of Florida: From the Year One Thousand Eight Hundred and Twenty-Two, to the Eleventh Day of March, One Thousand Eight Hundred and EightyOne, Inclusive* 403 (1881), § 13 | Prohibited the carrying "about or on their person" any dirk, pistol or other arm or weapon, except a "common pocket knife." Punishable by fine up to $100 or imprisonment up to 6 months. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 101 | 1869 | Minnesota | 1869 Minn. Laws 50–51, ch. 39, §§ 1–3 | Prohibited "the setting of a so-called trap or spring gun, pistol, rifle or other deadly weapon." Punishable by fine up to $500 and/or imprisonment up to 6 months, if no injury resulted. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "trap guns"). And it regulates for completely different reasons than CA's assault weapon ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 102 | 1869 | New Mexico [Territory] | 1868–69 N.M. Session Laws 72–73, ch. 32, §§ 1–3 | Prohibited any carry of deadly weapons, including pistols (revolver, repeater, derringer), Bowie knives, daggers, poniards, | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | butcher knives, dirk knives, sword canes, and slung shot. Punishable by fine up to $50 and/or imprisonment up to 50 days. | manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 103 | 1869 | Tennessee | 1869–70 Tenn. Pub. Acts 23–24, ch. 22, § 2 | Prohibited the carrying of any "pistol, dirk, bowie-knife, Arkansas tooth-pick," any weapon resembling a bowie knife or Arkansas toothpick, "or other deadly or dangerous weapon" while "attending any election" or at "any fair, race course, or public assembly of the people." | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only while attending certain public events. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 104 | 1869 | Washington [Territory] | 1869 Wash. Sess. Laws 203–04, ch. 2, § 32 | Prohibited exhibiting, in a rude, angry, or threatening manner, a pistol, Bowie knife, or other dangerous weapon. Punishable by imprisonment up to 1 year and a fine up to $500. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only exhibiting/brandishing of certain arms (including common arms) in a rude, angry, or threatening manner. *Bruen*, 142 S.Ct. at 2133. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 105 | 1870 | Georgia | 1870 Ga. Laws 421, tit. 16, ch. 285, §§ 1–3 | Prohibited the open or concealed carry of "any dirk, bowie-knife, pistol or revolver, or any kind of deadly weapon" at "any court of justice, or any general election ground or precinct, or any other public gathering," except for militia musters. Punishable by imprisonment up to 20 days and/or a fine up to $50. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only applies in certain public spaces. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 106 | 1870 | Louisiana | 1870 La. Acts 159–60, § 73 | Prohibited the carrying of a concealed or open gun, pistol, Bowie knife or other dangerous weapon on an election day during the hours the polls are open or during registration. Punishable by fine of minimum $100 and imprisonment of minimum 1 month. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried and only during elections. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 107 | 1870 | Tennessee | 1869–1870 Tenn. Pub. Acts 28, ch. 13, § 1 | Prohibited the carrying of a "dirk, sword-cane, Spanish stiletto, belt or pocket pistol or revolver." Punishable by a fine of up to $50, imprisonment up to 6 months, and | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | imposition of a $1,000 bond "to keep the peace" for 6 months after conviction. | certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 108 | 1870 | Texas | 1870 Tex. Gen. Laws 63, ch. 46, § 1 | Prohibited the carrying of a Bowie knife, dirk or butcher knife, or firearms in any school room or any place where persons are assembled for educational, literary, or scientific purposes, or a ballroom, social party, or other social gathering, or any election precinct during an election. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only applies in certain public spaces. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 109 | 1871 | Arkansas – City of Little Rock | John H. Cherry (Editor), *Digest of the Laws and Ordinances of the City of Little Rock* 168 (1882), §399 | Prohibited carrying of a pistol, revolver, Bowie knife, dirk, rifle, shot gun, slungshot, colt, or metal knuckles while engaged in a breach of the peace. Punishable by a fine of $25-500. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., breach of the peace). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|---------------------------|----------------------|
| 110 | 1871 | District of Columbia | 1871–1872 D.C. Laws, Part II, 33, ch. 25 | Prohibited the carrying or having concealed "any deadly or dangerous weapons, such as daggers, air-guns, pistols, Bowie knives, dirk-knives, or dirks, razors, razor-blades, sword-canes, slungshots, or brass or other metal knuckles."  Punishable by forfeiture of the weapon and a fine of $20-50. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 111 | 1871 | Mississippi | 1871 Miss. Laws 819–20, ch. 33, art. 3, § 1 | Imposed property tax on pistols, dirks, Bowie knives, and sword canes. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 112 | 1871 | Missouri – City of St. Louis | Everett W. Pattinson (Editor), *Revised Ordinance of the City of St. Louis* 491 (1871), art. 2, § 9 | Prohibited the carrying of a concealed pistol, or revolver, colt, billy, slungshot, cross knuckles, or knuckles of lead, brass or other metal, Bowie knife, razor, dirk knife, dirk, dagger, or any knife resembling a Bowie knife, or any other dangerous or deadly weapon without written permission from the Mayor. Punishable by fine of $10-500. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|--------------------------|----------------------|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 113 | 1871 | New Jersey – City of Jersey City | *Order of the Board of Aldermen. Ordinances of Jersey City, Passed By The Board Of Aldermen since May 1, 1871, under the Act Entitled "An Act to Reorganize the Local Government of Jersey City," Passed March 31, 1871, and the Supplements Thereto* 41 (1874), §§ 1–4 | Prohibited concealed carry of any "slung-shot, billy, sand-club or metal knuckles, and any dirk or dagger (not contained as a blade of a pocketknife), and loaded pistol or other dangerous weapon." Punishable by fine up to $20. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 114 | 1871 | Texas | 1871 Tex. Laws 25, ch. 34, § 1 | Prohibited the carrying of a concealed pistol, dirk, dagger, slungshot, sword cane, spear, brass knuckles, Bowie knife, or any other kind of knife used for offense or defense, unless carried openly for self-defense. Punishable by fine of $20-100, forfeiture of the weapon, and for subsequent offenses, imprisonment up to 60 days. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. And it provides an exception for self-defense. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). <br><br> Finally, while *English v. State*, 35 Tex. 47 (1872) upheld the constitutionality of the TX law, it held that the arms protected by the 2nd Amendment are only "the arms of a militiaman or soldier." This is not the test under *Heller* or *Bruen*. |
| 115 | 1871 | Texas | 1871 Tex. Laws 25, ch. 34, § 3 | Prohibited the carrying of a concealed or open gun, pistol, | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | Bowie knife, or other dangerous weapon within a half mile of a polling site on an election day. Also prohibited generally carrying a pistol, dirk, dagger, slungshot, sword cane, spear, brass knuckles, Bowie knife, or other kind of knife used for offense or defense. Punishable by fine and forfeiture of the weapon. | weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried and within ½ mile from polling sites on election day. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 116 | 1872 | Maryland – City of Annapolis | 1872 Md. Laws 57, ch. 42, § 246 | Prohibited the carrying of a concealed pistol, dirk-knife, Bowie knife, slingshot, billy, razor, brass, iron or other metal knuckles, or any other deadly weapon. Punishable by a fine of $3-10. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 117 | 1872 | Nebraska – City of Nebraska | Gilbert B. Scolfield (Editor), *Laws, Ordinances and Rules of Nebraska City, Otoe County, Nebraska*, 36 (1872), No. 7, § 1 | Prohibited the carrying openly or concealed of a musket, rifle, shot gun, pistol, sabre, sword, Bowie knife, dirk, sword cane, billy slungshot, brass or other metallic knuckles, or any other dangerous or deadly weapons. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | And the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>What's more, the law is an extreme outlier in that it restricts carry of rifles and other long guns; it is insufficient to establish an American tradition of such regulation. *Id.* at 2133. |
| 118 | 1873 | Alabama | Wade Keyes & Fern Wood (Editors), *Code of Alabama*, 1876, 883 (1877), ch. 3, § 4110 | Prohibited the concealed carrying of any brass knuckles, slungshots, or "other weapon of like kind or description." Punishable by a fine of $20-200 and imprisonment or term of hard labor not to exceed 6 months. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 119 | 1873 | Minnesota | A.H. Bissell (Editor), *Statutes at Large of the State of Minnesota* 993 (Vol. 2, 1873), ch. 54, §§ 64–65 | Prohibited the setting of any spring or trap gun. Punished by imprisonment for at least 6 months or a fine of up to $500 if no injury results; imprisonment for up to 5 years if non-fatal injury results; and imprisonment for 10-15 years if death results. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's assault weapon ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "trap guns"). And it regulates for completely different reasons than CA's assault weapon ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | weight than it can rightly bear."). |
| 120 | 1873 | Nevada | M.S. Bonnifield & T.W. Healy (Editors), *Compiled Laws of the State of Nevada. Embracing Statutes of 1861 to 1873, Inclusive*, 563 (Vol. 1, 1873), §§ 35–36 | Prohibited dueling and killing a person with a rifle, shotgun, pistol, Bowie knife, dirk, small sword, backsword, or other dangerous weapon. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It merely bans killing another person in a duel with certain weapons (including common arms). *Bruen*, 142 S.Ct. at 2133. |
| 121 | 1873 | Tennessee | Seymour D. Thompson & Thomas M. Steger (Editors), *Compilation of the Statute Laws of the State of Tennessee*, 125 (Vol. 2, 1873), ch. 9, art. 2, § 4864 | Prohibited selling, loaning, or giving to a minor a pistol, Bowie knife, dirk, Arkansas tooth-pick, hunter's knife, or like dangerous weapon, except a gun for hunting or self defense in traveling. Punishable by fine of minimum $25 and imprisonment for a term determined by the court. | Objection to inclusion. The law is not "relevantly similar" to CA's assault weapon ban because it restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by anyone, nor did not ban transfer to adults. And it provides express exceptions for hunting and self-defense. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 122 | 1874 | Alabama | 1874–1875 Ala. Laws 41, § 102, pt. 27 | Imposed $25 occupational tax on dealers of pistols, Bowie knives, and dirk knives. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on certain arms. And it only applies to dealers. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|--------------------------|----------------------|
| 123 | 1874 | Illinois | Harvey Bostwick Hurd (Editor), *Revised Statutes of the State of Illinois*. A.D. 1874, 360 (1874), ch. 38, § 56 | Prohibited the carrying a concealed weapon, including a pistol, knife, slungshot, brass, steel, or iron knuckles, or other deadly weapon while disturbing the peace. Punishable by fine up to $100. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried and only when one is "disturbing the peace." *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 124 | 1874 | Virginia | 1874–1875 Va. Acts 282–83, ch. 239, § 6, sched. B(18) | Included the value of all "rifles, muskets, and other fire-arms, bowie-knives, dirks, and all weapons of a similar kind" in list of taxable personal property. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. In fact, it does not regulate conduct of any kind. It merely includes arms as taxable personal property. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 125 | 1875 | Alabama | 1875–1876 Ala. Acts 46, Rev. Code, ch. 1, § 1(5) | Imposed tax rate of 0.75% of the value of any pistols, guns, dirks, and Bowie knives. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapo ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on certain arms. And it only applies to dealers. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 126 | 1875 | Alabama | 1875–1876 Ala. Acts 82, Rev. Code, ch. 9, § 7(15) | Imposed $50 occupational tax on dealers of pistols, Bowie knives, and dirk knives. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on certain arms. And it only applies to dealers. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 127 | 1875 | Arkansas | 1874–1875 Ark. Acts 156, § 1 | Prohibited the carrying in public of any "pistol, gun, knife, dirk, bludgeon, or other offensive weapon, with intent to assault any person."  Punishable by a fine of $25-100. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). Finally, the law was held to be unconstitutional in *Wilson v. State*, 33 Ark. 557 (1878). |
| 128 | 1875 | Idaho [Territory] | *Compiled and Revised Laws of the Territory of Idaho*, 354 (1875), § 133 | Prohibited the carrying of "any pistol, gun, knife, dirk, bludgeon, or other offensive weapon, with intent to assault any person." Punishable by imprisonment for up | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | to 3 months or a fine up to $100. | or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 129 | 1875 | Indiana | 1875 Ind. Acts 62, ch. 17, § 1 | Prohibited the drawing or threatening to use a pistol, dirk, knife, slungshot, or any other deadly or dangerous weapon. Punishable by fine of $1-500, and potentially imprisonment up to 6 months. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only drawing/brandishing or threatening to draw/brandish certain arms. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 130 | 1875 | Michigan | 1875 Mich. Pub. Acts 136, ch. 97, § 1 | Prohibited the setting of any spring or trap gun. | Objection to inclusion. The law is not "relevantly similar" to CA's assault weapon ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "trap guns"). And it regulates for completely different reasons than CA's assault weapon ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 131 | 1875 | Pennsylvania | 1875 Pa. Laws 33, ch. 38, § 1 | Prohibited the concealed carrying of any "fire-arms, slung-shot, handybilly, dirk-knife, razor or other deadly weapon" with intent to injure another. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 132 | 1876 | Alabama | 1876–77 Ala. Code 882, § 4109 | Prohibited the carrying of a Bowie knife, pistol, or air gun, or any other weapon of "like kind or description," unless threatened with or having good cause to fear an attack or while traveling or setting out on a journey. Punishable by a fine of $50-300 and imprisonment or hard labor for no more than 6 months. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it provides an exception for self-defense. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 133 | 1876 | Alabama | Wade Keyes (Editor), *Code of Alabama* 1876 882 (1877), ch. 3, § 4109 | Prohibited the concealed carrying of any Bowie knife, or any other knife of like kind or description, pistol, air gun, slungshot, brass knuckles, or other deadly or | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE

**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|---------------------------|----------------------|
| | | | | dangerous weapon, unless the person was threatened with, or had good reason to apprehend, an attack, or "while traveling, or setting out on a journey." Punishable by fine of $50–300 and imprisonment of not more than 6 months. | certain arms, and even then, it only regulates *how* they are carried. And it had exceptions for self-defense and while traveling or on a journey. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 134 | 1876 | Alabama | Wade Keyes (Editor), *Code of Alabama* 1876 901 (1877), ch. 6, § 4230 | Prohibited the sale, giving, or lending of any pistol, Bowie knife, or "like knife" to any boy under the age of 18. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's assault weapon ban because it restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by anyone, nor did not ban transfer to adults. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 135 | 1876 | Colorado | 1876 Colo. Sess. Laws 304, § 154 | Prohibited the carrying with intent to assault another any pistol, gun, knife, dirk, bludgeon, or other offensive weapon. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 136 | 1876 | Georgia | 1876 Ga. L. 112, ch. 128, § 1 | Prohibited the gift, transfer, or sale of any pistol, dirk, Bowie knife, or sword cane to a minor. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's assault weapon ban because it restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by anyone, nor did not ban transfer to adults. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 137 | 1876 | Illinois – Village of Hyde Park | *Consider H. Willett, Laws and Ordinances Governing the Village of Hyde Park [Illinois] Together with Its Charter and General Laws Affecting Municipal Corporations; Special Ordinances and Charters under Which Corporations Have Vested Rights in the Village. Also, Summary of Decisions of the Supreme Court Relating to Municipal Corporations, Taxation and Assessments*, 64 (1876), § 39 | Prohibited the carrying a concealed pistol, revolver, slungshot, knuckles, Bowie knife, dirk knife, dirk, dagger, or any other dangerous or deadly weapon without written permission from the Captain of Police. Exempted peace officers. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 138 | 1876 | Wyoming [Territory] | John W. Blake et al. (Editors), *Revised Statutes of Wyoming in Force January 1, 1887*, 306 (1887), § 1027 | Prohibited the carrying of a pistol, knife, dirk, bludgeon, or other offensive weapon with the intent to assault a person. Punishable by fine up to $500 or imprisonment up to 6 months. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | assault). *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| | | | | | Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 139 | 1877 | Colorado – Town of Georgetown | Edward O. Wolcott (Editor), *Ordinances of Georgetown* [Colorado] Passed June 7th, A.D. 1877, 100 (1877), § 9 | Prohibited the concealed carrying of any pistol, Bowie knife, dagger, or other deadly weapon. Punishable by a fine of $5-50. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. <br><br> Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 140 | 1877 | New Jersey | *Revision of the Statutes of New Jersey: Published under the Authority of the Legislature; by Virtue of an Act Approved April 4, 1871*, 304 (1877), § 2 | Prohibited The carrying of "any pistol, hanger, cutlass, bludgeon, or other offensive weapon, with intent to assault any person." Punishable as a "disorderly person." | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e, assault). *Bruen*, 142 S.Ct. at 2133. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 141 | 1877 | South Dakota [Territory] | G.C. Moody (Editor), *Revised Codes, 1903, State of South Dakota* 1150 (1903), §§ 470–471. | Prohibited the carrying, "whether concealed or not," of any slungshot, and prohibited the concealed carrying of any firearms or sharp or dangerous weapons. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 142 | 1877 | Utah – City of Provo | *Revised Ordinances Of Provo City [Utah], Containing All The Ordinances In Force On the First Day of February, A.D. 1877, and the Rules and Order of Business of Provo City Council* 106–07 (1877), ch. 6, § 182 | Prohibited carrying a pistol, or other firearm, slungshot, false knuckles, Bowie knife, dagger or any other "dangerous or deadly weapon." Punishable by fine up to $25. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 143 | 1878 | Alabama – City of Uniontown | 1878–1879 Ala. Laws 437, ch. 314, § 14 | Authorized Uniontown to license dealers of pistols, Bowie knives, and dirk knives. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession of any arm or any conduct at all. It instead purports to authorize a |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | local jurisdiction to adopt a law. And the State does not indicate whether the town actually passed that law. *Bruen*, 142 S.Ct. at 2133. <br><br> Even if the town did pass such a law, it would not be "relevantly similar" because it would regulate only carry of certain arms. |
| 144 | 1878 | Mississippi | 1878 Miss. Laws 175, ch. 46, § 1 | Prohibited the carrying of a concealed Bowie knife, pistol, brass knuckles, slungshot or other deadly weapon. Excepted travels other than "a tramp." Punishable by fine of $5-100. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. And it provided an exception for travelling. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 145 | 1879 | Alabama – City of Montgomery | William S. Thorington (Editor), *Code of Ordinances of the City Council of Montgomery* [Alabama] 225 (1888), Pen. Code, Ch. 43, § 5188 | Prohibited carrying of a concealed Bowie knife, pistol, air gun, slungshot, brass knuckles, or other deadly or dangerous weapon. Punishable by a fine of $1-100. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. <br><br> Finally., the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 146 | 1879 | Idaho – City of Boise [Territory] | *Charter and Revised Ordinances of Boise City, Idaho, in Effect April 12, 1894*, 118–19 (1894), § 36 | Prohibited the carrying a concealed Bowie knife, dirk knife, pistol or sword in cane, slungshot, metallic knuckles, or other dangerous or deadly weapon, unless traveling or setting out on a journey. Punishable by fine up to $25 and/or imprisonment up to 20 days. | Objection to inclusion._<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>And the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 147 | 1879 | Louisiana | La. Const. of 1879, art. III | Provided the right to bear arms, but authorizes the passage of laws restricting the carrying of concealed weapons. | No objection to inclusion._<br><br>To the extent that the law recognizes the individual right to bear arms, it is potentially relevant to this Court's analysis.<br><br>But providing authority to regulate carrying of concealed weapons is not "relevantly similar" to CA's assault weapon ban. It does not ban the possession, manufacture, or transfer of any arms. It regulates only the carry of arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. |
| 148 | 1879 | Montana [Territory] | 1879 Mont. Laws 359, div. 4, § 23 | Prohibited dueling and killing a person involved with a rifle, shot-gun, pistol, Bowie knife, dirk, | Objection to inclusion._<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE

**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | small-sword, back-sword, or other dangerous weapon. Punishable by death by hanging. | manufacture of any arm. It merely bans killing another person in a duel with certain weapons (including common arms). *Bruen*, 142 S.Ct. at 2133. |
| 149 | 1879 | North Carolina | 1879 N.C. Sess. Laws 231, ch. 127, §§ 1–5 | Prohibited the concealed carrying of any pistol, Bowie knife, dirk, dagger, slungshot, loaded case, metal knuckles, razor, or other deadly weapon. Exemption for carrying on the owner's premises. Punishable by fine or imprisonment at the discretion of the court. | Objection to inclusion.

This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. And it provides an express exemption for carry within the home. *Bruen*, 142 S.Ct. at 2133.

Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 150 | 1879 | Tennessee | 1879 Tenn. Pub. Acts 135–36, ch. 46, §§ 1–6 | Prohibited the sale of belt or pocket pistols, or revolvers, or other kind of pistol, except Army or Navy pistols. | Objection to inclusion.

This law is not "relevantly similar" to CA's assault weapon ban. It does not ban transfer or manufacture of arms in common use for lawful purposes at the time, as it exempted the popular Army and Navy pistols. *Bruen*, 142 S.Ct. at 2133.

Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 151 | 1879 | Tennessee | W.A. Milliken and John J. Vertrees (Editors*), Code of Tennessee, Being a Compilation of the Statute Laws of the State of* | Prohibited the carrying, "publicly or privately," of any dirk, razor, sword cane, loaded cane, slungshot, brass knuckles, Spanish stiletto, belt or pocket pistol, | Objection to inclusion.

This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | *Tennessee, of a General Nature, in Force June 1, 1884,* 1060–61 (1884), § 5533 | revolver, or any kind of pistol. | are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 152 | 1880 | Ohio | Michael A. Daugherty, et al. (Editors), *Revised Statutes and Other Acts of a General Nature of the State of Ohio: In Force January 1, 1880,* 1633 (Vol. 2, 1879), tit. 1, ch. 5, § 6892 | Prohibited the concealed carrying of any pistol, Bowie knife, dirk, or other dangerous weapon. Punishable by a fine of up to $200 or imprisonment for up to 30 days for the first offense, and a fine of up to $500 or imprisonment for up to 3 months for the second offense. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 153 | 1880 | South Carolina | 1880 S.C. Acts 447–48, No. 362, § 1 | Prohibited the carrying of a concealed pistol, dirk, dagger, slungshot, metal knuckles, razor, or other deadly weapon. Punishable by fine up to $200 and/or imprisonment up to 1 year. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 154 | 1881 | Alabama | 1880–1881 Ala. Laws 38–39, ch. 44, § 1 | Prohibited the concealed carrying of any Bowie knife, or any other knife of like kind or description, pistol, or firearm of "any other | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of only carry of |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | kind or description," or air gun. Punishable by fine of $50-300 and imprisonment of not more than 6 months. Further provided that fines collected under the statute would be monetary and not in-kind payments. | certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 155 | 1881 | Arkansas | 1881 Ark. Acts 191–92, ch. 96, §§ 1–2 | Prohibited the carrying of any dirk, Bowie knife, sword, spear cane, metal knuckles, razor, or any pistol (except pistols that are used in the Army or Navy if carried openly in the hand). | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 156 | 1881 | Colorado | 1881 Colo. Sess. Laws 74, § 1 | Prohibited concealed carry of any pistol, Bowie knife, dagger, or other deadly weapon in any city, town, or village. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. The law also provides an exemption for those authorized by a local chief of police. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 157 | 1881 | Delaware | 1881 Del. Laws 716, ch. 548, § 1 | Prohibited the carrying of concealed deadly weapons or | Objection to inclusion. The law's transfer restriction is not "relevantly similar" |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | selling deadly weapons other than an ordinary pocket knife to minors. Punishable by a fine of $25-200 or imprisonment for 10-30 days. | to CA's assault weapon ban because it restricted only the transfer of certain arms (including common arms) to *minors*. It did not flatly ban possession by anyone, nor did it ban transfer to adults. *Bruen*, 142 S.Ct. at 2133. <br><br> The restriction on concealed carry is not "relevantly similar" either. It does not ban the possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 158 | 1881 | Illinois | 1881 Ill. Laws 73, §§ 1, 4 | Prohibited the possession, selling, loaning, or hiring for barter of a slungshot or metallic knuckles or other deadly weapon. Punishable as a misdemeanor. | Objection to inclusion. <br><br> If the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Bruen*, 142 S.Ct. at 2133. <br><br> But if relevant, the law was adopted too long after the Founding to be afforded much weight—especially because the law is not consistent with founding-era laws. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). <br><br> And this law is an outlier insufficient to establish an American tradition of such regulation. *Bruen*, 142 S.Ct. at 2133. |
| 159 | 1881 | Illinois | 1881 Ill. Laws 73, § 2 | Prohibited selling, giving, loaning, hiring for barter any minor a pistol, revolver, derringer, Bowie knife, | Objection to inclusion. <br><br> The law's transfer restriction is not "relevantly similar" |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | dirk or other deadly weapon. Punishable by fine of $25–200. | to CA's assault weapon ban because it restricted only the transfer of certain arms (including common arms) to *minors*. It did not flatly ban possession by anyone, nor did it ban transfer to adults. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 160 | 1881 | Indiana | 1881 Ind. Acts 191, ch. 37, § 81 | Prohibited drawing or threatening to use any pistol, dirk, knife, slungshot, or other deadly weapon on any other person. Punishable by $1-$500 fine and/or imprisonment up to 6 months. | <u>Objection to inclusion.</u><br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only exhibiting/brandishing of arms in a terrorizing manner. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 161 | 1881 | Indiana | 1881 Ind. Acts 191, ch. 37, § 82 | Prohibited concealed carry of any dirk, pistol, Bowie knife, dagger, sword in cane, or other dangerous or deadly weapon. Excepted travelers. Also prohibited open carry of same with intent of injuring another. Punishable by fine up to $500. | <u>Objection to inclusion.</u><br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>The restriction on open carry is not "relevantly similar" either. It does not ban the possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity. (i.e., assault). |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|---------------------------|----------------------|
| | | | | | *Id*. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 162 | 1881 | Indiana | *Revised Statues of the State of Indiana, Embracing the Revision of 1881 and All General Laws Enacted Subsequent to That Revision* 366 (1881), § 1957 | Prohibited maliciously or mischievously shooting a gun, rifle, pistol, or other missile or weapon, or throwing a stone, stick, club, or other substance at a vehicle. Punishable by imprisonment for 30 days to 1 year and a fine of $10-100. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It merely bans shooting or throwing certain projectiles at vehicles. And it regulates for very different reasons (i.e., vehicle accident prevention). *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 163 | 1881 | Missouri – City of Boonville | J. H. Johnston (Editor), *Revised Charter and Ordinances of the City of Boonville*, Mo. 91 (1881), No. 17, art. 1, § 6 | Prohibited concealed carry of any pistol, revolver, dirk, dagger, slunshot, metallic knuckles, or other deadly or dangerous weapon. Punishable by fine of $5–90. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 164 | 1881 | Nebraska | Guy A. Brown (Editor), *Compiled Statutes of the* | Prohibited concealed carry of any pistol, bowie knife, dirk, or other | Objection to inclusion. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | *State of Nebraska, Comprising All Laws of a General Nature in Force July 1, 1881*, 666 (1881), ch. 5, § 25 | dangerous weapon. Punishable by fine up to $100 and/or up to 30 days imprisonment for first offense, and fine up to $100 and/or up to 3 months imprisonment for second offense. | This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 165 | 1881 | Nevada | David E. Baily, *The General Statutes of the State of Nevada. In Force. From 1861 to 1885, Inclusive. With Citations of the Decisions of the Supreme Court Relating Thereto*, at 1077 (1885), An Act to prohibit the carrying of concealed weapons by minors, § 1 | Prohibited a minor from carrying a concealed dirk, pistol, sword in case, slungshot, or other dangerous or deadly weapon. Punishable by fine of $20-200 and/or imprisonment of 30 days to 6 months. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried by *minors*. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 166 | 1881 | Tennessee – City of Nashville | William K. McAlister (Editor), *Ordinances of the City of Nashville, to Which are Prefixed the State Laws Chartering and Relating to the City, with an Appendix*, 340–41 (1881), ch. 108, § 1 | Prohibited the carrying of pistol, Bowie knife, dirk, slungshot, brass knuckles, or other deadly weapon. Punishable by fine of $10–50 for a first offense and $50 for subsequent offenses. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 167 | 1881 | Washington [Territory] | 1881 Wash. Code 181, Criminal Procedure, Offenses Against Public Policy, ch. 73, § 929 | Prohibited the carrying of "any concealed weapon." Punishable by fine up to $100 or imprisonment up to 30 days. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 168 | 1881 | Washington [Territory] | William Lair Hill, *Ballinger's Annotated Codes and Statutes of Washington, Showing All Statutes in Force, Including the Session Laws of 1897*, at 1956 (Vol. 2, 1897) | Prohibited exhibiting a dangerous weapon in a manner likely to cause terror. Punishable by fine up to $25. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only exhibiting/brandishing of arms in a terrorizing manner. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 169 | 1881 | Washington – City of New Tacoma [Territory] | 1881 Wash. Sess. Laws 76, ch. 6, § 34, pt. 15 | Authorized New Tacoma to regulate the carrying concealed deadly weapons, and the use of guns, pistols, firearms, firecrackers. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession of any arm or any conduct at all. It instead purports to authorize a local jurisdiction to adopt a law. And the State does not indicate whether the town actually passed that law. *Bruen*, 142 S.Ct. at 2133. Even if the town did pass such a law, it would not be "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. |
| 170 | 1882 | Georgia | 1882–1883 Ga. Laws 37, ch. 18, § 2, pt. 18 | Imposed $25 occupational tax on dealers of pistols, revolvers, dirks, or Bowie knives. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on certain arms. And it only applies to dealers. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 171 | 1882 | Iowa – City of Sioux City | S. J. Quincy (Editor), *Revised Ordinances of the City of Sioux City, Iowa* 62 (1882), Public Safety, § 4 | Prohibited the carrying a concealed pistol, revolver, slungshot, cross-knuckles, knuckles of lead, brass or other metal, or any Bowie knife, razor, billy, dirk, dirk knife or Bowie | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | knife, or other dangerous weapon. | Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. |
| | | | | | Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 172 | 1882 | Minnesota – City of Saint Paul | W. P. Murray (Editor), *Municipal Code of Saint Paul, Comprising the Laws of the State of Minnesota Relating to the City of Saint Paul, and the Ordinances of the Common Council, Revised to December 1, 1884* 289 (1884) art. 18, § 1 | Prohibited the carrying of a concealed pistol or pistols, dirk, dagger, sword, slungshot, cross-knuckles, or knuckles of lead, brass or other metal, Bowie knife, dirk knife or razor, or any other dangerous or deadly weapon. Punishable by seizure of the weapon. | Objection to inclusion. |
| | | | | | This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 173 | 1882 | West Virginia | 1882 W. Va. Acts 421–22, ch. 135, § 1 | Prohibited the carrying of a pistol, dirk, Bowie knife, razor, slungshot, billy, metallic or other false knuckles, or any other dangerous or deadly weapon. Also prohibited selling any such weapon to a minor. Punishable by fine of $25-200 and imprisonment of 1-12 months. | Objection to inclusion. |
| | | | | | The law's transfer restriction is not "relevantly similar" to CA's assault weapon ban. It restricted only the transfer of arms (including common arms) to *minors*. It did not flatly ban possession by anyone, nor did not ban transfer to adults. *Bruen*, 142 S.Ct. at 2133. |
| | | | | | The restriction on carry is not "relevantly similar" either. It does not ban the possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Id.* |
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 174 | 1883 | Georgia | 1882–1883 Ga. Laws 48–49, No. 93, § 1 | Prohibited the concealed carrying of any "pistol, dirk, sword in a cane, spear, Bowie-knife, or any other kind of knives manufactured and sold for the purpose of offense and defense." | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 175 | 1883 | Illinois – City of Danville | E. R. E. Kimbrough & W. J. Calhoun (Editors), *Revised Ordinances of the City of Danville, Illinois* 179 (1892), § 23 | Prohibited the carrying of a concealed pistol, revolver, derringer, Bowie knife, dirk, slungshot, metallic knuckles, or a razor, as a weapon, or any other deadly weapon. Also prohibited displaying the weapon in a threatening or boisterous manner. Punishable by fine of $1-100 and forfeiting the weapon, if ordered by the magistrate. | Objection to inclusion.<br><br>This law's carry restriction is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>The law's restriction on displaying/brandishing arms is not "relevantly similar" either. It does not ban possession, transfer, or manufacture of any arm. It regulates only displaying/brandishing of arms in a threatening or boisterous manner. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|--------------------------|----------------------|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 176 | 1883 | Kansas | 1883 Kan. Sess. Laws 159, ch. 105, §§ 1–2 | Prohibited the selling, trading, giving, or loaning of a pistol, revolver, or toy pistol, dirk, Bowie knife, brass knuckles, slungshot, or other dangerous weapons to any minor, or to any person of notoriously unsound mind. Also prohibited the possession of such weapons by any minor. Punishable by fine of $5-100. Also prohibited a minor from possessing a pistol, revolver, toy pistol by which cartridges may be exploded, dirk, Bowie knife, brass knuckles, slungshot, or other dangerous weapon. Punishable by fine of $1-10. | Objection to inclusion. The law is not "relevantly similar" to CA's assault weapon ban because it restricted only the transfer of certain arms (including common arms) to *minors* and those of "notoriously unsound mind." It did not flatly ban possession of arms by or transfer of arms to law-abiding adults of "sound mind." *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 177 | 1883 | Missouri | 1883 Mo. Laws 76, Concealed Weapons, § 1 | Prohibited the carrying of a concealed fire arms, Bowie knife, dirk, dagger, slungshot, or other deadly weapon to a church, school, election site, or other public setting or carrying in a threatening manner or while intoxicated. Punishable by fine of $25-200 and/or by imprisonment up to 6 months. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* and *where* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 178 | 1883 | Washington – City of | 1883 Wash. Sess. Laws 302, An Act to Incorporate | Authorized City of Snohomish to regulate and prohibit carrying concealed deadly weapons and to prohibit using guns, pistols, | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession of any arm or |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE

**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | Snohomish [Territory] | the City of Snohomish, ch. 6, § 29, pt. 15 | firearms, firecrackers, bombs, and explosives. | any conduct at all. It instead purports to authorize a local jurisdiction to adopt a law. And the State does not indicate whether the town actually passed that law. *Bruen*, 142 S.Ct. at 2133.<br><br>Even if the town did pass such a law, it would not be "relevantly similar" because it would regulate only carry of certain arms. |
| 179 | 1883 | Wisconsin – City of Oshkosh | 1883 Wis. Sess. Laws 713, ch. 6, § 3, pt. 56 | Prohibited the carrying of a concealed pistol or colt, or slungshot, or cross knuckles or knuckles of lead, brass or other metal or Bowie knife, dirk knife, or dirk or dagger, or any other dangerous or deadly weapon. Punishable by confiscation of the weapon. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 180 | 1884 | Georgia | 1884–1885 Ga. Laws 23, ch. 52, § 2, pt. 18 | Imposed $100 occupational tax on dealers of pistols, revolvers, dirks, or Bowie knives. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on dealers of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|---------------------------|----------------------|
| 181 | 1884 | Maine | *The Revised Statutes of the State of Maine, Passed August 29, 1883, and Taking Effect January 1, 1884* 928, (1884), ch. 130, § 10 | Prohibited the carrying of a dirk, dagger, sword, pistol, or other offensive and dangerous weapon without reasonable cause to fear an assault. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, provides an exception to the law for self-defense. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 182 | 1884 | Maryland – City of Baltimore | John Prentiss Poe (Editor), *The Maryland Code: Public Local Laws, Adopted by the General Assembly of Maryland March 14, 1888, Including Also the Public Local Acts of the Session of 1888 Incorporated Therein* 522–23 (Vol. 1, 1888), ch. 187, § 742 | Provided for $5–25 fine and confiscation of weapon whenever a person charged with any crime or misdemeanor was "found to have concealed about his person any pistol, dirk-knife, bowie-knife, sling-shot, billy, brass, iron or any other metal knuckles, razor, or any other deadly weapon whatsoever." | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. The law only enhances the criminal sentence of those found to have carrying on their person while committing a separate criminal offense. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 183 | 1884 | Vermont | 1884 Vt. Acts & Resolves 74, No. 74. § 1 | Prohibited the setting of any spring gun trap. Punishable by a fine of $50-500 and liability for twice the amount of any damage resulting from the trap. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's assault weapon ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "trap guns"). And it regulates for completely different reasons than CA's assault weapon ban (i.e., to |

***Rupp v. Bonta***, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 184 | 1884 | Wyoming [Territory] | John W. Blake et al. (Editors*), Revised Statutes of Wyoming, In Force January 1, 1887, Including the Declaration of Independence, the Articles of Confederation, the Constitution of the United States, the Organic Act of Wyoming, and All Laws of Congress Affecting the Territorial Government* 297 (1887), § 983 | Prohibited exhibiting in a threatening manner a fire-arm, Bowie knife, dirk, dagger, slungshot or other deadly weapon. Punishable by fine of $10-100 or imprisonment up to 6 months. | <u>Objection to inclusion.</u> <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only exhibiting/brandishing of arms in a threatening manner. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). <br><br> Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 185 | 1885 | Florida | W. A. Blount et al. (Editors), *The Revised Statutes of the State of Florida* 782 (1892), tit. 2, art. 5, § 2421 | Prohibited secretly carrying "arms of any kind" or concealing any "dirk, pistol or other weapon." Punishable by imprisonment up to 6 months or fine up to $100. | <u>Objection to inclusion.</u> <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 186 | 1885 | Montana [Territory] | 1885 Mont. Laws 74–75, § 1 | Prohibited possessing, carrying, or purchasing a dirk, dirk-knife, sword, sword cane, pistol, gun, or other deadly weapon, and from using the weapon in a threatening manner or in a fight. Punishable by fine of $10-100 and/or imprisonment for 1-3 months. | No objection to inclusion. To the extent the law purports to ban the possession or transfer of arms in common use for lawful purposes, it may be relevant to this Court's analysis. But if relevant, the law was adopted too long after the Founding to be afforded much weight—especially because the law is not consistent with founding-era laws. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). And this law is an outlier insufficient to establish an American tradition of such regulation. *Bruen*, 142 S.Ct. at 2133. Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 187 | 1885 | New York | George R. Donnan (Editor), *Annotated Code of Criminal Procedure and Penal Code of the State of New York as Amended 1882–85* 172 (1885), § 410 | Prohibited using or attempting to use, carrying, concealing, or possessing a slungshot, billy, sandclub or metal knuckles, or a dagger, dirk or dangerous knife. Punishable as a felony, and as a misdemeanor if a minor. | Objection to inclusion. If the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Bruen*, 142 S.Ct. at 2133. But if relevant, the law was adopted too long after the Founding to be afforded much weight—especially because the law is not consistent with founding-era laws. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | bear."). |
| | | | | | And this law is an outlier insufficient to establish an American tradition of such regulation. *Bruen*, 142 S.Ct. at 2133. |
| 188 | 1885 | New York – City of Syracuse | *Charter and Ordinances of the City of Syracuse, as Revised in 1885, and as Amended from 1885 to 1893 Inclusive, Together With Special Legislative Enactments Affecting the City of Syracuse* 331 (1894), ch. 27, § 5 | Prohibited the carrying or using with the intent to do bodily harm a dirk, Bowie knife, sword or spear cane, pistol, revolver, slungshot, jimmy, brass knuckles, or other deadly or unlawful weapon. Punishable by a fine of $25-100 and/or imprisonment for 30 days to 3 months. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity. (i.e., assault) *Bruen*, 142 S.Ct. at 2133. Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 189 | 1885 | Oregon | 1885 Or. Laws 33, §§ 1–2 | Prohibited the concealed carrying of any revolver, pistol, or other firearm, or any knife (other than an "ordinary pocket knife"), or any dirk, dagger, slungshot, metal knuckles, or any instrument that could cause injury. Punishable by a fine of $10-200 or imprisonment for 5-100 days. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|--------------------------|----------------------|
| 190 | 1886 | Alabama | 1886 Ala. Laws 36, No. 4, § 5, pt. 17 | Imposed $300 occupational tax on dealers of pistols, pistol cartridges, Bowie knives, and dirk knives. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on dealers of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 191 | 1886 | Colorado – City of Denver | Isham White (Editor), *Laws and Ordinances of the City of Denver, Colorado* 369 (1886), § 10 | Prohibited the carrying of any slungshot, colt, or metal knuckles while engaged in any breach of the peace. Punishable by a fine of $25-300. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only when one is engaged in a breach of the peace. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 192 | 1886 | Georgia | 1886 Ga. Laws 17, tit. 2, § 2, pt. 18 | Imposed $100 occupational tax on dealers of pistols, revolvers, dirks, Bowie knives, and "pistol or revolver cartridges." | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on dealers of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 |

***Rupp v. Bonta***, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 193 | 1886 | Maryland | 1886 Md. Laws 602, ch. 375, § 1 | Prohibited the carrying of "any pistol, dirk-knife, bowie-knife, slung-shot, billy, sand-club, metal knuckles, razor or other dangerous or deadly weapon" concealed or, with an intent to injure another, openly. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 194 | 1886 | Maryland | John Prentiss Poe (Editor), *Maryland Code: Public Local Laws, Adopted by the General Assembly of Maryland March 14, 1888, Including Also the Public Local Acts of the Session of 1888 Incorporated Therein* 468–69 (Vol. 1, 1888), art. 27, ch. 375, § 30 | Prohibited the carrying of a concealed  pistol, dirk knife, Bowie knife, slungshot, billy, sandclub, metal knuckles, razor, or any other dangerous or deadly weapon. Punishable by fine of up to $500 or imprisonment of up to 6 months. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 195 | 1886 | Maryland – County of Calvert | 1886 Md. Laws 315, ch 189, § 1 | Prohibited the carrying of a gun, pistol, dirk, dirk-knife, razor, billy or bludgeon on an election day. Punishable by a fine of $10-50. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only applies on election day. *Bruen*, 142 S.Ct. at 2133. Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | persuasive. *Id.* at 2156. |
| | | | | | Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 196 | 1887 | Iowa – City of Council Bluffs | A. S. Hazelton & Frank J. Capell (Editors), Compiled Ordinances of the City of Council Bluffs Iowa 203–04 (1920), § 75 | Prohibited the carrying of a concealed pistol or firearms, slungshot, brass knuckles, or knuckles of lead, brass or other metal or material , or any sandbag, air guns of any description, dagger, Bowie knife, or instrument for cutting, stabbing or striking, or other dangerous or deadly weapon, instrument or device. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 197 | 1887 | Kansas – City of Independence | O. P. Ergenbright (Editor), *Revised Ordinances of the City of Independence, Kansas, Together with the Amended Laws Governing Cities of the Second Class and Standing Rules of the City Council* 162 (1887), § 27 | Prohibited using a pistol or other weapon in a hostile or threatening manner. Also prohibited carrying a concealed pistol, dirk, Bowie knife, revolver, slungshot, billy, brass, lead, or iron knuckles, or any deadly weapon. Punishable by fine of $5-100. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only the use of certain arms in a hostile or threatening manner and the manner of carrying certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|--------------------------|----------------------|
| | | | | | at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 198 | 1887 | Michigan | *Laws of the State of Michigan Relating to the Public Health in Force in the Year 1890* 145 (1889), § 1 | Prohibited the carrying of a concealed dirk, dagger, sword, pistol, air gun, stiletto, metallic knuckles, pocket-billy, sandbag, skull cracker, slungshot, razor or other offensive and dangerous weapon or instrument. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 199 | 1887 | Montana [Territory] | 1887 Mont. Laws 549, § 174 | Prohibited the carrying of any pistol, gun, knife, dirk-knife, bludgeon, or other offensive weapon with the intent to assault a person. Punishable by fine up to $100 or imprisonment up to 3 months. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 200 | 1887 | New Mexico [Territory] | *Acts of the Legislative Assembly of the Territory of New Mexico, Twenty-Seventh Session* 55 (1887), ch. 30, § 1 | Defined "deadly weapons" as including pistols, whether the same be a revolved, repeater, derringer, or any kind or class of pistol or gun; any and all kinds of daggers, Bowie knives, poniards, butcher knives, dirk knives, and all such | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm or any other conduct. It merely provides a definition of "deadly weapons." *Bruen*, 142 S.Ct. at 2133. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | weapons with which dangerous cuts can be given, or with which dangerous thrusts can be inflicted, including sword canes, and any kind of sharp pointed canes; as also slungshots, bludgeons or any other deadly weapons. | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 201 | 1887 | Virginia | *The Code of Virginia: With the Declaration of Independence and the Constitution of the United States, and the Constitution of Virginia* 897 (1887), § 3780 | Prohibited the carrying of a concealed pistol, dirk, Bowie knife, razor, slungshot, or any weapon of the like kind. Punishable by fine of $20-100 and forfeiture of the weapon. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 202 | 1888 | Georgia | 1888 Ga. Laws 22, ch. 123, § 2, pt. 17 | Imposed $25 occupational tax on dealers of pistols, revolvers, dirks, or Bowie knives. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on dealers of certain arms. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 203 | 1888 | Maryland – City of Baltimore | John Prentiss Poe, The Baltimore City Code, Containing the Public Local Laws of Maryland Relating to the City of Baltimore, and the Ordinances of the Mayor and City Council, in Force on the First Day of November, 1891, With a Supplement, Containing the Public Local Laws Relating to the City of Baltimore, Passed at the Session of 1892 of the General Assembly, and Also the Ordinances of the Mayor and City Council, Passed at the Session of 1891–92, and of 1892–1893, Up To the Summer Recess of 1893 522–23 (Vol. 1, 1888), § 742 | Prohibited the carrying of a pistol, dirk knife, Bowie knife, slingshot, billy, brass, iron or any other metal knuckles, razor, or any other deadly weapon if arrested for being drunk and disorderly. Punishable by fine of $5-25, and confiscation of the weapon. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only applied when one was arrested for being drunk and disorderly. *Bruen*, 142 S.Ct. at 2133. Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 204 | 1888 | Maryland – County of Kent | John Prentiss Poe, The Maryland Code : Public Local Laws, Adopted by the General Assembly of Maryland March 14, 1888. Including also the Public Local Acts of the Session of 1888 incorporated therein, at 1457 (Vol. 2, 1888), Election Districts–Fences, § 99 | Prohibited carrying, on days of an election, any gun, pistol, dirk, dirk-knife, razor, billy or bludgeon. Punishable by a fine of $5-20. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only applies on election day. *Bruen*, 142 S.Ct. at 2133. Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 205 | 1888 | Minnesota | George Brooks Young (Editor), *General Statutes of the State of Minnesota in Force January 1, 1889* 1006 (Vol. 2, 1888), §§ 333–34 | Prohibited manufacturing, selling, giving, or disposing of a slungshot, sandclub, or metal knuckles, or selling or giving a pistol or firearm to a minor without magistrate consent. Also prohibited carrying a concealed slungshot, sandclub, or metal knuckles, or a dagger, dirk, knife, pistol or other fire-arm, or any dangerous weapon. | § 333. <u>Objection to inclusion.</u><br><br>This law is not "relevantly similar" to CA's assault weapon ban because it restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by *anyone*, nor did not ban transfer to adults. *Bruen*, 142 S.Ct. at 2133.<br><br>§ 334. <u>Objection to inclusion</u><br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only the attempt to use certain arms "against another" and the carry of such arm with the intent to assault. *Id.* at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br><u>Objection to description.</u><br><br>The law was not a flat a restriction on carry. It only restricted carry with the intent to assault another.<br><br>The relevant language is as follows: "A person who **attempts to use against another, or who, with intent so to use,** carries, conceals, or possesses any instrument or weapon of the kind commonly known as a slung-shot, sand-club, or metal knuckles, or a dagger, dirk, knife, pistol or other fire-arm, or any dangerous weapon, is guilty of a misdemeanor." |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 206 | 1888 | Utah – City of Salt Lake City [Territory] | Dangerous and Concealed Weapon, Feb. 14, 1888, reprinted in The Revised Ordinances Of Salt Lake City, Utah 283 (1893) (Salt Lake City, Utah). § 14 | Prohibited carrying a slingshot or any concealed deadly weapon without permission of the mayor. Punishable by fine up to $50. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 207 | 1889 | Arizona | 1889 Ariz. Sess. Laws 16, No. 13, § 1 | Prohibited carrying of any pistol, dirk, dagger, slungshot, sword cane, spear, brass knuckles, Bowie knife, or any knife manufactured to offensive or defensive purposes. Punishable by a fine of $25-100 and forfeiture of the weapon. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE

**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 208 | 1889 | Idaho [Territory] | 1888–1889 Idaho Sess. Laws 23, § 1 | Prohibited private persons from carrying "deadly weapons" within any city, town or village. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). Further, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. Finally, the law was held to be unconstitutional in *In re Brickey*, 8 Idaho 597 (1902) (held unconstitutional under the Second Amendment and state constitution) |
| 209 | 1889 | Minnesota | George Brooks Young (Editor), *General Statutes of the State of Minnesota in Force January 1, 1889* 1006 (Vol. 2, 1888), § 334 | Prohibited manufacture and sale of slungshots, sand-clubs, and metal knuckles. Prohibited sale of "any pistol or firearm to any person under the age of eighteen years" in any city without written consent of a magistrate. | Objection to inclusion. The law's firearm transfer restriction is not "relevantly similar" to CA's assault weapon ban because it restricted only the transfer of firearms (including common arms) to *minors*. It did not flatly ban possession by *anyone*, nor did it ban transfer of firearms to adults or even to minors with consent of a magistrate. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| | | | | | Re: the law's restrictions on manufacturing and transferring any slungshot, billy, sandclub, or metal knuckles: If the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* |
| | | | | | Even if relevant, this late 19th-century law banning the manufacture and transfer of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. |
| | | | | | And this law is an outlier insufficient to establish an American tradition of such regulation. *Id.* |
| 210 | 1889 | Pennsylvania – City of Johnstown | *Laws of the City of Johnstown, Pa., Embracing City Charter, Act of Assembly of May 23, 1889, for the Government of Cities of the Third Class, General and Special Ordinances, Rules of Select and Common Councils and Joint Sessions* 86 (1897), No. 2, § 12 | Prohibited the concealed carrying of any pistol, razor, dirk, Bowie knife, blackjack, handy billy, or other deadly weapon. Punishable by fine of $5-50. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. <br><br> Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 211 | 1890 | Connecticut – City of New Haven | *Charter and Ordinances of the City of New Haven, Together With Legislative* | Prohibited the concealed carrying of any metal knuckles, pistol, slungshot, stiletto, or similar | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE

**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|---------------------------|----------------------|
| | | | *Acts Affecting Said City* 164 (1890), § 192 | weapons, absent written permission of the mayor or superintendent of police. Punishable by a fine of $5-50. | manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 212 | 1890 | Georgia | 1890 Ga. Laws 38, ch. 131, § 2, pt. 16 | Imposed $100 occupational tax on dealers of pistols, revolvers, dirks, or Bowie knives. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on dealers of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 213 | 1890 | Louisiana | 890 La. Acts 39, ch. 46 | Prohibiting the transfer of any pistol, dirk, Bowie knife, or "any other dangerous weapon, which may be carried concealed on a person to any person under the age of 21. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's assault weapon ban because it restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by *anyone*, nor did not ban transfer to adults. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 214 | 1890 | Maryland – City of Baltimore | John Prentiss Poe (Editor), *The Baltimore City Code, Containing the Public Local Laws of Maryland Relating to the City of Baltimore, and the Ordinances of the Mayor and City Council, in Force on the First Day of November, 1891, With a Supplement, Containing the Public Local Laws Relating to the City of Baltimore, Passed at the Session of 1892 of the General Assembly, and Also the Ordinances of the Mayor and City Council, Passed at the Session of 1891–92, and of 1892–1893, Up To the Summer Recess of 1893* 297–98 (1893), § 742A | Prohibited the carrying of a concealed pistol, dirk-knife, Bowie knife, slingshot, billy, sandclub, metal knuckles, razor or any other dangerous or deadly weapon, or who openly carries with the intent to injure a person. Punishable by fine of up to $500 and imprisonment up to 6 months. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. <br><br> Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 215 | 1890 | Nebraska – City of Omaha | W. J. Connell (Editor), *The Revised Ordinances of the City of Omaha, Nebraska, Embracing All Ordinances of a General Nature in Force April 1, 1890, Together With the Charter for Metropolitan Cities, the Constitution of the United States and the Constitution of the State of Nebraska* 344–45 (1890), § 10 | Prohibited the carrying of a concealed pistol or revolver, colt, billy, slungshot, brass knuckles or knuckles of lead, dirk, dagger, or any knife resembling a Bowie knife, or any other dangerous or deadly weapon. Punishable by fine up to $100. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. <br><br> Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|---------------------------|----------------------|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 216 | 1890 | Oklahoma [Territory] | Will T. Little et al. (Editors), *The Statutes of Oklahoma, 1890*, 475–76 (1891), §§ 18–19 | Prohibited the manufacture, sale, giving, or disposing of any instrument or weapon usually known as a slungshot, and prohibited the carrying any slungshot or similar weapon. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban transfer or manufacture of arms in common use for lawful purposes at the time. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 217 | 1890 | Oklahoma [Territory] | Will T. Little et al. (Editors), *The Statutes of Oklahoma, 1890*, 495–96 (1891), art. 47, §§ 1–2, 10 | Prohibited the concealed carrying of any pistol, revolver, Bowie knife, dirk, dagger, slungshot, sword cane, spear, metal knuckles, or any other knife or instrument manufactured or sold solely for defense. Also prohibited the carrying of any pistol, revolver, Bowie knife, dirk knife, loaded cane, billy, metal knuckles, or "any other offensive or defense weapon." Punishable by a fine of $50-500 and imprisonment for 3-12 months. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 218 | 1890 | Oklahoma – Town of Checotah | *General Laws Relating to Incorporated Towns of Indian Territory* 49 (1890), No. 11, § 3 | Prohibited the carrying of any pistol; dirk; butcher knife; Bowie knife; sword; spear-cane, metal knuckles, razor, slungshot, sandbag, or a switchblade. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>The law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 219 | 1891 | California – City of Fresno | Jener W. Nielson (Editor), *Charter and Ordinances of the City of Fresno, California* 52 (1916), No. 221, § 8 | Prohibited the concealed carrying of any pistol or firearm, slungshot, dirk, Bowie knife, or other deadly weapon, absent written permission. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE

**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|-------------|----------|--------------------------|---------------------|
| 220 | 1891 | California – City of Fresno | Jener W. Nielson (Editor), *Charter and Ordinances of the City of Fresno, California* 58 (1916), No. 221, § 53 | Prohibited the transfer to any minor under the age of 18 any gun, pistol or other firearm, dirk, Bowie knife, powder, shot, bullets, or any combustible or dangerous material, absent written consent of parent or guardian. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's assault weapon ban because it restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by *anyone*, nor did not ban transfer to adults or even minors w/ parental consent. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 221 | 1891 | Michigan | 1891 Mich. Pub. Acts 408–09, No. 257, § 15 | Prohibited the carrying of a concealed pistol, revolver, Bowie knife, dirk, slungshot, billie, sandbag, false knuckles, or other dangerous weapon. Also prohibited lurking or being concealed with the intent to injure a person or property, or threatening to beat or kill a person or property. Punishable by fine up to $100 and the costs of prosecution, and in default of payment, imprisonment. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 222 | 1891 | North Dakota | 1891 N.D. Laws 193–94, ch. 70, § 1 | Prohibited the setting of any gun or gun trap to be discharged at certain animals. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's assault weapon ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "trap guns"). And it regulates for completely different reasons than CA's assault weapon ban (i.e., to |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 223 | 1891 | West Virginia | John A. Warth (Editor), *Code of West Virginia (Third Edition)* 915–16 (1891), ch. 148, § 7 | Prohibited the carrying of a pistol, dirk, Bowie knife, razor, slungshot, billy, metallic or other false knuckles, or any other dangerous or deadly weapon. Also prohibited selling such a weapon to a minor. Punishable by fine of $25-200 and imprisonment for 1-12 months. | Objection to inclusion.<br><br>The law's transfer restriction is not "relevantly similar" to CA's assault weapon ban because it restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by *anyone*, nor did not ban transfer to adults. *Bruen*, 142 S.Ct. at 2133.<br><br>The law's carry restriction is not "relevantly similar" either because it does not ban possession, transfer, or manufacture of any arm. It only regulates the carry of certain arms. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 224 | 1892 | Alabama | 1892 Ala. L. 183, ch. 95 | Imposed $300 occupational tax on dealers of pistols, pistol cartridges, Bowie knives, and dirk knives, and clarified that cartridges that can be used in a pistol shall be deemed pistol cartridges. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on dealers of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 225 | 1892 | Georgia | 1892 Ga. Laws 25, ch. 133, § 2, pt. 16 | Imposed $100 occupational tax on dealers of pistols, revolvers, dirks, Bowie knives, and metal knuckles. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on dealers of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 226 | 1892 | Washington – City of Tacoma | Albert R. Heilig (Editor), *Ordinances of the City of Tacoma, Washington* 333–34 (1892), No. 134 | Prohibited the carrying of a concealed a revolver, pistol or other fire arms or any knife (other than an ordinary pocket knife) or any dirk or dagger, slingshot or metal knuckles, or any instrument by the use of which injury could be inflicted upon the person. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 227 | 1893 | Arizona [Territory] | 1893 Ariz. Sess. Laws 3, § 1 | Prohibited the concealed carrying of any pistol or other firearm, dirk, dagger, slingshot, sword cane, spear, brass knuckles, Bowie knife (or any kind of knife, except a pocket knife not manufactured for offensive or defensive use). | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|--------------------------|----------------------|
| | | | | | at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 228 | 1893 | Delaware | *Revised Statutes of the State of Delaware, of Eight Hundred and Fifty-Two. As They Have Since Been Amended, Together with the Additional Laws of a Public and General Nature, Which Have Been Enacted Since the Publication of the Revised Code of Eighteen Fifty-Two. To the Year of Our Lord One Thousand Eight Hundred and Ninety-Three; to Which are Added the Constitutions of the United States and of this State, the Declaration of Independence, and Appendix*, 987 (1893), ch. 548 | Prohibited the concealed carrying of deadly weapons or selling deadly weapons other than an ordinary pocket knife, and prohibited discharging any firearm in any public road. Punishable by fine of $25-100 or by imprisonment for 10-30 days. | Objection to inclusion.<br><br>To the extent that this law restricts transfer of arms in common use for lawful purposes, this late 19th-century law "cannot provide much insight into the meaning of the Second Amendment" because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2153-54.<br><br>The law's bans on concealed carry and public discharge are not "relevantly similar" either because neither bans possession, transfer, or manufacture of any arm. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 229 | 1893 | North Carolina | 1893 N.C. L. 468–69, ch. 514 | Prohibiting the transfer of any pistol, pistol cartridge, brass knucks, Bowie knife, dirk, loaded cane, or slingshot to a minor. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's assault weapon ban because it restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by *anyone*, nor did not ban transfer to adults. *Bruen*, 142 S.Ct. at 2133. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 230 | 1893 | Rhode Island | 1893 R.I. Pub. Laws 231, ch. 1180, § 1 | Prohibited the carrying of any dirk, Bowie knife, butcher knife, dagger, razor, sword cane, air-gun, billy, metal knuckles, slungshot, pistol, or firearm of any description. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 231 | 1893 | Tennessee – City of Nashville | Claude Waller (Editor), *Digest of the Ordinances of the City of Nashville, to Which are Prefixed the State Laws Incorporating, and Relating to, the City, With an Appendix Containing Various Grants and Franchises* 364–65 (1893), § 738 | Prohibited the carrying of a pistol, Bowie knife, dirk knife, slungshot, brass knucks, or other deadly weapon. Punishable by fine of $10-50 for a first offense and $50 for subsequent offenses. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133. Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 232 | 1893 | Wyoming – City of Rawlins | A. McMicken (Editor), *The Revised Ordinances of the City of Rawlins, Carbon* | Prohibited a person from possessing or carrying a pistol, revolver, knife, slungshot, | Objection to inclusion. This late 19th-century law banning possession of certain arms "cannot provide much insight into the |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE

**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
|  |  |  | *County, Wyoming* 131–32 (1893), § 1 | bludgeon or other lethal weapon. Punishable by fine up to $100 or imprisonment up to 30 days. | meaning of the Second Amendment" because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2153-54.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* at 2133.<br><br>The law's restriction on carry is not "relevantly similar" either because it does not ban possession, transfer, or manufacture of any arm. *Id.*<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 233 | 1895 | North Dakota | *The Revised Codes of the State of North Dakota, 1895, Together with the Constitution of the United States and of the State of North Dakota With the Amendments Thereto* 1259 (1895), § 7094 | Prohibited the setting of any spring or trap gun. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's assault weapon ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "trap guns"). And it regulates for completely different reasons than CA's assault weapon ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 234 | 1895 | North Dakota | *The Revised Codes of the State of North Dakota, 1895, Together with the Constitution of the United States and of the State of North Dakota With the Amendments Thereto* 1293 (1895), §§ 7312–13 | Prohibited the carrying of any slungshot or similar weapon, and the concealed carrying of any firearm or any "sharp or dangerous weapon." | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 235 | 1895 | Vermont – City of Barre | *Charter and Ordinances of the City of Barre, Vermont* 53 (1904), ch. 16, § 18 | Prohibited discharging a gun, pistol, or other loaded firearm, firecracker, serpent, or other explosive, unless on a person's own property or with the permission of the property owner. Also prohibited making a bonfire in the street except with city council permission and the carrying of concealed steel or brass knuckles, a pistol, slungshot, stiletto, or weapon of similar character. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only public discharge of firearms and carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 236 | 1896 | Hawaii [Territory] | *Penal Laws of the Hawaiian Islands, 1897, Compiled From the Penal Code of 1869 and the Session Laws of 1870 to* | Prohibited the carrying or being "found armed with" any "bowie-knife, sword-cane, pistol, air-gun, slungshot, or other deadly weapon," unless authorized by law. Punishable by fine of $10–30. Exemption for individuals with | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | *1896 Inclusive* 251 (1897), ch. 54 | good cause to carry the weapon, or for individuals with a license to "possess, carry or use a pistol, rifle, carbine, shotgun or other firearm." Act 64 of the Session Laws of 1896. | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>Finally, this was not a state law, nor is it even a law of a US territory. Hawaii was an independent republic in 1896 and remained so until annexation on July 7th, 1898. If the laws of US territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment,'" then laws of foreign territories are even less likely to do so. *Id.* at 2154. |
| 237 | 1896 | Mississippi | 1896 Miss. L. 109-10, ch. 104 | Prohibited the carrying of a concealed Bowie knife, dirk, butcher knife, pistol, brass or metallic knuckles, slingshot, sword, or other deadly weapon "of like kind or description." | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 238 | 1896 | Rhode Island | *General Laws of the State of Rhode Island and Providence Plantations to Which Are Prefixed the Constitutions of the United States and of the State* 1010–11 (1896), ch. 282, §§ 23–24, 26 | Prohibited the carrying of any dirk, Bowie knife, butcher knife, dagger, razor, sword cane, air-gun, billy, metal knuckles, slingshot, pistol, or firearm of any description. Exempted officers or watchmen whose duties required them to make arrests or guard prisoners or property. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | weight than it can rightly bear."). |
| 239 | 1896 | Washington – City of Spokane | Rose M. Denny (Editor), *The Municipal Code of the City of Spokane, Washington, Comprising the Ordinances of the City (Excepting Ordinances Establishing Street Grades)* Revised to October 22, 1896 309–10 (1896), No. A544, § 1 | Prohibited the carrying of a concealed revolver, pistol or other fire-arms, or any knife (other than an ordinary pocket knife) or any dirk or dagger, sling-shot or metal knuckles, or any instrument by the use of which injury could be inflicted upon the person or property. punishable by fine of $25-100, cost of prosecution, and imprisonment until fines/costs are paid. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. <br><br> Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 240 | 1897 | Alabama | William L. Martin (Editor), *The Code of Alabama, Adopted by Act of the General Assembly of the State of Alabama*, Approved February 16, 1897 1137 (Vol. 1 1897), § 27 | Tax of $300 on the sale of pistols, pistol cartridges, Bowie knives, and dirk knives. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on the sale of certain arms. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 241 | 1897 | Missouri – City of Saint Joseph | Charles S. Shepherd (Editor), *The General Ordinances of the City of Saint Joseph (A City of the Second Class) Embracing All Ordinances of General Interest In Force July 15,* | Prohibited the carrying of a concealed pistol or revolver, colt, billy, slungshot, cross knuckles or knuckles of lead, brass or other metal, dirk, dagger, razor, Bowie knife, or any knife resembling a | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | *1897, Together With the Laws of the State of Missouri of a General Nature Applicable to the City of St. Joseph* 508 (1897), § 7 | Bowie knife, or any other dangerous or deadly weapon. | Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. <br><br> Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 242 | 1897 | Texas | 1897 Tex. Gen. Laws 221–22, ch. 155 | Prohibited the selling or giving to a minor a pistol, dirk, dagger, slungshot, sword cane, spear or knuckles made of any metal or hard substance, Bowie knife or any other knife manufactured or sold for the purpose of offense or defense without the consent of their parent or guardian. Punishable by fine of $25-200 and/or imprisonment for 10-30 days. | Objection to inclusion. <br><br> The law is not "relevantly similar" to CA's assault weapon ban because it restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by *anyone*, nor did not ban transfer to adults or even minors w/ parental consent. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 243 | 1897 | Washington | Richard A. Ballinger (Editor), *Ballinger's Annotated Codes and Statutes of Washington, Showing All Statutes in Force, Including the Session Laws of 1897* 1956–57 (Vol. 2, 1897), § 7084 | Prohibited the carrying of a concealed revolver, pistol, or other fire-arms, or any knife, (other than an ordinary pocket knife), or any dirk or dagger, sling-shot, or metal knuckles, or any instrument by the use of which injury could be inflicted upon the person or property of any other person. Punishable by fine of $25-100 and/or imprisonment for 30 days. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 244 | 1898 | Georgia | 1898 Ga. Laws 60, No. 106 | Prohibited the concealed carry of any pistol, dirk, sword cane, spear, | Objection to inclusion. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | Bowie knife, other kind of knife "manufactured and sold for purpose of offense and defense," and any "kind of metal knucks." | This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 245 | 1898 | Oregon – City of Oregon City | *The Charter of Oregon City, Oregon, Together with the Ordinances and Rules of Order* 259 (1898), § 2 | Prohibited the carrying of any slingshot, billy, dirk, pistol, or "any concealed deadly weapon," and the discharge of any firearm, air gun, sparrow gun, flipper, or bean shooter, unless in self-defense. | Objection to inclusion. |
| | | | | | The law's carry ban is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. |
| | | | | | The law's discharge ban is not "relevantly similar" either. It only restricts the discharge of certain arms unless in self-defense. *Id.* |
| | | | | | Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. |
| | | | | | Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 246 | 1899 | Alaska [Territory] | Fred F. Barker (Editor), *Compilation of the Acts of Congress and Treaties Relating to Alaska From* | Prohibited concealed carrying in any manner any revolver, pistol, other firearm, knife (other than an "ordinary pocket knife"), dirk, dagger, slingshot, metal knuckles, | Objection to inclusion. |
| | | | | | This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE

**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|---------------------------|----------------------|
| | | | *March 30, 1867, to March 3, 1905* 139, ch. 6, § 117 | or any instrument that could cause injury to a person or property. | certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). <br><br> Finally, the 20th-century laws of the U.S. territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 247 | 1899 | Nebraska – City of Fairfield | *Compiled Ordinances of the City of Fairfield, Clay County*, Nebraska 34 (1899), No. 20, § 1 | Prohibited the carrying of a concealed pistol, revolver, dirk, Bowie knife, billy, slingshot, metal knuckles, or other dangerous or deadly weapons. Punishable by forfeiture and "shall be so adjudged." | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. <br><br> Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 248 | 1899 | Texas – City of San Antonio | Theodore Harris (Editor), *Charter and Ordinances of the City of San Antonio. Comprising All Ordinances of a General Character in Force August 7th* 220 (1899), ch. 22, § 4 | Prohibited drawing in a threatening manner a pistol, gun, knife, sword cane, club or any other instrument or weapon that may cause death. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only drawing/brandishing of arms in a threatening manner. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, this was not a state law, but a local law. *Bruen* |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. <br><br> Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 249 | 1900 | Iowa – City of Des Moines | William H. Baily (Editor), *The Revised Ordinances of Nineteen Hundred of the City of Des Moines, Iowa* 89–90 (1900), § 209 | Prohibited the carrying of a concealed pistol or other firearms, slungshot, brass knuckles, or knuckles of lead, brass or other metal or material, or any sandbag, air guns of any description, dagger, Bowie knife, dirk knife, or other knife or instrument for cutting, stabbing or striking, or other dangerous or deadly weapon. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. <br><br> Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 250 | 1900 | New York | 1900 N.Y. Laws 458–59, ch. 222, § 1 | Prohibited manufacturing or selling a slungshot, billy, sandclub or metal knuckles, and prohibited selling a firearm to a minor in any city or incorporated village without written consent of police magistrate. Exempted any officer of the United States or peace officer when necessary and proper to discharge official duties. | Objection to inclusion. <br><br> The law's firearm transfer restriction is not "relevantly similar" to CA's assault weapon ban because it restricted only the transfer of firearms (including common arms) to *minors*. It did not flatly ban possession by *anyone*, nor did not ban transfer of firearms to adults or even to minors with parental consent. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| | | | | | Re: the law's restrictions on manufacturing and transferring any slungshot, billy, sandclub, or metal knuckles: If the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* |
| | | | | | Even if relevant, this 20th-century law banning the manufacture and transfer of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. |
| | | | | | And this law is an outlier insufficient to establish an American tradition of such regulation. *Id.* |
| 251 | 1901 | Arizona [Territory] | 1901 Ariz. Sess. Laws 1251–53, §§ 381, 385, 390 | Prohibited the concealed carrying of any pistol or other firearm, dirk, dagger, slungshot, sword cane, spear, brass knuckles, Bowie knife (or any kind of knife, except a pocket knife not manufactured for offensive or defensive use). Exempted peace officers in discharge of official duties. Punishable by a fine of $25-100 and forfeiture of the weapon. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). Finally, the 20th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 252 | 1901 | Utah | 1901 Utah Laws 97–98, ch. 96, §§ 1–3 | Prohibited the construction and possession of any "infernal | Objection to inclusion. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | machine," defined as a device with a loaded firearm that is capable of igniting when moved, handled, or opened. | The law is not "relevantly similar" to CA's assault weapon ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "infernal machines"). And it regulates for completely different reasons than CA's assault weapon ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133. |
| 253 | 1903 | Oklahoma [Territory] | Wilson's Rev. & Ann. St. Okla.(1903) § 583, c. 25 | Prohibited the concealed carrying of any pistol, revolver, Bowie knife, dirk, dagger, slungshot, sword cane, spear, metal knuckles, or other kind of knife manufactured for defense. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). <br><br> Finally, the 20th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 254 | 1903 | South Dakota | G. C. Moodyet al. (Editors), *The Revised Codes, State of South Dakota* 1150 (1903) §§ 470, 471 | Prohibited the carrying of a concealed slungshot, firearm, or sharp or dangerous weapon. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 255 | 1905 | Indiana | 1905 Ind. Acts 677, ch. 169, § 410 | Prohibited maliciously or mischievously shooting a gun, rifle, pistol or other weapon, or throwing a stone, stick, club or any other substance at a vehicle. Punishable by imprisonment for 30 days to 1 year and a fine of $10-100. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It merely bans shooting or throwing certain projectiles at vehicles with the. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 256 | 1905 | Indiana | 1905 Ind. Acts 687, ch. 169, § 448 | Prohibited drawing or threatening to use "any pistol, dirk, knife, slung-shot or other deadly or dangerous weapon," unless in defense of person or property. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only drawing or threatening to use certain arms, and even then, it exempts doing so in defense of person or property. *Bruen*, 142 S.Ct. at 2133. Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 257 | 1905 | Indiana | 1905 Ind. Acts 687–88, ch. 169, § 449 | Prohibited the concealed carrying of "any dirk, pistol, bowie knife, dagger, sword in cane or any other dangerous or deadly weapon," unless "being a traveler." Punishable by fine of up to $500. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 258 | 1905 | New Jersey | 1905 N.J. Laws 324–25, ch. 172, § 1 | Prohibited the carrying of a concealed revolver, pistol or other deadly, offensive or dangerous weapon or firearm or any stiletto, dagger or razor. Punishable by fine up to $200 and/or imprisonment with hard labor up to 2 years. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 259 | 1908 | New York | 1908 N.Y. Laws 242, ch. 93, § 1 | Prohibited the possession of any instrument or weapon commonly known as a slungshot, billy, sandclub, or metal knuckles. | Objection to inclusion. This 20th-century law banning the possession of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 260 | 1908 | Rhode Island | 1908 R.I. Pub. Laws 145, ch. 1572, § 1 | Prohibited the carrying of any dirk, dagger, razor, sword cane, Bowie | Objection to inclusion. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | knife, butcher knife, air-gun, billy, metal knuckles, slungshot, pistol, other firearm. Exempted officers or watchmen. | This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 261 | 1909 | Idaho | 1909 Idaho Sess. Laws 6, No. 62, § 1 | Prohibited the carrying a concealed dirk, Bowie knife, dagger, slungshot, pistol, revolver, gun, or any other deadly or dangerous weapon in any public setting. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 262 | 1909 | South Dakota | 1909 S.D. Sess. Laws 450, ch. 240, §§ 21–22 | Prohibited the setting or possession of any "set gun." | Objection to inclusion. <br><br> The law is not "relevantly similar" to CA's assault weapon ban. It regulates for completely different reasons than CA's assault weapon ban (i.e., to prevent unintended discharges while hunting). *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|---------------------------|----------------------|
| 263 | 1909 | Washington | 1909 Wash. Sess. Laws 973, ch. 249, § 265 | Prohibited manufacturing, selling, disposing of, or possessing any "slung shot, sand club, or metal knuckles." Prohibited concealed carry of "any dagger, dirk, knife, pistol, or other dangerous weapon." Prohibited using "any contrivance or device for suppressing the noise of any fire arm." Punishable as a misdemeanor. | Objection to inclusion.<br><br>This 20th-century law banning the manufacture, sale, dispossession, or possession of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* at 2133.<br><br>The restriction on concealed carry is not "relevantly similar" because it regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 264 | 1909 | Washington | 1909 Wash. Sess. Laws 973, ch. 249, § 266 | Prohibited the setting of any trap, spring pistol, rifle, or other deadly weapon. Punishable by imprisonment for up to 1 year or a fine of up to $1,000. Further punishable by imprisonment for up to 20 years for non-fatal or fatal injuries resulting. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's assault weapon ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "trap guns"). And it regulates for completely different reasons than CA's assault weapon ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|--------------------------|----------------------|
| 265 | 1911 | New York | 1911 N.Y. Laws 442, ch. 195, § 1 | Prohibited the manufacture, sale, giving, or disposing of any weapon of the kind usually known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, or metal knuckles, and the offering, sale, loaning, leasing, or giving of any gun, revolver, pistol, air gun, or spring-gun to a person under the age of 16. | Objection to inclusion. The law is not "relevantly similar" to CA's assault weapon ban because it restricted only the transfer of certain arms to *minors under 16*. It did not flatly ban possession by *anyone*, nor did not ban transfer to adults or even minors over 16. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 266 | 1911 | New York | 1911 N.Y. Laws 442–43, ch. 195, § 1 | Prohibited the carrying or possession of any weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, or bludgeon, and the carrying or possession of any dagger, dirk, dangerous knife, razor, stiletto, or other "dangerous or deadly instrument or weapon" with intent to use the weapon unlawfully against another. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 267 | 1912 | Vermont | 1912 Vt. Acts & Resolves 261, No. 201, § 17 | Prohibited the setting of any spring gun. Punishable by a fine of $50-500 and liability for twice the amount of damage resulting from the trap. | Objection to inclusion. The law is not "relevantly similar" to CA's assault weapon ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "spring guns"). And it regulates for completely different reasons than CA's assault weapon ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the |

***Rupp v. Bonta***, No. 8:17-cv-00746-JLS-JDE

**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 268 | 1913 | Florida – Marion County | 1913 Fla. Laws 117, ch. 6621, § 8 | Prohibited hunting wild game with automatic guns. | Objection to inclusion.<br><br>This 20th-century law banning hunting with certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Further, this law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It merely regulates which arms may be used for hunting wild game in a single county. *Id.* at 2133.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 269 | 1913 | Hawaii [Territory] | 1913 Haw. Sess. Laws 25, Act 22 | Prohibited the carrying a Bowie knife, sword cane, pistol, air-gun, slungshot, or other deadly weapon. Punishable by fine of $10-250 or imprisonment for 3-12 months, unless good cause can be shown for carrying the weapon. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it provides an exception for good cause. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE

**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|---------------------------|----------------------|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| | | | | | Finally, the 20th-century laws of the U.S. territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 270 | 1913 | Iowa | 1913 Iowa Acts 307, ch. 297, §§ 1, 2 | Prohibited the carrying of a concealed dirk, dagger, sword, pistol, revolver, stiletto, metallic knuckles, picket billy, sandbag, skull cracker, slungshot, or other offensive and dangerous weapons or instruments. Also prohibited the selling, keeping for sale, offering for sale, loaning, or giving away any dirk, dagger, stiletto, metallic knuckles, sandbag, or "skull cracker." Exempted the selling or keeping for sale of "hunting and fishing knives." | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 271 | 1913 | New York | 1913 N.Y. Laws 1627–30, ch. 608, § 1 | Prohibited the carrying or possession of any weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, bludgeon, bomb, or bombshell, and the carrying or possession of any dagger, dirk, dangerous knife, razor, stiletto, or other "dangerous or deadly instruments or weapon." | Objection to inclusion. This 20th-century law banning the possession of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* at 2133. The restriction on carry is not "relevantly similar" because it regulates only carry of certain arms. *Id.* Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|---------------------------|----------------------|
| | | | | | at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 272 | 1915 | New Hampshire | 1915 N.H. Laws 180–81, ch. 133, pt. 2, § 18 | Prohibited the setting of a spring gun. Punished by a fine of $50-500. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "spring guns"). And it regulates for completely different reasons than CA's assault weapon ban (i.e., to prevent unintended discharges while hunting). *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 273 | 1915 | North Dakota | 1915 N.D. Laws 96, ch. 83, §§ 1–3, 5 | Prohibited the concealed carrying of any instrument or weapon usually known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, metal knuckles, or any sharp or dangerous weapon, any gun, revolver, pistol, or "other dangerous fire arm," nitroglycerin, dynamite, or any other dangerous or violent explosive. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 274 | 1917 | California | 1917 Cal. Stat. 221, ch. 145, § 1 | Prohibited the manufacture, leasing, keeping for sale, offering, giving, or disposing of any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, | Objection to inclusion. This 20th-century law banning the transfer and manufacture of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | sandbag, bludgeon, metal knuckles, dirk, or dagger. | Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 275 | 1917 | California | 1917 Cal. Stat. 221, ch. 145, § 2 | Prohibited the possession of any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, metal knuckles, bomb, or bombshells, and the carrying of any dirk or dagger. | Objection to inclusion.<br><br>This 20th-century law banning the possession of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 276 | 1917 | California | 1917 Cal. Stat. 222, ch. 145, § 5 | Prohibited the use, or carrying or possession with the intent to use, any dagger, dirk, dangerous knife, razor, stiletto, loaded pistol, revolver, or other firearm, blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, bomb, bombshell, or other "dangerous or deadly instrument or weapon." | Objection to inclusion.<br><br>This 20th-century law banning the use of and possession with intent to use certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* at 2133. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|-------------|----------|--------------------------|----------------------|
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 277 | 1917 | Missouri – City of Joplin | Hugh McIndoe, Editor, *Joplin Code of 1917* 550 (1917), art. 67, § 1201 | Prohibited the carrying of a concealed firearm, Bowie knife, spring-back knife, razor, knuckles, bill, sword cane, dirk, dagger, slungshot, or other similar deadly weapons in a church, school, election site, court, or other public setting. Also prohibits using the weapon in a threatening manner, using while intoxicated, or selling to a minor. | Objection to inclusion.<br><br>This law's carry restriction is not "relevantly similar" to CA's assault weapon ban. It does not ban possession or manufacture of any arm. Instead, it regulates carry of certain arms and, even then, it only regulates *how* and *where* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>The law's transfer restriction is not "relevantly similar" either. It restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by *anyone*, nor did not ban transfer to adults. *Id.*<br><br>The law's intoxicated use restriction is not "relevantly similar" either. It restricted only the use of certain arms while intoxicated. It did not flatly ban possession, transfer, or manufacture of any arm. *Id.*<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 278 | 1917 | North Carolina – Harnett County | 1917 N.C. Sess. Laws 309, ch. 209, § 1 | Prohibited killing quail with a gun that shoots over two times before reloading. | Objection to inclusion.<br><br>This 20th-century law banning the killing of quail with certain arms in a single county  should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|---------------------------|----------------------|
| | | | | | Further, this law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It merely regulates which arms may be used for hunting wild game. *Id.* at 2133.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 279 | 1917 | Oregon | 1917 Or. Sess. Laws 807-08, ch. 377, § 7 | Prohibited the attempted use, or the carry and possession with the intent to use, any dagger, dirk, dangerous knife, razor, stiletto, loaded pistol, revolver, or other firearm, or any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, bomb, bombshell, or any other "dangerous or deadly weapon."  Punishable by a fine of $50-500 or imprisonment for 1-6 months. | Objection to inclusion.<br><br>This 20th-century law banning the use of, attempted use of, and possession with intent to use certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 280 | 1920 | New Jersey | 1920 N.J. Laws 67, ch. 31, § 9 | Prohibits hunting with shotgun or rifle "holding more than two cartridges at one time, or that may | Objection to inclusion.<br><br>This 20th-century law banning hunting with certain arms should not be considered because it is not |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | be fired more than twice without reloading" | consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. |
| | | | | | Further, this law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It merely regulates which arms may be used for hunting wild game. *Id.* at 2133. |
| | | | | | Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* |
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 281 | 1923 | California | 1923 Cal. Stat. 696, ch. 339, § 1 | Prohibited the manufacture, importation, keeping for sale, offering or exposing for sale, giving, lending, or possession of any instrument or weapon commonly known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, and the concealed carrying of any dirk or dagger. Punishable by imprisonment for 1-5 years. | Objection to inclusion. |
| | | | | | This 20th-century law banning the possession, transfer, and manufacture of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. |
| | | | | | The restriction on concealed carry is not "relevantly similar" because it regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Id.* at 2133. |
| | | | | | Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* at 2133. |
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|--------------------------|----------------------|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 282 | 1923 | Missouri | 1923 Mo. Laws 241–42, § 17 | Prohibited the carrying, while a passenger or operating a moving vehicle, of a revolver, gun or other firearm, or explosive, any Bowie knife, or other knife having a blade of more than two and one-half inches in length, any slingshot, brass knucks, billy, club or other dangerous weapon. Punishable by imprisonment of minimum 2 years. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only applies when operating or a passenger in a moving vehicle. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 283 | 1923 | South Carolina | 1923 S.C. Acts 221 | Prohibited the selling or giving to a minor a pistol or pistol cartridge, brass knucks, Bowie knife, dirk, loaded cane or slingshot. Also prohibited a parent from giving such a weapon to their child under 12 years old. Punishable by fine up to $50 or imprisonment up to 30 days. | Objection to inclusion. The law is not "relevantly similar" to CA's assault weapon ban because it restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by *anyone* over 12 years old, nor did not ban transfer to adults. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 284 | 1923 | Vermont | 1923 Vt. Acts & Resolves 127, No. 130, § 1 | Prohibited using, carrying, or possessing a machine gun or automatic rifle while hunting. | Objection to inclusion. This 20th-century law banning the possession of certain arms while hunting should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|--------------------------|----------------------|
| | | | | | "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 285 | 1925 | Nevada | 1925 Nev. Stat., ch. 47, § 1 | Prohibited the possession of any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, or metal knuckles. | Objection to inclusion.<br><br>This 20th-century law banning the possession of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 286 | 1925 | Oregon | 1925 Or. Laws 42, ch. 31, §§ 1–2 | Prohibited the setting of any loaded spring gun. Punishable by a fine of $100-500 or imprisonment for 30 days to 6 months. Exception for setting of trap gun to destroy burrowing rodents. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's assault weapon ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "spring guns" and "set guns"). And it regulates for completely different reasons than CA's assault weapon ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 287 | 1925 | West Virginia | 1925 W. Va. Acts 25–30, ch. 3, § 7, pt. a | Prohibited unlicensed carrying of a pistol, dirk, Bowie knife, slungshot, razor, billy, metallic or other false knuckles, or any other dangerous or deadly weapon. Punishable by imprisonment for 6-12 months for the first offense, and for 1-5 years for subsequent offenses, and in either case, a fine of $50-200. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only applies to unlicensed carry. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 288 | 1925 | West Virginia | 1925 W. Va. Acts 30–31, ch. 3, § 7, pt. b | Prohibited publicly displaying for rent or sale any revolver, pistol, dirk, Bowie knife, slungshot, other dangerous weapon, machine gun, submachine gun, or high powered rifle. Requires dealers to keep a register. Prohibited selling, renting, giving, or lending any of these weapons to an unnaturalized person. | Objection to inclusion. This 20th-century law banning the public display of certain arms for sale or rent should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. Further, this law is not "relevantly similar" to CA's assault weapon ban. It did not ban possession by anyone, nor did not ban transfer to citizens. *Id.* at 2133. Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|--------------------------|----------------------|
| 289 | 1925 | West Virginia | 1925 W. Va. Acts 30–31, ch. 3, § 7, pt. b | Prohibited carrying, transporting, or possessing a machine gun, submachine gun, or high powered rifle except on their own premises and with a permit. Also provides guidelines for such a permit. | Objection to inclusion.<br><br>This 20th-century law banning possession of certain arms without a permit should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>But even if the law's possession restriction were not inconsistent with earlier laws, it is not "relevantly similar" because it regulates differently than CA's assault weapon ban.<br><br>The law's restriction on carry is not "relevantly similar" either because it does not ban possession, sale, or transfer of any arm.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving post enactment history more weight than it can rightly bear.") |
| 290 | 1927 | California | 1927 Cal. Stat. 938, ch. 552, §§ 1–2 | Prohibited a person, firm, or corporation possessing a machine gun. Punishable by imprisonment up to 3 years and/or fine up to $5,000. | Objection to inclusion.<br><br>This 20th-century law banning possession of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|---------------------------|----------------------|
| | | | | | at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving post enactment history more weight than it can rightly bear.") |
| 291 | 1927 | Georgia | 1927 Ga. Laws 83, No. 398, § 2, ¶ 86 | Levied a tax on dealers "in or near towns or cities" who deal "in pistols or in toy pistols which shoot cartridges, or who deals in pistol cartridges, or rifle cartridges, dirks, bowie knives, or metal knucks." | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on dealers of certain arms and ammunition. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). Finally, the term "near" was found to be vague and the tax of dealers in cities was found to lack uniformity in *Beck & Gregg Hardware Co. v. State Revenue Comm'n*, 176 Ga. 896 (1933) |
| 292 | 1927 | Indiana | 1927 Ind. Acts 469, ch. 156, § 1 | Prohibited owning or possessing a machine gun or bomb in an automobile. Punishable by imprisonment for 1-5 years. | Objection to inclusion. This 20th-century law banning possession of certain arms in an automobile should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|--------------------------|----------------------|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 293 | 1927 | Indiana | 1927 Ind. Acts 469, ch. 156, § 2 | Prohibited discharging a machine gun or bomb. Punishable by imprisonment for 2-10 years. | Objection to inclusion. This 20th-century law banning the discharge of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 294 | 1927 | Iowa | 1927 Iowa Acts 201, §§ 1–2 | Prohibited possession of a machine gun. | Objection to inclusion. This 20th-century law banning possession of certain arms without a permit should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 295 | 1927 | Maryland | 1927 Md. Laws 156, ch. 117, § 388-B | Prohibited possession of liquor in an automobile that also carries a gun, pistol, revolver, rifle machine gun, or other dangerous or deadly weapon. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapons ban. It does not ban possession, transfer, or manufacture of any arm. It restricts only the possession of *liquor in an automobile* when one is carrying certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 296 | 1927 | Massachusetts | 1927 Mass. Acts 416, ch. 326, § 5 | Prohibited the carrying of a pistol, revolver, machine gun, stiletto, dagger, dirk knife, slungshot, metallic knuckles, or sawed off shotgun, billy, or dangerous weapon if arrested upon a warrant for an alleged crime. Punishable by imprisonment of 6 months to 2.5 years. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only when arrested for an alleged crime. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 297 | 1927 | Massachusetts | 1927 Mass. Acts 413, ch. 326, §§ 1–2 | Prohibited selling, renting, or leasing a pistol, revolver, or machine gun to a person without a license to possess the same. | Objection to inclusion.<br><br>This 20th-century law banning transfer of certain arms (including common arms) to individuals without a permit should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that (at least some of the) arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|--------------------------|----------------------|
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 298 | 1927 | Michigan | 1927 Mich. Pub. Acts 888–89, No. 372, § 3 | Prohibited manufacturing, selling, or possessing a machine gun, silencer, bomb, bombshell, blackjack, slungshot, billy, metallic knuckles, sandclub, bludgeon. Punishable by fine up to $1,000 or imprisonment. | Objection to inclusion. This 20th-century law banning possession, transfer, and manufacture of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 299 | 1927 | Michigan | 1927 Mich. Pub. Acts 888–89, No. 372, § 3 | Prohibited manufacturing, selling, or possessing a machine gun or firearm that can be fired more than 16 times without reloading. Also Prohibited the same for a muffler or silencer. Punishable by fine of $1,000 and/or imprisonment up to 5 years. | Objection to inclusion. This 20th-century law banning possession, transfer, and manufacture of certain arms without a permit should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|--------------------------|----------------------|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 300 | 1927 | New Jersey | 1927 N.J. Laws 180–81, ch. 95, §§ 1–2 | Prohibited selling, giving, loaning, delivering or furnishing, or possessing a machine gun or automatic rifle to another person without a license. | Objection to inclusion. This 20th-century law banning the transfer of certain arms to individuals without a permit should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 301 | 1927 | New Jersey | 1927 N.J. Laws 742, ch. 321, § 1 | Prohibited a pawnbroker from selling or possessing for sale, loan, or to give away a machine gun, automatic rifle, revolver, pistol, or other firearm, or other instrument of any kind known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, metal knuckles, dagger, dirk, dangerous knife, stiletto, bomb or other high explosive. Punishable as a high misdemeanor. | Objection to inclusion. This 20th-century law banning pawnbrokers from transferring or possessing certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 302 | 1927 | New Jersey | 1927 N.J. Laws 743, ch. 321, § 2 | Prohibited being armed with or possession any "revolver, pistol, or other firearm" or "blackjack, slungshot, billy, sandclub, sandbag, bludgeon, metal knuckles, dagger, dirk, dangerous knife, stiletto, bomb or other high explosive" while committing "assault, robbery, larceny, burglary, or breaking or entering." Punishable by an additional imprisonment for 5, 10, 15, or 20 years to life depending on whether first, second, third, or fourth offense. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in in illegal activity (i.e., assault, robbery, etc.). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 303 | 1927 | Rhode Island | 1927 R.I. Pub. Laws 256, ch. 1052, §§ 1, 4, 5, 6 | Prohibited carrying a concealed pistol and Prohibited manufacturing, selling, purchasing, or possessing a machine gun. | Objection to inclusion.<br><br>This 20th-century law banning the possession, transfer, and manufacture of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.*<br><br>The restriction on concealed carry of pistols is not "relevantly similar" because it regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Id.* at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|--------------------------|----------------------|
| 304 | 1927 | Rhode Island | 1927 R. I. Pub. Laws 256, ch. 1052, §§ 1, 4, 7, 8 | Prohibited carrying a concealed pistol and Prohibited manufacturing, selling, purchasing, or possessing a machine gun or silencer. | Objection to inclusion.<br><br>This 20th-century law banning the possession, transfer, and manufacture of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.*<br><br>The restriction on concealed carry of pistols is not "relevantly similar" because it regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Id.* at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 305 | 1927 | Rhode Island | 1927 R.I. Pub. Laws 256, ch. 1052, §§ 1, 3 | Prohibited a person who has previously been convicted of a violent crime from owning, carrying, or possessing any firearm (including machine gun or pistol). | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's weapons ban. It does not ban the transfer or manufacture of any arm, and it only restricts possession and carry of firearms by those convicted of a violent crime. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 306 | 1929 | Indiana | 1929 Ind. Acts 139, ch. 55, § 1 | Prohibited being armed with a pistol, revolver, rifle shotgun, machine gun, or any other firearm | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | or dangerous weapon while committing or attempting to commit a crime of rape, robbery, bank robbery, or larceny. Punishable by imprisonment for 10-20 years, in addition to the punishment for the original crime. | manufacture of any arm. It restricts only the possession of certain arms while committing or attempting to commit rape, robbery, bank robbery, or larceny. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 307 | 1929 | Michigan | 1929 Mich. Pub. Acts 529, No. 206 | Prohibited manufacturing, selling, or possessing a machine gun, silencer, bomb, bombshell, blackjack, slungshot, billy, metallic knuckles, sandclub, sandbag, bludgeon, or any gas ejecting device. | Objection to inclusion.<br><br>This 20th-century law banning possession, transfer, and manufacture of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 308 | 1929 | Michigan | 1929 Mich. Pub. Acts 529, No. 206 | Prohibited manufacturing, selling, or possessing a machine gun or firearm that can be fired more than 16 times without reloading. Also Prohibited the same for a muffler or silencer. | Objection to inclusion.<br><br>This 20th-century law banning possession, transfer, and manufacture of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE

**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|--------------------------|----------------------|
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 309 | 1929 | Missouri | 1929 Mo. Laws 170 | Prohibited selling, delivering, transporting, and possessing a machine gun. Punishable by imprisonment of 2-30 years and/or fine up to $5,000. | Objection to inclusion.<br><br>This 20th-century law banning possession, transfer, and manufacture of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 310 | 1929 | Nebraska | 1929 Neb. Laws 673–74, ch. 190, §§ 1–2 | Prohibited selling or otherwise disposing of a machine gun. Punishable by fine of $1,000-$10,000. Also Prohibited transporting or possessing a machine gun. Punishable by imprisonment for 1-10 years. | Objection to inclusion.<br><br>This 20th-century law banning possession and transfer of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|--------------------------|----------------------|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 311 | 1929 | Pennsylvania | 1929 Pa. Laws 777–78, No. 329, §§ 1, 4 | Prohibited selling, giving, transferring, or possessing a machine gun. Punishable by fine up to $1,000 and imprisonment by separate or solitary confinement at labor up to 5 years. Also Prohibited using a machine gun during an attempted crime. Punishable by separate and solitary confinement at labor for up to 10 years. | Objection to inclusion. This 20th-century law banning possession, transfer, and manufacture of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* The law's ban on using a machine gun in the commission of a crime is not "relevantly similar." *Id.* at 2133. Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 312 | 1929 | Pennsylvania | 1929 Pa. Laws 777–78, No. 329, § 3 | Prohibited being armed with a machine gun while committing a crime. Punishable by imprisonment with solitary confinement up to 10 years. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It restricts only the possession of certain arms while committing or attempting to commit a crime. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

135

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 313 | 1929 | Wisconsin | 1928–1929 Wis. Sess. Laws 157, ch. 132, § 1 | Prohibited owning, using, or possession a machine gun. Punishable by imprisonment of 1-15 years. | Objection to inclusion.<br><br>This 20th-century law banning possession and use of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 314 | 1931 | Delaware | 1931 Del. Laws 813, ch. 249, § 1 | Prohibited a person from possessing a machine gun. Punishable by fine and/or imprisonment. | Objection to inclusion.<br><br>This 20th-century law banning possession of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 315 | 1931 | Illinois | 1931 Ill. Laws 452–53, Machine Guns, §§ 1–2 | Prohibited selling, loaning, or giving away, purchasing, possessing, carrying, or transporting any machine gun. | Objection to inclusion.<br><br>This 20th-century law banning possession and transfer of certain arms should not be considered because it is |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. |
| | | | | | Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* |
| | | | | | The law's restriction on carrying and transporting certain arm is not "relevantly similar" because it does not ban possession, transfer, or manufacture or any arm. *Id.* |
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 316 | 1931 | Illinois | 1931 Ill. Laws 454, Machine Guns, § 7 | Prohibited being armed with a machine gun while committing arson, assault, burglary, kidnapping, larceny, rioting, or robbery. Punishable by imprisonment for 5 years to life. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It restricts only the possession of certain arms while engaged in arson, assault, burglary, kidnapping, larceny, rioting, or robbery. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 317 | 1931 | Michigan | 1931 Mich. Pub. Acts 671, ch. 37, § 236 | Prohibited the setting of any spring or trap gun. | Objection to inclusion. The law is not "relevantly similar" to CA's assault weapon ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "trap guns" and "spring guns"). And it |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | regulates for completely different reasons than CA's assault weapon ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 318 | 1931 | New York | 1931 N.Y. Laws 1033, ch. 435, § 1 | Prohibited using an imitation pistol and carrying or possessing a black-jack, slungshot, billy, sandclub, sandbag, metal knuckles, bludgeon, dagger, dirk, dangerous knife, razor, stiletto, imitation pistol, machine gun, sawed off shot-gun, or any other dangerous or deadly weapon. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's assault weapon ban. It does not a flat ban on possession, transfer, or manufacture of any arm. It regulates only the use of imitation pistols "against another" and the carry and possession of certain arms with the intent to use the same unlawfully against another. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). <br><br> To the extent that this 20th century law flatly prohibits any the possession of any arm in common use for lawful purposes, it should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. <br><br> Objection to description. <br><br> The law was not a flat restriction on use, possession, or carry on all the arms listed by the State. It restricted the possession and carry of certain arms only "with intent to use the same unlawfully against another" and the use of "imitation pistols" "against another." |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | The relevant language is as follows: A person who attempts to use **against another** an imitation pistol, or who carries or possesses any instrument or weapon of the kind commonly known as a black-jack, slungshot, billy, sand club, sandbag, metal knuckles, bludgeon, **or who, <u>with intent to use the same unlawfully against another</u>, carries or possesses a dagger, dirk, dangerous knife, razor, stiletto, imitation pistol, machine gun, sawed off shot-gun, or any other dangerous or deadly instrument**, or weapon is guilty of a misdemeanor, and if he has been previously convicted of any crime he is guilty of a felony. |
| 319 | 1931 | North Dakota | 1931 N.D. Laws 305-06, ch. 178, §§ 1–2 | Prohibited selling, giving, loaning, furnishing, or delivering a machine gun, submachine gun, automatic rifle, or bomb (without a license). Punishable by imprisonment up to 10 years and/or fine up to $3,000. | <u>Objection to inclusion.</u><br><br>This 20th-century law banning the use of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 320 | 1931 | South Carolina | 1931 S.C. Acts 78, No. 58, § 1 | Prohibited the setting of any loaded trap gun or spring gun. Punishable by a fine of $100-500 or imprisonment of 30 days to 1 year. | <u>Objection to inclusion.</u><br><br>The law is not "relevantly similar" to CA's assault weapon ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "trap guns" and "spring guns"). And it regulates for completely different reasons than CA's assault weapon ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|--------------------------|----------------------|
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 321 | 1932 | District of Columbia | An Act To Control The Possession, Sale, Transfer And Use Of Pistols And Other Dangerous Weapons In The District Of Columbia, To Provide Penalties, To Prescribe Rules Of Evidence, And For Other Purposes, 47 Stat. 650 (1932), ch. 465, §§ 1, 8 | Prohibited being armed with or having readily available any pistol or other firearm while committing a violent crime. In addition to being punished for the crime, will also be punished with imprisonment (various terms depending on the number of previous convictions). Additionally, Prohibited people convicted of violent crimes from owning or possessing a pistol. Prohibited carrying a concealed deadly or dangerous weapon. Regulates the sale and transfer of pistols. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban the possession, transfer, or manufacture of any arm. Instead, it bans the possession of firearms only while committing a violent crime and by those convicted of violent crimes. And it merely regulates, but does not ban, the transfer of pistols. *Bruen*, 142 S.Ct. 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 322 | 1932 | Louisiana | 1932 La. Acts 337–38, No. 79, §§ 1–2 | Prohibited selling, loaning, giving, purchasing, possession, carrying, or transporting a machine gun. | Objection to inclusion.<br><br>This 20th-century law banning possession and transfer of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 323 | 1933 | California | 1933 Cal. Stat. 1170, ch. 450, § 2 | Prohibited a person, firm, or corporation from selling, possessing or transporting a machine gun. Punishable by imprisonment up to 3 years and/or fine up to $5,000. | Objection to inclusion. This 20th-century law banning possession and transfer of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 324 | 1933 | Florida | 1933 Fla. Laws 623, ch. 16111, § 1 | Prohibited throwing a bomb or shooting a machine gun across or along a street or highway, any public park or place where people assemble with the intent to do bodily harm. Punishable by death. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It merely bans shooting or throwing certain projectiles at vehicles with the intent to do bodily harm. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 325 | 1933 | Hawaii [Territory] | 1933 Haw. Sess. Laws 117, No. 120, § 2 | Prohibited a person, firm, or corporation from owning, possessing, selling, or transporting a machine gun, shell cartridge, or bomb containing or capable of | Objection to inclusion. This 20th-century law banning possession and transfer of certain arms should not be considered because it is |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | emitting tear gas or other noxious gas. | not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>Finally, the 20th-century laws of the U.S. territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 326 | 1933 | Kansas | 1933 Kan. Sess. Laws 76, ch. 62, §§ 1–3 | Prohibited possession of a machine rifle, machine gun, or submachine gun. | Objection to inclusion.<br><br>This 20th-century law banning possession of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 327 | 1933 | Minnesota | 1933 Minn. Laws 231–33, ch. 190, §§ 1–3 | Prohibited owning, controlling, using, possessing, selling, or transporting a machine gun. | Objection to inclusion.<br><br>This 20th-century law banning possession and transfer of certain arms should not be considered because it is |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE

**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 328 | 1933 | New York | 1933 N.Y. Laws 1638–39, ch. 805, §§ 1, 3 | Prohibited selling, giving, disposing of, transporting, or possessing a machine gun or submachine gun to a person guilty of a felony. | <u>Objection to inclusion.</u><br><br>The law is not "relevantly similar" to CA's assault weapon ban because it restricted only the possession and transfer of certain arms to convicted felons. It did not ban possession by or transfer to law-abiding citizens. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 329 | 1933 | Ohio | 1933 Ohio Laws 189–90, No. 64, § 1 | Prohibited owning, possessing, and transporting a machine gun, light machine gun, or submachine gun without a permit. Punishable by imprisonment of 1-10 years. | <u>Objection to inclusion.</u><br><br>This 20th-century law banning possession of certain arms without a permit should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 330 | 1933 | Oregon | 1933 Or. Laws 489, ch. 315, §§ 3–4 | Prohibited possession of a machine gun. Also Prohibited carrying a concealed machine gun, pistol, revolver, or other firearm. | Objection to inclusion.<br><br>This 20th-century law banning the possession of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.*<br><br>The law's restriction on concealed carry is not "relevantly similar" because it regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Id.* at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 331 | 1933 | Oregon | 1933 Or. Laws 488, ch. 315, § 2 | Prohibited a unnaturalized person and person convicted of a felony against another person or the government from owning or possessing a pistol, revolver, other firearm, or machine gun. Punishable by imprisonment for 1-5 years. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's assault weapon ban because it restricted only the possession of certain arms by convicted felons and unnaturalized persons. It did not flatly ban possession by law-abiding citizens. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 332 | 1933 | South Dakota | 1933 S.D. Sess. Laws 245–47, ch. 206, §§ 1–8 | Prohibited possession of a machine gun during a violent crime. Punishable by imprisonment up to 15 years. Prohibited using a machine gun offensively or aggressively; punishable by imprisonment up to 15 years. Requires manufacturers to keep a register of machine guns and for owners to converted their machine guns to pistols to register the weapon. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not flatly ban possession, transfer, or manufacture of any arm. It restricts only the possession or use of a machine gun when engaged in or attempting to engage in murder, manslaughter, kidnapping, rape, mayhem, assault to do great bodily harm, robbery, burglary, housebreaking, breaking and entering, or larceny. *Bruen*, 142 S.Ct. at 2133.<br><br>The law's recordkeeping and registration requirements are not "relevantly similar" either. *Id.* They do not ban the possession, transfer, or manufacture of any arm.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 333 | 1933 | Texas | 1933 Tex. Gen. Laws 219–20, ch. 82, §§ 1–4, 6 | Prohibited possession of a machine gun; punishable by imprisonment up to 10 years. Prohibited selling, leasing, giving, bartering, exchanging, or trading a machine gun; punishable by imprisonment for 2 months to 10 years. | Objection to inclusion.<br><br>This 20th-century law banning possession and transfer of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 334 | 1933 | Washington | 1933 Wash. Sess. Laws 335–36, ch. 64, §§ 1–5 | Prohibited manufacturing, owning, buying, selling, loaning, furnishing, transporting, or possessing a machine gun. | Objection to inclusion. This 20th-century law banning possession, transfer, and manufacture of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 335 | 1933 | Wisconsin | 1931–1933 Wis. Sess. Laws 245–47, ch. 76, § 1, pts. 164.01–164.06 | Prohibited using or possessing a machine gun during an attempted violent crime; punishable by imprisonment of minimum 20 years. Prohibited use of a machine gun for offensive or aggressive purposes; punishable by imprisonment of minimum 10 years. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not flatly ban possession, transfer, or manufacture of any arm. It restricts only the possession or use of a machine gun when engaged in or attempting to engage in a violent crime, or engaged in offensive or aggressive purposes. *Bruen*, 142 S.Ct. at 2133. Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 336 | 1933 | Wisconsin | 1931–1933 Wis. Sess. Laws 778, ch. 359, § 1 | Prohibited selling, possessing, using, or transporting a machine gun, automatic firearm, bomb, hand grenade, projectile, shell, or other container that can contain tear or other gas. Punishable by imprisonment for 1–3 years. | Objection to inclusion. This 20th-century law banning possession, transfer, and manufacture of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 337 | 1934 | Federal | National Firearms Act of 1934, 48 Stat. 1236 (1934) | Provided for taxation of manufacturers, importers, and dealers in certain firearms and machine guns. | Objection to inclusion. The law is not "relevantly similar" to CA's assault weapon ban because it regulated only the possession of certain arms to be taxed and registered. It did not flatly ban possession by law-abiding citizens. *Bruen*, 142 S.Ct. at 2133. Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.* Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 338 | 1934 | New Jersey | 1934 N.J. Laws 394–95, ch. 155, §§ 1–5 | Declares a person who possesses a machine gun or submachine gun a "gangster" and therefore, enemy of the state. Also declares a person who carries a deadly weapon without a permit a "gangster." If convicted a "gangster," punishable by fine up to $10,000 and/or imprisonment up to 20 years. | Objection to inclusion.<br><br>This 20th-century law declaring any person who possesses certain arms to be a "gangster" should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.*<br><br>Further, the law is not "relevantly similar" to CA's assault weapon ban. *Id.* at 2133. |
| 339 | 1934 | South Carolina | 1934 S.C. Acts 1288, No. 731, §§ 1–6 | Prohibited transporting, possessing, selling, renting, or giving a firearm or machine gun. Punishable by fine up to $1,000 and imprisonment with solitary confinement up to 20 years. | Objection to inclusion.<br><br>This 20th-century law banning possession, transfer, and manufacture of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 340 | 1934 | Virginia | 1934 Va. Acts 137–39, ch. 96, §§ 1–7 | Prohibited possession or use of a machine gun during a violent crime; punishable by death or imprisonment for a minimum of 20 years. Prohibited unlawful possession or use of a machine gun for offensive or aggressive | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapons ban. It does not flatly ban possession, transfer, or manufacture of any arm. It restricts only the possession and use of certain arms while engaged in illegal activity. *Bruen*, 142 S.Ct. at 2133. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | purposes; punishable by imprisonment for a minimum of 10 years. Requires manufacturers to keep a register of machine guns. | Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on weapons in common use for lawful purposes. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 341 | 1783 | Massachusetts – City of Boston | 1782–1783 Mass. Acts 120, ch. 46 | Prohibited the possession of any "fire arms," and among other devices, loaded with any gun powder. Punishable by forfeiture and sale at public auction. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only how arms are stored (i.e., loaded with hazardous material"). And it regulates for completely different reasons than CA's assault weapon ban (i.e., to prevent fires in towns made of flammable wood). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. |
| 342 | 1784 | New York – City of New York City | 1784 N.Y. Laws 627, ch. 28 | Prohibited any person to keep any quantity of gun powder exceeding 28 pounds and required storage in separate containers. Punishable by forfeiture and fine. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only how gun powder is stored (i.e., a hazardous material"). And it regulates for completely different reasons than CA's assault weapon ban (i.e., to prevent fires in towns made of flammable wood). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE

**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 343 | 1792 | New York | Thomas Greenleaf (Editor), *Laws of the State of New York, Comprising the Constitution, and the Acts of the Legislature, since the Revolution, from the First to the Fifteenth Session, Inclusive* 191–92 (1792) | Regulated the storage of gunpowder in New York City. | Objection to inclusion. The law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only how gun powder is stored (i.e., a hazardous material"). And it regulates for completely different reasons than CA's assault weapon ban (i.e., to prevent fires in towns made of flammable wood). *Bruen*, 142 S.Ct. at 2133. |
| 344 | 1821 | Maine | 1821 Me. Laws 98, ch. 25, § 1 | Prohibited any person from possessing any gunpowder, in any quantity, unless permitted by local rules and regulations. | Objection to inclusion. The law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only how gun powder is stored (i.e., a hazardous material") in large cities of 1,500 inhabitants. And it regulates for completely different reasons than CA's assault weapon ban (i.e., to prevent fires in cities made of flammable wood). *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 345 | 1823 | Ohio – Town of Marietta [Territory] | *The Act of Incorporation, and the Ordinances and Regulations of the Town of Marietta, Washington County, Ohio* 17–18 (1837) | Regulated the discharge and explosion of gunpowder. Punishable by fine of $1–5 for first offense and $5–10 for all subsequent offenses. | Objection to inclusion. The law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only how gun powder is used (i.e., a hazardous material creating an explosion"). And it regulates for completely different reasons than CA's assault weapon ban (i.e., to prevent fires in towns made of flammable wood). *Bruen*, 142 S.Ct. at 2133. Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|--------------------------|----------------------|
| | | | | | persuasive. *Id.* at 2156. |
| | | | | | Finally, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 346 | 1836 | Connecticut – Cities of Hartford, New Haven, New London, Norwich, and Middletown | 1836 Conn. Acts 105, ch. 1, § 20 | Authorizing the local court of common counsel to prohibit and regulate the storage of gun powder. | Objection to inclusion. This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacturer of any arm. It instead purports to authorize local courts to adopt a law. And the State does not indicate whether the towns actually passed those laws. *Bruen*, 142 S.Ct. at 2133. Even if the cities did pass such laws, they would not be "relevantly similar" because they would regulate only gun powder storage. |
| 347 | 1851 | Illinois – City of Chicago | Joseph E. Gary (Editor), *Laws and Ordinances Governing the City of Chicago* 239 (1866), ch. 11, § 1 | Prohibiting the keeping, sale, or giving away of gun powder or gun cotton "in any quantity" absent written permission of the authorities. | Objection to inclusion. The law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only how gun powder is kept, sold, or given away (i.e., a hazardous material"). And it regulates for completely different reasons than CA's assault weapon ban (i.e., to prevent fires in towns made of flammable wood). *Bruen*, 142 S.Ct. at 2133. Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. Finally, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more |

*Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | weight than it can rightly bear."). |
| 348 | 1858 | Minnesota – City of St. Paul | Henry John Horn, (Editor), *The Charter and Ordinances of the City of St. Paul, Together with Legislative Acts Relating to the City, and the State Constitution, in an Appendix* 113 (1858), ch. 21, §§ 1–5 | Prohibited the keeping, sale, or giving away of gun powder or gun cotton "in any quantity" absent payment of $5 to the City Treasurer and written permission of the authorities. Authorized any person to "keep for his own use" no more than 1 pound of gun powder or gun cotton at any one time. Punishable by a fine not to exceed $50 per offense. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only how gun powder is kept, sold, or given away (i.e., a hazardous material"). And it regulates for completely different reasons than CA's assault weapon ban (i.e., to prevent fires in towns made of flammable wood). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 349 | 1881 | Washington – City of New Tacoma [Territory] | 1881 Wash. Sess. Laws 76, ch. 6, § 34, pt. 15 | Authorized New Tacoma to regulate transporting, storing, or selling gunpowder, giant powder, dynamite, nitroglycerine, or other combustibles without a license, as well as the carrying concealed deadly weapons, and the use of guns, pistols, firearms, firecrackers. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacturer of any arm. It instead purports to authorize a local jurisdiction to adopt a law. And the State does not indicate whether the city actually passed those laws. *Bruen*, 142 S.Ct. at 2133.<br><br>Even if the town did pass such laws, they would not be "relevantly similar" because they would regulate only storage and transportation of gun powder and other combustibles. The regulations on concealed carry would not be "relevantly similar" either because they would not ban possession, transfer, or manufacture of any arm, only *how* weapons are carried. *Id.* |

***Rupp v. Bonta***, No. 8:17-cv-00746-JLS-JDE
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes**

| No. | Year | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|-------------|----------|--------------------------|----------------------|
| 350 | 1917 | Federal | An Act To Prohibit the Manufacture, Distribution, Storage, Use, and Possession in Time of War of Explosives, Proving Regulations for the Safe Manufacture, Distribution, Storage, Use, and Possession of the Same, and for Other Purposes, 40 Stat. 385 (1917), ch. 83 | Prohibited the manufacture, distribution, storage, use, and possession during time of war of powder, explosives, blasting supplies, or ingredients thereof. | Objection to inclusion. <br><br> The law is not "relevantly similar" to CA's assault weapon ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only a brief period when gun powder is manufactured, distributed, stored, used, and possessed. And it regulates for completely different reasons than CA's assault weapon ban (i.e., to increase supply for the war effort). *Bruen*, 142 S.Ct. at 2133. <br><br> Finally, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |