# EXHIBIT 102

Def. Exhibit 102
Page 003442

```
                    IN THE UNITED STATES DISTRICT COURT

                  FOR THE SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,      )
                               )  No. 3:19-CR-1850-AJB
         Plaintiff,            )
                               )
v.                             )  September 17, 2021
                               )
JOHN TIMOTHY EARNEST,          )
                               )  Courtroom 2C
         Defendant.            )
_____)  San Diego, California


         TRANSCRIPT OF DIGITALLY RECORDED PROCEEDINGS

                        (Change of Plea)

    BEFORE THE HONORABLE MICHAEL S. BERG, MAGISTRATE JUDGE




COURT REPORTER:        AMANDA M. LeGORE
                       RDR, CRR, CRC, FCRR, CACSR
                       U.S. District Court
                       333 West Broadway, Suite 420
                       San Diego, CA 92101
                       amanda_legore@casd.uscourts.gov
```

DEFENDANTS' TRIAL EXHIBIT 509
No. 2:22-cv-01815-IM

```
 1   APPEARANCES:
     FOR THE PLAINTIFF:        SHANE HARRIGAN
 2                             ROSANNA GIBSON
                               PETER KO
 3                             Assistant U.S. Attorneys
                               U.S. Attorney's Office
 4                             Southern District of California
                               880 Front Street, Room 6293
 5                             San Diego, CA   92101-8893
                               (619)557-5610
 6

 7   FOR THE DEFENDANT:        ELLIS TRIP JOHNSTON III
                               Attorney at Law
 8                             180 Broadway, Suite 1800
                               San Diego, CA   82191
 9                             (619)756-7632
                               trip@cjtrlaw.com
10

11                             PATRICK BURKE
                               Patrick J. Burke, PC
12                             303 16th Street, Suite 200
                               Denver, CO   80202
13                             (303)825-3050
                               patrick-j-burke@msn.com
14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                (Friday, September 17, 2021; 2:48 p.m.)
 2
 3                       P R O C E E D I N G S
 4
 5         THE CLERK:  Calling matter number 10, 19-CR-1850,
 6  United States of America versus John Timothy Earnest.
 7         MR. JOHNSTON:  Good afternoon, your Honor.  Trip
 8  Johnston on behalf of Mr. Earnest, who is present in custody,
 9  along with my co-counsel Patrick Burke.
10         THE COURT:  Thank you.  Good afternoon.
11         Good afternoon, Mr. --
12         MR. JOHNSTON:  (Indiscernible.)
13         THE COURT:  Good afternoon, Mr. Earnest.
14         MR. HARRIGAN:  Good afternoon, sir.  Peter Ko and
15  Shane Harrigan for the United States.  We're joined by video by
16  Rosanna Gibson.
17         THE COURT:  Good afternoon, Ms. Gibson.
18         MS. GIBSON:  Good afternoon, your Honor.
19         THE COURT:  Mr. Earnest, it's my understanding you
20  are willing to plead guilty this afternoon.  Is that correct,
21  sir?
22         THE DEFENDANT:  Yes.
23         THE COURT:  Okay.  I'm going to also ask you to keep
24  your voice up because it's being recorded, and you're somewhat
25  soft-spoken.
```

```
 1            Please swear him in.
 2            THE CLERK:  Please raise your right hand.
 3            (Defendant sworn.)
 4            THE DEFENDANT:  Yes.
 5            THE CLERK:  Thank you.
 6            THE COURT:  Thank you.
 7            Mr. Earnest, you have just taken an oath to tell the
 8   truth.  That's very important.
 9            If you should lie or make any false statements during
10   these proceedings, the Government could charge you with a new
11   and separate crime called perjury or making a false statement.
12            So if at any time this afternoon there's something I
13   ask you that you don't understand, please don't guess at the
14   answer.  Let me know, and I'll be more than happy to explain it
15   to you further.  Okay?
16            THE DEFENDANT:  Yeah.
17            THE COURT:  Have you taken any drugs or medications
18   in the last 24 hours that would make it difficult for you to
19   understand what we're doing here today?
20            THE DEFENDANT:  No.
21            THE COURT:  You have the right to have your guilty
22   plea taken by the district court judge in your case, Judge
23   Battaglia.  I'm a magistrate judge.
24            It is my understanding you are willing to allow me to
25   take your guilty plea, and then Judge Battaglia will do the
```

```
1   sentencing.  Is that correct?
2              THE DEFENDANT:  Yes.
3              THE COURT:  Thank you.
4              I have received a plea agreement in your case that
5   has the initials JTE on the bottom right corner of each page
6   and a signature on the back.
7              Are those your initials and your signature?
8              THE DEFENDANT:  Yes.
9              THE COURT:  And before you initialed and signed it,
10  did you either read it or have it read to you in its entirety?
11             THE DEFENDANT:  Yes.
12             THE COURT:  Any questions about anything that's
13  contained within it?
14             THE DEFENDANT:  No.
15             THE COURT:  I'm not going to read the entire
16  agreement with -- go over the entire agreement with you.  There
17  are certain parts I am going to discuss, though.
18             You have very valuable constitutional rights in this
19  country, and you're going to be giving up a number of these
20  rights when you plead guilty here today.
21             You have the right to a speedy and public trial by
22  jury.  The right to cross-examine and confront any witnesses
23  that would testify against you.  The right to subpoena to court
24  any witnesses to testify on your behalf.  The right for you to
25  personally testify or remain silent.  And the right to an
```

1    attorney, which you have.
2           Do you understand these rights, sir?
3           THE DEFENDANT:  Yes.
4           THE COURT:  By pleading guilty today, you're going to
5    be giving up each and every one of those rights, with the
6    exception of your right to an attorney.  Your attorney is going
7    to stay with you until the case has been completed.
8           Do you agree to give up each of the rights I've just
9    described, with the exception of your right to an attorney?
10          THE DEFENDANT:  Yes.
11          THE COURT:  You have been charged in 113 separate
12   counts, and I'm going to go through those with you in a moment.
13          It's my understanding that this plea agreement,
14   though, is conditioned upon approval of the Attorney General of
15   the United States.  And absent such approval, this agreement is
16   void and unenforceable by either side.
17          Do you understand?
18          THE DEFENDANT:  Yes.
19          THE COURT:  You are charged in Counts 1 to 54 with
20   obstruction of free exercise of religious beliefs.
21          If you were to go to trial on those counts, the
22   Government would need to prove the elements of those counts
23   beyond a reasonable doubt.  They would need to prove that you
24   intentionally obstructed the person identified in each of those
25   individual counts in the enjoyment of that person's free

1 exercise of religious beliefs.  That you used force.  Or, for
2 Counts 2 through 54, threats of force.  And, finally, that the
3 offense was in or affected interstate commerce.
4          In addition, for Count 1 only, your acts resulted in
5 the death of the person identified in the count.  And for
6 Counts 2 to 4, your acts included an attempt to kill the person
7 identified in the count, resulted in bodily injury to that
8 person, or included the use or attempted use or threatened use
9 of a dangerous weapon.
10          In addition, for Counts 5 through -- to 54, your acts
11 included an attempt to kill the person identified in the count,
12 or the use, attempted use, or threatened use of a dangerous
13 weapon.
14          As to Counts 55 through 58, you are charged with
15 willfully causing bodily injury.
16          If you were to go to trial, the elements that the
17 Government would need to prove beyond a reasonable doubt in
18 those counts are that you willfully caused bodily injury to the
19 person identified in each of those counts, that you did so
20 because of the actual or perceived race of said person.
21          In addition, for Count 55, your acts resulted in the
22 death of the person identified in the count.
23          In addition, for Counts 56 to 58, your acts included
24 an act attempt to kill the person identified in the count.
25          In Counts 59 through 108, you are charged with

1  attempting to cause bodily injury through the use of a firearm.
2         If you were to go to trial on those counts, the
3  Government would need to prove these elements beyond a
4  reasonable doubt.
5         That you willfully attempted to cause bodily injury
6  to the person identified in said count through the use of a
7  firearm.  That you did so because of the actual or perceived
8  race of said person.  And that your acts included an attempt to
9  kill the person identified in the count.
10        In Count 109, you are charged with attempting to
11 damage or destroy religious property.  If you were to go to
12 trial on that count, the Government would need to prove beyond
13 a reasonable doubt these elements.
14        That you intentionally attempted to damage or destroy
15 religious real property because of the religious character of
16 the property.  The offense was in or affected interstate or
17 foreign commerce, and the act included the use of fire.
18        In Count 110 to 113, you are charged with the use of
19 a firearm in relation to a crime of violence.
20        If you were to go to trial on those counts, the
21 Government would need to prove these elements beyond a
22 reasonable doubt.
23        That you knowingly used, carried, or discharged a
24 firearm, and you did so during and in relation to a crime of
25 violence specified in the count.

| | |
|---|---|
| 1 | In addition, for Count 110, you caused the death of |
| 2 | and unlawfully killed with malice aforethought the person |
| 3 | identified in the count, through the use of a firearm.  And |
| 4 | attempt -- or attempted, as used above, means that you intended |
| 5 | to commit the crime and took a substantial step towards |
| 6 | committing said crime. |
| 7 | Do you understand each of the elements I have just |
| 8 | described? |
| 9 | THE DEFENDANT:  Yes. |
| 10 | THE COURT:  And do you understand that by pleading |
| 11 | guilty today you will in fact be admitting each of these |
| 12 | elements, and the Government need not do anything further to |
| 13 | prove these counts against you? |
| 14 | THE DEFENDANT:  Yes. |
| 15 | THE COURT:  You are facing the following maximum |
| 16 | penalties. |
| 17 | In Counts 1 to 54, you are facing a maximum of a |
| 18 | death sentence.  Or if the death penalty is not sought or does |
| 19 | not apply, life in prison.  A maximum $250,000 fine.  A |
| 20 | mandatory special assessment of $100 per count.  And a term of |
| 21 | supervised release of up to five years. |
| 22 | For Counts 55 to 108, you are facing a maximum of |
| 23 | life in prison, a maximum $250,000 fine, a mandatory special |
| 24 | assessment of $100 per count, and a term of supervised release |
| 25 | of up to five years. |

1  For Count 109, which was the attempt to damage or
2  destroy religious property, you are facing a maximum 20 years
3  in prison, a maximum $250,000 fine, a mandatory special
4  assessment of $100 per count, a term of supervised release of
5  up to three years.
6  For Count 110, you're facing a maximum of a death
7  sentence.  Or if the death penalty is not sought or does not
8  apply, life in prison.  A maximum $250,000 fine.  A mandatory
9  special assessment of $100 per count.  A term of supervised
10 release of up to five years.
11 And for Counts 111 to 113, you are facing a maximum
12 of life in prison and a mandatory minimum of ten years in
13 custody consecutive to any other sentence of imprisonment, a
14 maximum $250,000 fine, a mandatory special assessment of $100
15 per count, and a term of supervised release of up to five
16 years.
17 Do you -- in addition, there -- you are subject to an
18 order of restitution to the victims of the offense.
19 Do you understand the maximum penalties for each of
20 these counts?
21 THE DEFENDANT:  Yes.
22 THE COURT:  Are you a United States citizen?
23 THE DEFENDANT:  Yes.
24 THE COURT:  At the time of sentencing, you may be
25 placed on supervised release.  If it's later determined you

1    violated any term or condition of your supervised release, it
2    could be revoked, and you could be remanded into custody to
3    serve the maximum period of time for any violation.
4              Do you understand?
5              THE DEFENDANT:  Yes.
6              THE COURT:  Your plea agreement contains a paragraph
7    entitled, "Waiver of appeal, collateral attack, and information
8    access."
9              What this basically means is that if you are
10   sentenced in accordance with the provisions of your plea
11   agreement, you will forever waive your right to appeal or
12   otherwise challenge your conviction and/or sentence.
13             In addition, you are giving up all of your rights to
14   request or receive from any department or agency of the United
15   States any records pertaining to the investigation or
16   prosecution of this case, including any records sought under
17   the Freedom of Information Act.
18             Do you understand the paragraph in your plea
19   agreement entitled, "Waiver of appeal, collateral attack and
20   information access"?
21             THE DEFENDANT:  Yes.
22             THE COURT:  Have you and your attorneys discussed the
23   sentencing guidelines?
24             THE DEFENDANT:  Yes.
25             THE COURT:  Do you understand these guidelines are

```
 1   advisory only?  Judge Battaglia does not have to follow them.
 2   He can impose the maximum sentence set forth in the plea
 3   agreement.
 4            Do you understand?
 5            THE DEFENDANT:  Yes.
 6            THE COURT:  He will calculate the applicable
 7   guideline range.  He will consider that range.  He will
 8   consider any departures under the sentencing guidelines and any
 9   other departures under 18 USC Section 3553(a) that your
10   attorneys might wish Judge Battaglia to consider.  Once you've
11   been sentenced, you will not be able to withdraw your plea.
12            Do you understand?
13            THE DEFENDANT:  Yes.
14            THE COURT:  Do you have any questions whatsoever
15   about the sentencing guidelines, how they apply to you, or how
16   they apply in your case?
17            THE DEFENDANT:  No.
18            THE COURT:  Other than any promises that might be
19   contained within your plea agreement, has anyone promised you
20   anything in order to get you to plead guilty today?
21            THE DEFENDANT:  No.
22            THE COURT:  Has anyone threatened you or anyone close
23   to you in order to get you to plead guilty?
24            THE DEFENDANT:  No.
25            THE COURT:  Are you pleading guilty because in truth
```

1   and in fact you are guilty and for no other reason?

2           THE DEFENDANT: Yes.

3           THE COURT: Before I can accept your guilty plea, I
4   need to know that you actually committed a crime. That's
5   called a factual basis.

6           Are the following facts true, sir? On March 24th,
7   2019, you tried to damage and burn down -- burn down the
8   Dar-ul-Arqam Mosque in Escondido, California, by setting fire
9   to it because of your hatred for Muslims and the religious
10  character of the building. That you identified the mosque as a
11  target through research on the Internet. You used the Internet
12  to navigate to the mosque and traveled by vehicle on the
13  freeway to the mosque. You used items purchased from a
14  national retailer to commit the crime, including a gas can and
15  spray paint used to paint a message outside the mosque.

16          The mosque was a destination for and frequently
17  hosted overnight missionaries, including from out of state.
18  Seven such missionaries were asleep in the mosque when you set
19  fire to it.

20          Are all of those facts true and correct?

21          THE DEFENDANT: Yes.

22          THE COURT: Starting no later than March 2019, you
23  used the Internet to search -- to research synagogues in San
24  Diego County as potential targets to attack because of your
25  hatred for Jews.

1        On about April 5th of 2019 you started writing an
2   open letter, explaining your planned attack was motivated by
3   hatred for Jews.
4        From April 6th to April 9th of 2019, you purchased a
5   GoPro camera, tactical helmet, duffel bag, and tactical vest
6   from an Internet seller for use in the attack.  The items were
7   later shipped to your residence.
8        After using the Internet to navigate to and scout
9   other synagogues, on April 8th of 2019 you used the Internet to
10  navigate to and scout, for the first time, the Chabad of Poway,
11  in Poway, California.  Among other things, the Chabad operated
12  a gift shop, provided preschool services for fees, and operated
13  a nonprofit arm of an international charity that provided
14  support to -- to individuals with special needs.
15       Are those facts all true and correct?
16       THE DEFENDANT:  Yes.
17       THE COURT:  On April 13th of 2019 you purchased a
18  Smith & Wesson MMP15 assault rifle with a serial number ending
19  -950 and additional ten-round magazines from a San Diego gun
20  store.
21       On April 26th, 2019, you picked up the rifle from the
22  gun store.  The rifle had been manufactured in Illinois,
23  assembled in Massachusetts, and shipped to California.
24       Are all of those facts true and correct, sir?
25       THE DEFENDANT:  Yes.

```
 1              THE COURT:  On April 27th of 2019 you advised others
 2   of your intended attack through a posting to an Internet forum.
 3   The posting linked to your Facebook page, which contained the
 4   open letter.  Among other things, you said in the letter:
 5              "I can only kill so many Jews.  I only wish I killed
 6   more."
 7              Are all of those facts true and correct, sir?
 8              THE DEFENDANT:  Yes.
 9              THE COURT:  That same day, you drove to the Chabad of
10   Poway, armed with a rifle and wearing a tactical vest with
11   additional magazines and carrying 60 rounds of .223 caliber
12   ammunition, total.
13              You entered the Chabad and emptied your initial
14   ten-round magazine by firing at occupants of the Chabad,
15   present for religious services.
16              Two rounds struck and killed a person with the
17   initials L.G-K.  Rounds struck Y.G. in the hands.  Y.G.
18   permanently lost a finger.  Other rounds struck objects that
19   fragmented, including A.P. and N.D., Y.G., A.P. -- oh, I'm
20   sorry.  And N.D., period.  Y.G., A.P. and N.D. were then
21   hospitalized as a result.
22              The individuals in Counts 1 through 54 of the
23   Indictment and repeated in Counts 55 through 108 were at the
24   Chabad during, and targeted by you because they were and
25   perceived by you to be Jewish.
```

```
 1                Are all of those facts true and correct?
 2                THE DEFENDANT:  Yes.
 3                THE COURT:  After emptying the initial magazine, you
 4   fled when the occupants of the Chabad rushed you.  Your actions
 5   were captured on video.
 6                Are all of those facts true and correct?
 7                THE DEFENDANT:  Yes.
 8                THE COURT:  Thank you.
 9                Mr. Johnston and Mr. Burke, do you concur in the
10   factual basis?
11                MR. BURKE:  Yes, your Honor.
12                THE COURT:  And do you concur in your client's plea?
13                MR. JOHNSTON:  We do.
14                THE COURT:  And Mr. Harrigan or Mr. Ko, do you concur
15   in the factual basis?
16                MR. HARRIGAN:  Yes, sir.
17                THE COURT:  Mr. Earnest, are you satisfied with the
18   services of your attorneys in this case?
19                THE DEFENDANT:  Yes.
20                THE COURT:  Also, I have a financial addendum that is
21   part of this.  It has the initial JTE and the signature on the
22   back.
23                Are those your initials and your signature on the
24   financial addendum?
25                THE DEFENDANT:  Yes.
```

| | |
|---|---|
| 1 | THE COURT: And this financial addendum contains a |
| 2 | forfeiture agreement that all weapons and ammunition will be |
| 3 | forfeited, with the restitution clause that -- the parties |
| 4 | estimate restitution around $100,000, but that's an estimate |
| 5 | only. And you are in agreement that this financial addendum |
| 6 | will be made part of the record. Is that correct? |
| 7 | THE DEFENDANT: Yes. |
| 8 | THE COURT: You may re-arraign him. |
| 9 | THE CLERK: Now that you have been advised of your |
| 10 | rights, the charges against you, and the possible sentence, how |
| 11 | do you now plead to the counts in which you are named? Guilty |
| 12 | or not guilty? |
| 13 | THE DEFENDANT: Guilty. |
| 14 | THE COURT: I find that your plea has been made |
| 15 | knowingly and voluntarily, with a full understanding of the |
| 16 | nature of the charge, your rights, and consequences of the |
| 17 | plea. There's a factual basis for the plea, and I will |
| 18 | recommend Judge Battaglia accept it. |
| 19 | I will order a probation report. I will vacate any |
| 20 | prior motion hearing, trial setting dates. Any motions on file |
| 21 | are hereby withdrawn, absent objection. |
| 22 | I will exclude time under the Speedy Trial Act |
| 23 | between today's date and the date of the sentencing for Judge |
| 24 | Battaglia to consider the plea agreement and accept the plea. |
| 25 | The parties have 14 days to file any objections to my |

```
 1  findings.
 2         I will set your sentencing for December 28th at nine
 3  o'clock before Judge Battaglia.
 4         So before you go to sentencing, Mr. Earnest, you are
 5  going to have an interview with the probation officer.
 6         The probation officer is going to talk to you about
 7  your life; your prior record, if any; your education;
 8  employment history; the facts of this case; what may have led
 9  you to get involved in it; and what your plans are going
10  forward.
11         And then the probation officer will make the
12  recommendation to Judge Battaglia.
13         Clearly Judge Battaglia is going to take a hard look
14  at this recommendation, but he doesn't have to follow it.
15         I would urge you to cooperate with the probation
16  officer.  Your attorneys have worked very hard for you, so
17  please continue to cooperate with them.
18         Anything further from anybody?
19         MR. HARRIGAN:  No, sir.
20         MR. JOHNSTON:  No, your Honor.
21         THE COURT:  Okay, Mr. Earnest.  I wish you the very
22  best of luck on your sentencing.  Stay safe, sir.
23         THE DEFENDANT:  Thank you.
24         THE CLERK:  This concludes all matters on the
25  calendar.
```

1          (Conclusion of proceedings.)

2

3                      --oOo--

4   I certify, by signing below, that the foregoing is a correct

5   stenographic transcript, to the best of my ability, of the

6   digital recording of the audio proceedings had in the

7   above-entitled matter this 19th day of October, 2021.  A

8   transcript without an original signature or conformed signature

9   is not certified.  I further certify that the transcript fees

10  and format comply with those prescribed by the Court and the

11  Judicial Conference of the United States.

12

          /S/ Amanda M. LeGore
13        _____

14        AMANDA M. LeGORE, RDR, CRR, CRC, FCRR, CACSR 14290

15

16

17

18

19

20

21

22

23

24

25